# EXHIBIT A



JOSEPH M. XUEREB
jxuereb@xuerebsnow.com
MARTHA M. SNOW
msnow@xuerebsnow.com
JOHN R. BADEEN, Of Counsel
jbadeen@xuerebsnow.com

ATTORNEYS AT LAW

Xuereb Snow PC
Attorneys and Counselors
7752 N. Canton Center Rd., Suite 110
Canton, Michigan 48187
P: (734) 455-2000
F: (734) 455-2013

June 29, 2010

***VIA REGISTERED MAIL/***
***RETURN RECEIPT REQUESTED***

PAR, INC.
13085 Hamilton
Crossing Blvd.
Carmel, IN 46032

Re: **GEORGE BADEEN *v* PAR, INC., et al.**
***3rd Judicial Circuit Court, Case No. 10-004053-CZ***

To Whom It May Concern:

I enclose the ***SUMMONS*** and ***COMPLAINT AND JURY DEMAND*** filed in the above-referenced matter. Please complete the Acknowledgement of Service at bottom of Return of Service and then return it to our office in the enclosed self-addressed stamped envelope.

Please contact me with any questions.

Very truly yours,

**XUEREB SNOW PC**

Joseph M. Xuereb

JMW/amw
Enclosures

cc: Michigan Corporations and Securities Bureau



STATE OF MICHIGAN
THIRD CIRCUIT COURT

# SUMMONS AND RETURN OF SERVICE

CASE NO. 10-004053-CZ

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: Michael F. Sapala Bar Number: 19891

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| BADEEN, GEORGE | VS | PAR INC |

PLAINTIFF'S ATTORNEY

Xuereb, Joseph M.
(P-40124)
7752 N Canton Center Rd Ste 110
Canton, MI 48187-1328
(734) 455-2000

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | Paid |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** |
| 04/05/2010 | 07/05/2010 | Latonya Smith |

*This summons is invalid unless served on or before its expiration date. Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

SEAL OF THE CIRCUIT COURT OF WAYNE COUNTY MICHIGAN

_______________ Date

_______________ Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101 REV. (3-98) MC 01 (10/97) **SUMMONS AND RETURN OF SERVICE** MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

RETURN COPY-FILE IN ROOM 201 C.C.B.

# RETURN OF SERVICE

Case No.

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

☐ **OFFICER CERTIFICATE** — I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER** — Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with ______________________________
List all documents served with the Summons and Complaint

______________________________

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

______________________________

I have made the following efforts in attempting to serve the defendant(s): ______________________________

______________________________

☐ I have personally attempted to serve the summons and complaint, together with ______________________________
Attachment

______________________________ on ______________________________
Name

at ______________________________ and have been unable to complete service because
Address

the address was incorrect at the time of filing

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______________________________
Signature

______________________________
Title

Subscribed and sworn to before me on ____________ , ____________ County, Michigan.
Date

My commission expires ____________ Signature: ______________________________
Date Deputy court clerk/Notary public

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with First Amended Complaint & labels
Attachment

on ______________________________
Day, date, time

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala                    04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala                    04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala                    04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala                    04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala                    04/05/2010

10-004053-CZ



STATE OF MICHIGAN
THIRD CIRCUIT COURT

# SUMMONS AND RETURN OF SERVICE

CASE NO. 10-004053-CZ

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: Michael F. Sapala Bar Number: 19891

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| BADEEN, GEORGE | VS | PAR INC |

PLAINTIFF'S ATTORNEY

Xuereb, Joseph M.
(P-40124)
7752 N Canton Center Rd Ste 110
Canton, MI 48187-1328
(734) 455-2000

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | Paid |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** |
| 04/05/2010 | 07/05/2010 | Latonya Smith |

*This summons is invalid unless served on or before its expiration date.

Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date ______________________ Signature of attorney/plaintiff ______________________

SEAL OF THE CIRCUIT COURT OF WAYNE COUNTY MICHIGAN

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101 REV. (3-98) MC 01 (10/97) **SUMMONS AND RETURN OF SERVICE** MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT

# RETURN OF SERVICE

Case No.

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

☐ OFFICER CERTIFICATE

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required)

OR

☐ AFFIDAVIT OF PROCESS SERVER

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with ______________________________
List all documents served with the Summons and Complaint

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

______________________________

I have made the following efforts in attempting to serve the defendant(s): ______________________________

______________________________

☐ I have personally attempted to serve the summons and complaint, together with ______________________________
Attachment

______________________________ on ______________________________
Name

at ______________________________ and have been unable to complete service because
Address

the address was incorrect at the time of filing.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature ______________________________

Title ______________________________

Subscribed and sworn to before me on ______________________________, ______________________________ County, Michigan.
Date

My commission expires: ______________ Signature: ______________________________
Date Deputy court clerk/Notary public

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with First Amended Complaint + Labels

on ______________________________
Day, date, time

XUEREB SNOW PC
7752 Canton Center Road
Suite 110
Canton, Michigan 48187

XUEREB SNOW PC
7752 Canton Center Road
Suite 110
Canton, Michigan 48187



STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
WAYNE COUNTY

**GEORGE BADEEN,** an individual and on behalf of a proposed class,

Plaintiff,

Case No. 10-004053-CZ
Hon.

v

**PAR, INC., d/b/a PAR NORTH AMERICA, an Indiana corporation; REMARKETING SOLUTIONS, a Delaware limited liability company; CENTERONE DEBT MANAGEMENT SERVICES LLC, a Delaware corporation; FIRST NATIONAL REPOSSESSION, a Minnesota corporation; MILLENNIUM CAPITAL AND RECOVERY CORPORATION, an Ohio corporation; MV CONNECT, LLC d/b/a IIA, LLC, an Illinois limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; ASR NATIONWIDE, LLC, a Florida limited liability corporation; CHRYSLER CREDIT CORPORATION, a Delaware corporation; TOYOTA FINANCIAL SERVICES d/b/a TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA INC., an Illinois corporation; NATIONAL CITY CORPORATION, an Ohio corporation; BANK OF AMERICA, a North Carolina company; FIFTH THIRD BANK, an Ohio company, GE MONEY BANK, a foreign corporation, HUNTINGTON BANCSHARES INC. d/b/a HUNTINGTON BANK, an Ohio corporation,** jointly and severally,

Defendants.

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
2011 MAY 14 A 9:31

Joseph M. Xuereb (P40124)
**XUEREB SNOW PC**
Attorneys for Plaintiffs
7752 Canton Center Rd., Suite 110
Canton, MI 48187
(734) 455-2000

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, GEORGE R. BADEEN, proposed representative of a class, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, for his complaint in this action, states:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustments, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

2. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

3. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

4. Defendant, Remarketing Solutions, LLC ("Remarketing"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

5. Defendant, Centerone Debt Management Services LLC ("Centerone"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

6. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

7. Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

8. Defendant, MV Connect, LLC doing business as IIA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

9. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

10. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

11. Defendant, Chrysler Credit Corporation ("Chrysler Credit"), is a Delaware corporation engaged in the business of automobile lending in Michigan.

12. Defendant, Toyota Financial Services doing business as Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending . in Michigan

13. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

14. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

15. Defendant, National City Corporation ("National City"), is an Ohio corporation engaged in the business of automobile lending.

16. Defendant, Bank Of America ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

17. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

XUEREB SNOW
a professional corporation
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

18. Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

19. Defendant, Huntington Bancshares Inc. doing business as Huntington Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

20. PAR, Manheim, Centerone, First National, Millennium, Recovery, IIA, Renaissance, and ASR, shall collectively be referred to as the "Forwarding Companies."

21. Chrysler Credit, Toyota Credit, Nissan Acceptance, Santander, National City, Bank Of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

22. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

23. Therefore, jurisdiction and venue are proper before this court.

**GENERAL ALLEGATIONS**

24. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

25. Motor vehicles are the collateral for the secured loans.

26. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

27. Defendant Forwarding Companies are large scale organizations doing business on a national level.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

28. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

29. Defendant Lending Institutions now hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

30. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

31. Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis.

32. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized. Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

33. Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

34. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act…" (Emphasis added.) MCL 339.601(1).

**COUNT I – CLASS ACTION**

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34, above.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

36. George Badeen ("Badeen") is the proposed representative of a class.

37. Badeen, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

38. Upon information and belief, this class would represent approximately 150 agencies and owners.

39. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

40. Badeen is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

41. Each member of the class has been damaged similar to Badeen in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

42. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

THEREFORE, plaintiff requests this court enter an order certifying this action as a class action on behalf of the proposed class.

## COUNT II – INJUNCTIVE RELIEF

43. Plaintiff realleges the allegations contained in paragraphs 1 through 42, above.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

44. Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

45. Pursuant to the Occupation Code article on regulated occupations, "[a]n 'affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes…a licensee…"

46. Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

47. Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

48. The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

49. Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

50. Therefore, Defendant Forwarding Companies are engaging or attempting to engage in the practice of collections by soliciting collection business without a license in violation of the Occupational Code.

51. Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

52. If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, Badeen and other class members will continue to suffer damages.

THEREFORE, plaintiff, for himself and on behalf of the class, requests this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, along with statutory costs and attorney's fees.

**COUNT III – CIVIL CONSPIRACY**

53. Plaintiff realleges the allegations contained in 1 through 53, above.

54. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code.

55. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code.

56. Violation of the Occupational Code is a criminal and/or unlawful act, and/or unlawful means.

57. Defendant's civil conspiracy has caused Badeen and other class members damages.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT IV – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION**

58. Plaintiff realleges the allegations contained in paragraphs 1 through 56, above.

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

59. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

60. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

61. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

62. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

63. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

64. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT IV - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT**

65. Plaintiff realleges the allegations contained in paragraphs 1 through 63, above.

66. Plaintiffs had valid contracts with defendant Lending Institutions.

67. Plaintiffs' customers terminated and/or breached their contracts with George.

68. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

69. Plaintiffs have been damaged by the defendants' wrongful actions.

THEREFORE, plaintiff, on behalf of himself and the class, request this court enter a

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT V - NEGLIGENCE PER SE**

69. Plaintiff realleges the allegations contained in paragraphs 1 through 68, above.

70. Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

71. Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

72. Plaintiff, a licensee under the Occupational Code, is an "affected person" of defendant Forwarding Companies unlawful actions.

73. Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiff's damages.

**[SPACE INTENTIONALLY LEFT BLANK]**

XUEREB SNOW

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment against the defendant Forwarding Companies in an amount not less than $25,000.00, plus interest, costs and attorneys' fees.

**XUEREB SNOW PC**

By:____________________________
Joseph M. Xuereb (P40124)
XUEREB SNOW PC
Attorneys for Defendant
7752 N. Canton Center Rd., Suite 110
Canton, MI 48187-1328
(734) 455-2000

Dated: May 6, 2010

## JURY DEMAND

Plaintiff, GEORGE R. BADEEN, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, demands a jury trial in this action.

Respectfully submitted,

**XUEREB SNOW PC**

By____________________________
Joseph M. Xuereb (P40124)
Attorney for Plaintiff
7752 Canton Center Rd.
Suite 110
Canton, MI 48187
(734) 455-2000

Dated: May 6, 2010

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

JURY FEE PAID
THIS DATE:
BY: APR 05 2010

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
WAYNE COUNTY

**GEORGE BADEEN,** an individually and on behalf of a proposed class,

Plaintiff,

v

**PAR, INC., d/b/a PAR NORTH AMERICA, an Indiana corporation; MANHEIM RECOVERY SOLUTIONS, a Georgia corporation; CENTERONE DEBT MANAGEMENT SERVICES LLC, a Delaware corporation; FIRST NATIONAL REPOSSESSION, a Minnesota corporation; MILLENNIUM CAPITAL AND RECOVERY CORPORATION, an Ohio corporation; MV CONNECT, LLC d/b/a IIA, LLC, an Illinois limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; ASR NATIONWIDE, LLC, a Florida limited liability corporation; CHRYSLER CREDIT CORPORATION, a Delaware corporation; TOYOTA FINANCIAL SERVICES d/b/a TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA INC., an Illinois corporation; NATIONAL CITY CORPORATION, an Ohio corporation; BANK OF AMERICA, a North Carolina company; FIFTH THIRD BANK, an Ohio company, GE MONEY BANK, a foreign corporation, HUNTINGTON BANCSHARES INC. d/b/a HUNTINGTON BANK, an Ohio corporation,** jointly and severally,

Defendants.

Case No. 10-XXX-CZ
Hon.

Joseph M. Xuereb (P40124)
**XUEREB SNOW PC**
Attorneys for Plaintiffs
7752 Canton Center Rd., Suite 110
Canton, MI 48187
(734) 455-2000

## COMPLAINT AND JURY DEMAND

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

**COMPLAINT AND JURY DEMAND**

Plaintiff, GEORGE R. BADEEN, proposed representative of a class, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, for his complaint in this action, states:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustments, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

2. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

3. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

4. Defendant, Manheim Recovery Solutions, Inc. ("Manheim"), is a Georgia corporation engaged in the business of providing repossession forwarding services in Michigan.

5. Defendant, Centerone Debt Management Services LLC ("Centerone"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

6. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

7. Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

XUEREB SNOW

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

8. Defendant, MV Connect, LLC doing business as IIA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

9. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

10. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

11. Defendant, Chrysler Credit Corporation ("Chrysler Credit"), is a Delaware corporation engaged in the business of automobile lending in Michigan.

12. Defendant, Toyota Financial Services doing business as Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending . in Michigan

13. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

14. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

15. Defendant, National City Corporation ("National City"), is an Ohio corporation engaged in the business of automobile lending.

16. Defendant, Bank Of America ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

17. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

18. Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

19. Defendant, Huntington Bancshares Inc. doing business as Huntington Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

20. PAR, Manheim, Centerone, First National, Millennium, Recovery, IIA, Renaissance, and ASR, shall collectively be referred to as the "Forwarding Companies."

21. Chrysler Credit, Toyota Credit, Nissan Acceptance, Santander, National City, Bank Of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

22. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

23. Therefore, jurisdiction and venue are proper before this court.

## GENERAL ALLEGATIONS

24. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

25. Motor vehicles are the collateral for the secured loans.

26. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

27. Defendant Forwarding Companies are large scale organizations doing business on a national level.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

28. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

29. Defendant Lending Institutions now hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

30. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

31. Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis.

32. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized. Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

33. Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

34. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act…" (Emphasis added.) MCL 339.601(1).

**<u>COUNT I – CLASS ACTION</u>**

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34, above.

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

36. George Badeen ("Badeen") is the proposed representative of a class.

37. Badeen, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

38. Upon information and belief, this class would represent approximately 150 agencies and owners.

39. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

40. Badeen is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

41. Each member of the class has been damaged similar to Badeen in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

42. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

THEREFORE, plaintiff requests this court enter an order certifying this action as a class action on behalf of the proposed class.

**COUNT II – INJUNCTIVE RELIEF**

43. Plaintiff realleges the allegations contained in paragraphs 1 through 42, above.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

44. Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

45. Pursuant to the Occupation Code article on regulated occupations, "[a]n 'affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes…a licensee…"

46. Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

47. Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

48. The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

49. Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

50. Therefore, Defendant Forwarding Companies are engaging or attempting to engage in the practice of collections by soliciting collection business without a license in violation of the Occupational Code.

51. Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

XUEREB SNOW
a professional corporation
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

52. If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, Badeen and other class members will continue to suffer damages.

THEREFORE, plaintiff, for himself and on behalf of the class, requests this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, along with statutory costs and attorney's fees.

**COUNT III – CIVIL CONSPIRACY**

53. Plaintiff realleges the allegations contained in 1 through 53, above.

54. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code.

55. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code.

56. Violation of the Occupational Code is a criminal and/or unlawful act, and/or unlawful means.

57. Defendant's civil conspiracy has caused Badeen and other class members damages.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT IV – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION**

58. Plaintiff realleges the allegations contained in paragraphs 1 through 56, above.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

59. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

60. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

61. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

62. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

63. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

64. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT IV - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT**

65. Plaintiff realleges the allegations contained in paragraphs 1 through 63, above.

66. Plaintiffs had valid contracts with defendant Lending Institutions.

67. Plaintiffs' customers terminated and/or breached their contracts with George.

68. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

69. Plaintiffs have been damaged by the defendants' wrongful actions.

THEREFORE, plaintiff, on behalf of himself and the class, request this court enter a

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT V - NEGLIGENCE PER SE**

69. Plaintiff realleges the allegations contained in paragraphs 1 through 68, above.

70. Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

71. Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

72. Plaintiff, a licensee under the Occupational Code, is an "affected person" of defendant Forwarding Companies unlawful actions.

73. Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiff's damages.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment against the defendant Forwarding Companies in an amount not less than $25,000.00, plus interest, costs and attorneys' fees.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

**XUEREB SNOW PC**

By:____________________________
Joseph M. Xuereb (P40124)
XUEREB SNOW PC
Attorneys for Defendant
7752 N. Canton Center Rd., Suite 110
Canton, MI 48187-1328
(734) 455-2000

Dated: April 5, 2010

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
2010 APR -5 P 2:51

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

GEORGE BADEEN v. PAR, INC. et al
Complaint and Jury Demand

11

**JURY DEMAND**

Plaintiff, GEORGE R. BADEEN, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, demands a jury trial in this action.

Respectfully submitted,

**XUEREB SNOW PC**

By ______________________
Joseph M. Xuereb (P40124)
Attorney for Plaintiff
7752 Canton Center Rd.
Suite 110
Canton, MI 48187
(734) 455-2000

Dated: April 5, 2010

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

**XUEREB SNOW PC**
**7752 Canton Center Road**
**Suite 110**
**Canton, Michigan 48187**

7010 0290 0001 5574 7871

UNITED STATES POSTAL SERVICE

1000 46032

U.S. POSTAG
PAID
CANTON,MI
48187
JUN 29, 10
AMOUNT
$6.8
0008924

C-80

PAR-085 460322020 1N 22 07/07/10

PAR, INC. d/b/a PAR NORTH AMERICA
13085 Hamilton Crossing Blvd.
Carmel, Indiana 46032

WED 30 JUN 2010 PM
Metroplex MI 480 ZIP



USPS - Track & Confirm Page 1 of 1

Home | Help | Sign In

Track & Confirm FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7010 0290 0001 5574 7871**
Class: **First-Class Mail®**
Service(s): **Certified Mail™**
**Return Receipt**
Status: **Notice Left**

We attempted to deliver your item at 10:38 AM on July 2, 2010 in CARMEL, IN 46032 and a notice was left. You may pick up the item at the Post Office indicated on the notice, go to www.usps.com/redelivery, or call 800-ASK-USPS to arrange for redelivery. If this item is unclaimed after 15 days then it will be returned to the sender. Information, if available, is updated periodically throughout the day. Please check again later.

Detailed Results:

- **Notice Left, July 02, 2010, 10:38 am, CARMEL, IN 46032**
- **Acceptance, June 29, 2010, 5:50 pm, CANTON, MI 48187**

Track & Confirm

Enter Label/Receipt Number.

Go >

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. Go >

Site Map Customer Service Forms Gov't Services Careers Privacy Policy Terms of Use Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved. No FEAR Act EEO Data FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do 7/8/2010

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010

10-004053-CZ

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010

10-004053-CZ

Approved, SCAO | Original - Court, 1st copy - Defendant | 2nd copy - Plaintiff, 3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>3rd JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>10-004053-CZ |
|---|---|---|

Court address: 2 Woodward Avenue, Detroit, MI 48226

Court telephone no.: (313) 224-5510

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| George Badeen | | Remarketing Solutions, a Delaware limited liability company |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Joseph M. Xuereb (P40124)<br>Xuereb Snow PC<br>7752 N. Canton Center Road, Suite 110<br>Canton, MI 48187<br>(734) 455-2000 | | |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 5-14-2010 | 8/13/2010 | [signature] |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** ***Instruction:** The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in 3rd Circuit Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 10-004053-CZ | Michael F. Sapala | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Northville, Michigan | Delaware |

Place where action arose or business conducted: Wayne County, Redford Township, Michigan

Date: 5/10/10

Signature of attorney/plaintiff: [signature]

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**SUMMONS AND COMPLAINT**
Case No. 10-004053-CZ

**PROOF OF SERVICE**

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE** I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER** Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ______________________________
List all documents served with the Summons and Complaint

______________________________

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______________________________
Signature

______________________________
Name (type or print)

______________________________
Title

Subscribed and sworn to before me on ______________________ , ______________________ County, Michigan.
Date

My commission expires: ______________________ Signature: ______________________________
Date — Deputy court clerk/Notary public

Notary public, State of Michigan, County of ______________________

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with ______________________
Attachments

______________________________ on ______________________________
Day, date, time

______________________________ on behalf of ______________________________
Signature

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
WAYNE COUNTY

**GEORGE BADEEN,** an individual and on behalf of a proposed class,

Plaintiff,

Case No. 10-004053-CZ
Hon.

v

**PAR, INC., d/b/a PAR NORTH AMERICA, an Indiana corporation; REMARKETING SOLUTIONS, a Delaware limited liability company; CENTERONE DEBT MANAGEMENT SERVICES LLC, a Delaware corporation; FIRST NATIONAL REPOSSESSION, a Minnesota corporation; MILLENNIUM CAPITAL AND RECOVERY CORPORATION, an Ohio corporation; MV CONNECT, LLC d/b/a IIA, LLC, an Illinois limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; ASR NATIONWIDE, LLC, a Florida limited liability corporation; CHRYSLER CREDIT CORPORATION, a Delaware corporation; TOYOTA FINANCIAL SERVICES d/b/a TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA INC., an Illinois corporation; NATIONAL CITY CORPORATION, an Ohio corporation; BANK OF AMERICA, a North Carolina company; FIFTH THIRD BANK, an Ohio company, GE MONEY BANK, a foreign corporation, HUNTINGTON BANCSHARES INC. d/b/a HUNTINGTON BANK, an Ohio corporation,** jointly and severally,

Defendants.

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
2011 MAY 14 A 9: 31

Joseph M. Xuereb (P40124)
**XUEREB SNOW PC**
Attorneys for Plaintiffs
7752 Canton Center Rd., Suite 110
Canton, MI 48187
(734) 455-2000

## FIRST AMENDED COMPLAINT AND JURY DEMAND

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, GEORGE R. BADEEN, proposed representative of a class, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, for his complaint in this action, states:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustments, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

2. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

3. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

4. Defendant, Remarketing Solutions, LLC ("Remarketing"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

5. Defendant, Centerone Debt Management Services LLC ("Centerone"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

6. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

7. Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

8. Defendant, MV Connect, LLC doing business as IIA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

9. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

10. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

11. Defendant, Chrysler Credit Corporation ("Chrysler Credit"), is a Delaware corporation engaged in the business of automobile lending in Michigan.

12. Defendant, Toyota Financial Services doing business as Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending . in Michigan

13. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

14. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

15. Defendant, National City Corporation ("National City"), is an Ohio corporation engaged in the business of automobile lending.

16. Defendant, Bank Of America ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

17. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

XUEREB SNOW

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

18. Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

19. Defendant, Huntington Bancshares Inc. doing business as Huntington Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

20. PAR, Manheim, Centerone, First National, Millennium, Recovery, IIA, Renaissance, and ASR, shall collectively be referred to as the "Forwarding Companies."

21. Chrysler Credit, Toyota Credit, Nissan Acceptance, Santander, National City, Bank Of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

22. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

23. Therefore, jurisdiction and venue are proper before this court.

## GENERAL ALLEGATIONS

24. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

25. Motor vehicles are the collateral for the secured loans.

26. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

27. Defendant Forwarding Companies are large scale organizations doing business on a national level.

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

28. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

29. Defendant Lending Institutions now hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

30. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

31. Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis.

32. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized. Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

33. Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

34. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act…" (Emphasis added.) MCL 339.601(1).

**COUNT I – CLASS ACTION**

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34, above.

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

36. George Badeen ("Badeen") is the proposed representative of a class.

37. Badeen, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

38. Upon information and belief, this class would represent approximately 150 agencies and owners.

39. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

40. Badeen is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

41. Each member of the class has been damaged similar to Badeen in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

42. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

THEREFORE, plaintiff requests this court enter an order certifying this action as a class action on behalf of the proposed class.

## COUNT II – INJUNCTIVE RELIEF

43. Plaintiff realleges the allegations contained in paragraphs 1 through 42, above.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

44. Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

45. Pursuant to the Occupation Code article on regulated occupations, "[a]n 'affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes...a licensee..."

46. Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

47. Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

48. The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

49. Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

50. Therefore, Defendant Forwarding Companies are engaging or attempting to engage in the practice of collections by soliciting collection business without a license in violation of the Occupational Code.

51. Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

52. If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, Badeen and other class members will continue to suffer damages.

THEREFORE, plaintiff, for himself and on behalf of the class, requests this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, along with statutory costs and attorney's fees.

## COUNT III – CIVIL CONSPIRACY

53. Plaintiff realleges the allegations contained in 1 through 53, above.

54. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code.

55. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code.

56. Violation of the Occupational Code is a criminal and/or unlawful act, and/or unlawful means.

57. Defendant's civil conspiracy has caused Badeen and other class members damages.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

## COUNT IV – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION

58. Plaintiff realleges the allegations contained in paragraphs 1 through 56, above.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

59. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

60. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

61. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

62. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

63. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

64. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

## COUNT IV - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT

65. Plaintiff realleges the allegations contained in paragraphs 1 through 63, above.

66. Plaintiffs had valid contracts with defendant Lending Institutions.

67. Plaintiffs' customers terminated and/or breached their contracts with George.

68. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

69. Plaintiffs have been damaged by the defendants' wrongful actions.

THEREFORE, plaintiff, on behalf of himself and the class, request this court enter a

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

## COUNT V - NEGLIGENCE PER SE

69. Plaintiff realleges the allegations contained in paragraphs 1 through 68, above.

70. Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

71. Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

72. Plaintiff, a licensee under the Occupational Code, is an "affected person" of defendant Forwarding Companies unlawful actions.

73. Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiff's damages.

[SPACE INTENTIONALLY LEFT BLANK]

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment against the defendant Forwarding Companies in an amount not less than $25,000.00, plus interest, costs and attorneys' fees.

**XUEREB SNOW PC**

By:_________________________
Joseph M. Xuereb (P40124)
XUEREB SNOW PC
Attorneys for Defendant
7752 N. Canton Center Rd., Suite 110
Canton, MI 48187-1328
(734) 455-2000

Dated: May 6, 2010

**JURY DEMAND**

Plaintiff, GEORGE R. BADEEN, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, demands a jury trial in this action.

Respectfully submitted,

**XUEREB SNOW PC**

By_________________________
Joseph M. Xuereb (P40124)
Attorney for Plaintiff
7752 Canton Center Rd.
Suite 110
Canton, MI 48187
(734) 455-2000

Dated: May 6, 2010

JURY FEE PAID
THIS DATE:
BY: APR 05 2010

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
WAYNE COUNTY

**GEORGE BADEEN**, an individually and on behalf of a proposed class,

Plaintiff,

Case No. 10-XXX-CZ
Hon.

v

**PAR, INC., d/b/a PAR NORTH AMERICA, an Indiana corporation; MANHEIM RECOVERY SOLUTIONS, a Georgia corporation; CENTERONE DEBT MANAGEMENT SERVICES LLC, a Delaware corporation; FIRST NATIONAL REPOSSESSION, a Minnesota corporation; MILLENNIUM CAPITAL AND RECOVERY CORPORATION, an Ohio corporation; MV CONNECT, LLC d/b/a IIA, LLC, an Illinois limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; ASR NATIONWIDE, LLC, a Florida limited liability corporation; CHRYSLER CREDIT CORPORATION, a Delaware corporation; TOYOTA FINANCIAL SERVICES d/b/a TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA INC., an Illinois corporation; NATIONAL CITY CORPORATION, an Ohio corporation; BANK OF AMERICA, a North Carolina company; FIFTH THIRD BANK, an Ohio company, GE MONEY BANK, a foreign corporation, HUNTINGTON BANCSHARES INC. d/b/a HUNTINGTON BANK, an Ohio corporation,** jointly and severally,

Defendants.

---

Joseph M. Xuereb (P40124)
**XUEREB SNOW PC**
Attorneys for Plaintiffs
7752 Canton Center Rd., Suite 110
Canton, MI 48187
(734) 455-2000

---

**COMPLAINT AND JURY DEMAND**

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

**COMPLAINT AND JURY DEMAND**

Plaintiff, GEORGE R. BADEEN, proposed representative of a class, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, for his complaint in this action, states:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustments, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

2. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

3. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

4. Defendant, Manheim Recovery Solutions, Inc. ("Manheim"), is a Georgia corporation engaged in the business of providing repossession forwarding services in Michigan.

5. Defendant, Centerone Debt Management Services LLC ("Centerone"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

6. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

7. Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

8. Defendant, MV Connect, LLC doing business as IIA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

9. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

10. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

11. Defendant, Chrysler Credit Corporation ("Chrysler Credit"), is a Delaware corporation engaged in the business of automobile lending in Michigan.

12. Defendant, Toyota Financial Services doing business as Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending . in Michigan

13. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

14. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

15. Defendant, National City Corporation ("National City"), is an Ohio corporation engaged in the business of automobile lending.

16. Defendant, Bank Of America ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

17. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

18. Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

19. Defendant, Huntington Bancshares Inc. doing business as Huntington Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

20. PAR, Manheim, Centerone, First National, Millennium, Recovery, IIA, Renaissance, and ASR, shall collectively be referred to as the "Forwarding Companies."

21. Chrysler Credit, Toyota Credit, Nissan Acceptance, Santander, National City, Bank Of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

22. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

23. Therefore, jurisdiction and venue are proper before this court.

## GENERAL ALLEGATIONS

24. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

25. Motor vehicles are the collateral for the secured loans.

26. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

27. Defendant Forwarding Companies are large scale organizations doing business on a national level.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

28. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

29. Defendant Lending Institutions now hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

30. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

31. Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis.

32. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized. Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

33. Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

34. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act…" (Emphasis added.) MCL 339.601(1).

## COUNT I – CLASS ACTION

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34, above.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

36. George Badeen ("Badeen") is the proposed representative of a class.

37. Badeen, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

38. Upon information and belief, this class would represent approximately 150 agencies and owners.

39. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

40. Badeen is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

41. Each member of the class has been damaged similar to Badeen in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

42. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

THEREFORE, plaintiff requests this court enter an order certifying this action as a class action on behalf of the proposed class.

**COUNT II – INJUNCTIVE RELIEF**

43. Plaintiff realleges the allegations contained in paragraphs 1 through 42, above.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

44. Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

45. Pursuant to the Occupation Code article on regulated occupations, "[a]n 'affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes...a licensee..."

46. Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

47. Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

48. The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

49. Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

50. Therefore, Defendant Forwarding Companies are engaging or attempting to engage in the practice of collections by soliciting collection business without a license in violation of the Occupational Code.

51. Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

52. If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, Badeen and other class members will continue to suffer damages.

THEREFORE, plaintiff, for himself and on behalf of the class, requests this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, along with statutory costs and attorney's fees.

**COUNT III – CIVIL CONSPIRACY**

53. Plaintiff realleges the allegations contained in 1 through 53, above.

54. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code.

55. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code.

56. Violation of the Occupational Code is a criminal and/or unlawful act, and/or unlawful means.

57. Defendant's civil conspiracy has caused Badeen and other class members damages.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT IV – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION**

58. Plaintiff realleges the allegations contained in paragraphs 1 through 56, above.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

59. Badeen and other class member's had valid business relationships or expectancies with defendant Lending Institutions.

60. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

61. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

62. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

63. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

64. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

## COUNT IV - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT

65. Plaintiff realleges the allegations contained in paragraphs 1 through 63, above.

66. Plaintiffs had valid contracts with defendant Lending Institutions.

67. Plaintiffs' customers terminated and/or breached their contracts with George.

68. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

69. Plaintiffs have been damaged by the defendants' wrongful actions.

THEREFORE, plaintiff, on behalf of himself and the class, request this court enter a

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT V - NEGLIGENCE PER SE**

69. Plaintiff realleges the allegations contained in paragraphs 1 through 68, above.

70. Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

71. Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

72. Plaintiff, a licensee under the Occupational Code, is an "affected person" of defendant Forwarding Companies unlawful actions.

73. Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiff's damages.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment against the defendant Forwarding Companies in an amount not less than $25,000.00, plus interest, costs and attorneys' fees.

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

**XUEREB SNOW PC**

By: ______________________________
Joseph M. Xuereb (P40124)
XUEREB SNOW PC
Attorneys for Defendant
7752 N. Canton Center Rd., Suite 110
Canton, MI 48187-1328
(734) 455-2000

Dated: April 5, 2010

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
2010 APR -5 P 2:51

GEORGE BADEEN v. PAR, INC. et al
Complaint and Jury Demand

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

11

**JURY DEMAND**

Plaintiff, GEORGE R. BADEEN, through his attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, demands a jury trial in this action.

Respectfully submitted,

**XUEREB SNOW PC**

By ______________________
Joseph M. Xuereb (P40124)
Attorney for Plaintiff
7752 Canton Center Rd.
Suite 110
Canton, MI 48187
(734) 455-2000

Dated: April 5, 2010

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
WAYNE COUNTY

**GEORGE BADEEN,** an individual and on behalf of a proposed class, and **MIDWEST RECOVERY AND ADJUSTMENT, INC.,** a Michigan for profit corp. and or behalf of a proposed class,

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010

10-004053-CZ

Plaintiffs,

v

**PAR, INC., d/b/a PAR NORTH AMERICA**, an Indiana corporation; **REMARKETING SOLUTIONS**, a Delaware limited liability company, for itself and as successor in interest; **CENTERONE FINANCIAL SERVICES LLC**, a Delaware limited liability company; **FIRST NATIONAL REPOSSESSORS, INC**, a Minnesota corporation; **MILLENNIUM CAPITAL AND RECOVERY CORPORATION**, an Ohio corporation; **MV CONNECT, LLC d/b/a IIA, LLC**, an Illinois limited liability company; **RONOVO SERVICES, LLC**, a Delaware limited liability company; **RENAISSANCE RECOVERY SOLUTIONS, INC**., a Nevada corporation; **ASR NATIONWIDE, LLC**, a Florida limited liability corporation; **THE M. DAVIS COMPANY, INC. d/b/a USA RECOVERY SOLUTIONS**, a California corporation; **REPOSSESSORS, INC**., a Minnesota corporation; **AMERICAN RECOVERY SERVICE, INC**., a California corporation; **DIVERSIFIED VEHICLE SERVICES, INC**., an Indiana corporation; **NATIONAL ASSET RECOVERY CORP.**, A Florida corporation; **CONSUMER FINANCIAL SERVICES, LLC**, a Connecticut limited liability company; **CHRYSLER FINANCIAL SERVICES AMERICAS, LLC**, a Michigan limited liability company; **TOYOTA MOTOR CREDIT CORPORATION**, a California corporation; **NISSAN MOTOR ACCEPTANCE CORPORATION**, a California corporation; **SANTANDER CONSUMER USA, INC**., an Illinois corporation; **PNC BANK, N.A.**, an Ohio corporation; **BANK OF AMERICA, N.A.**,a North Carolina company; **FIFTH THIRD BANK**, an Ohio company, **GE MONEY BANK**, a foreign corporation, **THE HUNTINGTON NATIONAL BANK**, an Ohio corporation, jointly and severally,

Defendants.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

Joseph M. Xuereb (P40124)
XUEREB SNOW PC
Attorneys for Plaintiffs
7752 Canton Center Rd., Ste 110
Canton, MI 48187
(734) 455-2000
(734) 455-2013-fax
jxuereb@xuerebsnow.com

Matthew J. Lund (48632)
Adam A. Wolfe(P71278)
PEPPER HAMILTON LLP
Attorney for Def Chrysler Financial Services Americas, LLC
100 Renaissance Center, Ste 3600
Detroit, MI 48243
(313) 259-7110
(313) 259-7926-fax
lundm@pepperlaw.com
wolfea@pepperlaw.com

S. Thomas Wienner (P29233)
WIENNER & GOULD PC
Attorneys for Def PNC Bank, N.A.
950 W. University, Ste 350
Rochester, MI 48307
(248) 841-9400
(248) 652-2729-fax
twienner@wiennergould.com

Larry J. Saylor (P28165)
Lawrence M. Dudek (P29023)
MILLER CANFIELD PADDOCK AND STONE PLC
Attorneys for Def PAR, INC, d/b/a PAR North America
150 W. Jefferson, Ste 2500
Detroit, MI 48226
(313) 963-6420
(313) 496-8454-fax
dudek@millercanfield.com
saylor@millercanfield.com

Seth D. Gould (P45465)
WIENNER & GOULD PC
Attorneys for Def Centerone Debt Management Services LLC
950 W. University, Ste 350
Rochester, MI 48307
(248) 841-9400
(248) 652-2729-fax
sgould@wiennergould.com

H. William Burdett, Jr. (P63185)
BOYLE BURDETT DIDIO
Attorneys for Def ASR Nationwide, LLC
14950 East Jefferson, Suite 220
Grosse Pointe, MI 48230
(313) 344-4000
(313) 344-4001-fax
burdett@bbdlaw.com

S. Thomas Padgett (P31748)
DEBRINCAT PADGETT KOBLISKA & ZICK PLLC
Attorneys for Def Santander Consumer USA, Inc.
34705 W 12 Mile Rd Ste 311
Farmington Hills, MI 48331
(248) 553-4333
(248) 553-4261fax
michiganlawyer@aol.com

James R. Bruinsma (P48531)
MYERS NELSON DILLON & SHIERK PLLC
Attorneys for Def Nissan Motor Acceptance Corp.
125 Ottawa Avenue NW, Suite 270
Grand Rapids, MI 49503
(616) 233-9640
(616) 233-9642-fax
jbruinsma@mnds-pllc.com

Simeon D. Brier
EDWARDS, ANGELL PALMER & DODGE LLP
Co-Counsel for Def Santander Consumer USA, Inc.
525 Okeechobee Blvd., Ste 1600
West Palm Beach, FL 33401
(561) 820-0240
(561) 655-8719-fax
sbrier@eapdlaw.com

Charles A. Ognibene
EDWARDS, ANGELL PALMER & DODGE LLP
Co-Counsel for Def Santander Consumer USA, Inc.
111 Huntington Ave
Boston, MI 02199-7613
(617) 951-3363
(617) 227-4420-fax
cognibene@eapdlaw.com

Leslie C. Morant (P68061)
LAW WEATHERS PC
Attorneys for Def Remarketing Solutions and CoCounsel for Def. Toyota Motor Credit Corp.
800 Bridgewater Place
333 Bridge Street NW
Grand Rapids, MI 49504
(616) 732-1749
(616) 913-1249-fax
lmorant@lawweathers.com

Anna S. McLean
Molly R. Newland
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Attorneys for Def. Toyota Motor Credit Corp.
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
(415) 434-9100
(415) 434-3947-fax
amclean@sheppardmullin.com
mnewland@sheppardmullin.com

John J. O'Shea (P52009)
FALLUCCA & O'SHEA PLC
Attorneys for Def Bank of America, N.A.
3400 E Lafayette St
Detroit, MI 48207
(313) 567-7004
(313) 567-6826-fax
johnoshea@falluccaoshea.com

Mary J. Hackett
REED SMITH LLP
Attorneys for Def Bank of America, N.A.
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
(421) 288-3131
(421) 288-3063-fax
mhackett@reedsmith.com

Kevin P. Moloughney (P49039)
COLLINS EINHORN FARRELL & ULANOFF PC
Co-Counsel for Def Millennium Capital and Recovery Corp.
4000 Town Ctr Ste 909
Southfield, MI 48075
(248) 355-4141
(248) 355-2277-fax
kevin.moloughney@ceflawyers.com

Charity A. Olson (P68295)
LAW OFFICES OF CHARITY A. OLSON PC
Attorneys for Def Millennium Capital and Recovery Corp.
22142 West Nine Mile Road
Southfield, MI 48033
(248) 356-4400
(248) 353-4840-fax
colson@creditordefenselaw.com

XUEREB SNOW
ATTORNEYS AT LAW

Molly E. McManus (P48911)
WARNER NORCROSS & JUDD LLP
Attorneys for Def Fifth Third Bank
111 Lyon St NW Ste 900
Grand Rapids, MI 49503
(616) 752-2196
(616) 222-2196-fax
mmcmanus@wnj.com

Matthew J. Boettcher (P40929)
PLUNKETT COONEY
Attorneys for Def The Huntington National Bank
38505 Woodward Ave Ste 2000
Bloomfield Hills, MI 48304
(248) 901-4035
(248) 901-4040-fax
mboettcher@plunkettcooney.com

Peter M. Spingola
CHAPMAN SPINGOLA
Attorneys for Def MV Connect, LLC d/b/a IIA, LLC
77 West Wacker Dr, Ste 4800
Chicago, IL 60601
(312) 606-8667
(312) 630-9233-fax
pspingola@chapmanspingola.com

Michael D. Schloff (P25393)
MICHCHAEL D. SCHLOFF, PLLC
Attorneys for Def MV Connect, LLC d/b/a IIA, LLC
6905 Telegraph Rd, Ste. 215
Bloomfield Hills, MI 48301
(248) 645-5205
(248) 645-0917-fax
mdschloff@aol.com

Daniel M. Share (P26903)
BARRIS SOTT DENN & DRIKER PLLC
Attorneys for Def GE Money Bank
211 W. Fort Street, 15th Floor
Detroit, MI 48226-3281
(313) 965-9725
(313) 965-2493-fax
dshare@bsdd.com

Andrew Luger
Erin Sindberg Porter
GREENE ESPEL, P.L.L.P.
Co-Counsel for Def GE Money Bank
200 South Sixth Street
Suite 1200
Minneapolis, MN 55402
612.373.8348
612.373.0929 fax
aluger@greeneespel.com
esindbergporter@greeneespel.com

---

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

Plaintiffs, GEORGE R. BADEEN and MIDWEST RECOVERY AND ADJUSTMENT, INC., individually and as proposed representatives of a class, through their attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, for their complaint in this action, state:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustment, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

2. Plaintiff, Midwest Recovery and Adjustment, Inc. (Midwest), which has a principal place of business located in Redford Township, Wayne County.

3. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

4. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

5. Defendant, Remarketing Solutions, LLC ("Remarketing"), a Delaware limited liability company, for itself and as successor in interest to Manheim Recovery Solutions/Manheim Remarketing Solutions, is engaged in the business of providing repossession forwarding services in Michigan.

6. Defendant, CenterOne Financial Services, LLC ("CenterOne"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

7. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

8. Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

9. Defendant, MV Connect, LLC doing business as IIA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

10. Defendant, Renovo Services, LLC ("Renovo"), a Delaware limited liability company, for itself and as successor in interest to Remarketing Solutions, Manheim Recovery Solutions/Manheim Remarketing Solutions, and/or Renaissance Recovery Solutions, is engaged in the business of repossession forwarding services in Michigan.

11. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

12. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

13. Defendant, The M. Davis Company, Inc., doing business as USA Recovery Solutions (USA Recovery), is a California corporation engaged in the business of providing repossession forwarding services in Michigan.

14. Defendant, Repossessors, Inc., is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

15. Defendant, American Recovery Service, Inc. ("American"), is a California corporation engaged in the business of providing repossession forwarding services in Michigan.

16. Defendant, Diversified Vehicle Services, Inc. ("Diversified"), is an Indiana corporation engaged in the business of providing repossession forwarding services in Michigan.

17. Defendant, National Asset Recovery Corp. ("National"), is a Florida corporation engaged in the business of providing repossession forwarding services in Michigan.

18. Defendant, Consumer Financial Services, LLC, ("Consumer") is a Connecticut limited liability company engaged in the business of providing repossession forwarding services in Michigan.

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

19. Defendant, Chrysler Financial Services Americas, LLC, ("Chrysler Financial"), is a Michigan limited liability company engaged in the business of automobile lending in Michigan.

20. Defendant, Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending . in Michigan

21. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

22. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

23. Defendant, PNC Bank, N.A. ("PNC"), is an Ohio corporation engaged in the business of automobile lending.

24. Defendant, Bank Of America, N.A., ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

25. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

26. Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

27. Defendant, The Huntington National Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

28. PAR, Remarketing, CenterOne, First National, Millennium, IIA, Renovo, Renaissance, ASR, USA Recovery, Repossessors, Inc., American, Diversified, National, and Consumer shall collectively be referred to as the "Forwarding Companies."

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

29. Chrysler Financial, Toyota Credit, Nissan Acceptance, Santander, PNC, Bank Of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

30. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

31. Therefore, jurisdiction and venue are proper before this court.

## GENERAL ALLEGATIONS

32. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

33. Motor vehicles are the collateral for the secured loans.

34. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

35. Defendant Forwarding Companies are large scale organizations doing business on a national level.

36. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

37. Defendant Lending Institutions have entered into agreements with defendant Forwarding Companies whereby defendant Lending Institutions hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

38. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

XUEREB SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

39. Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis, as a result of the agreements between them.

40. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized. Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

41. Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

42. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act…" (Emphasis added.) MCL 339.601(1).

43. Pursuant to the Regulation of Collection Practices Act, a "'Regulated person' means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including the following:

i. A regular employee when collecting accounts for 1 employer if the collection efforts are carried on in the name of the employer
ii. A state or federally chartered bank when collecting its own claim.
iii. A trust company when collecting its own claim.
iv. A state or federally chartered savings and loan association when collecting its own claim.
v. A state or federally chartered credit union when collecting its own claim.
vi. A licensee under Act No. 21 of the Public Acts of 1939, as amended, being sections 493.1 to 493.26 of the Michigan Compiled Laws.

vii. A business licensed by the state under a regulatory act by which collection activity is regulated.
viii. An abstract company doing an escrow business.
ix. A licensed real estate broker or salesperson if the claim being handled by the broker or salesperson is related to or in connection with the broker or salesperson's real estate business.
x. A public officer or a person acting under court order.
xi. An attorney handling claims and collections on behalf of a client and in the attorney's own name.

MCL 445.251.

44. Pursuant to the Regulation of Collection Practices Act, ""A regulated person shall not…(s) [employ] a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan compiled laws, to collect a claim unless that person is licensed…" MCL 445.252.

**COUNT I – CLASS ACTION**

45. Plaintiffs reallege the allegations contained in paragraphs 1 through 44, above.

46. George Badeen ("Badeen") is the proposed representative of a class.

47. In the alternative, Midwest Recovery and Adjustment, Inc., is the proposed representative of a class.

48. Badeen and/or Midwest, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

49. Upon information and belief, this class would represent approximately 150 agencies and owners.

50. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

XUEREB SNOW

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

51. Badeen, individually or as owner of Midwest, is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

52. Each member of the class has been damaged similar to Badeen and Midwest in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

53. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

THEREFORE, plaintiffs request this court enter an order certifying this action as a class action on behalf of the proposed class. [This cause of action has been stricken by the court pursuant to MCR 3.501(B)(2)].

**COUNT II – INJUNCTIVE RELIEF**

54. Plaintiffs reallege the allegations contained in paragraphs 1 through 53, above.

55. Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

56. Pursuant to the Occupational Code article on regulated occupations, "[a]n 'affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes…a licensee…"

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

57. Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

58. Midwest is a collection agency licensed pursuant to the Occupational Code.

59. Pursuant to the Regulation of Collection Practices Act, a "person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief." MCL 445.257(1).

60. Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

61. The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

62. Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

63. Therefore, Defendant Forwarding Companies are engaging or attempting to engage in the practice of collections by soliciting collection business without a license in violation of the Occupational Code.

64. Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

65. Defendant Lending Institutions hire defendant Forwarding Company's in violation of the Regulation of Collection Practices Act.

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

66. If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, and enjoin defendant Lending Institutions from continuing to violate the Regulation of Collection Practices Act, Badeen, Midwest, and other class members will continue to suffer damages.

THEREFORE, plaintiffs, for themselves and on behalf of the class, request this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, and enjoining defendant Lending Institutions from continuing to hire non-licensed debt collectors, along with statutory costs and attorney's fees.

## COUNT III – CIVIL CONSPIRACY

67. Plaintiffs reallege the allegations contained in 1 through 66, above.

68. Defendant Forwarding Companies and defendant Lending Institutions entered into agreements through the Lending Institutions hiring of defendant Forwarding Companies that violate the Occupational Code and the Regulation of Collection Practices Act.

69. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code and the Regulation of Collection Practices Act.

70. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code and the Regulation of Collection Practices Act.

71. Violation of the Occupational Code and the Regulation of Collection Practices Act is a criminal and/or unlawful act, and/or unlawful means.

72. Defendant's civil conspiracy has caused Badeen and other class members damages.

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

## COUNT IV – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION

73. Plaintiffs reallege the allegations contained in paragraphs 1 through 72, above.

74. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

75. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

76. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

77. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

78. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

79. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

## COUNT V - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT

80. Plaintiffs reallege the allegations contained in paragraphs 1 through 79, above.

81. Plaintiffs had valid contracts with defendant Lending Institutions.

XUEREB SNOW

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

82. Plaintiffs' customers terminated and/or breached their contracts with George.

83. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

84. Plaintiffs have been damaged by the defendants' wrongful actions.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**COUNT VI - NEGLIGENCE PER SE**

85. Plaintiffs reallege the allegations contained in paragraphs 1 through 84, above.

86. Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

87. Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

88. Plaintiffs are licensees under the Occupational Code, and therefore are "affected persons" of defendant Forwarding Company's unlawful actions.

89. Defendant Lending Institutions had a duty under the Regulation of Collection Practices Act to not hire unlicensed debt collectors for debt collection services.

90. Defendant Lending Institutions breached that duty by hiring defendant Forwarding Companies.

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

91. Plaintiff is a person who has "suffer[ed] injury, loss, or damage…by the use of a method, act or practice…" in violation of the Regulation of Collection Practices Act. MCL 445.257(1).

92. Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiff's damages.

93. Defendant Lending Institutions violations of the Regulation of Collection Practices Act proximately caused plaintiffs' damages.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs and attorneys' fees.

**COUNT VII – MCL 339.916**

94. Plaintiffs reallege the allegations contained in paragraphs 1 through 93, above.

95. Defendant Forwarding Companies have used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

96. Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

97. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they request this court enter a judgment for treble damages and statutory attorneys fees.

**COUNT VIII – MCL 445.252**

XUEREB
SNOW
ATTORNEYS AT LAW

7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

98. Plaintiffs reallege the allegations contained in paragraphs 1 through 97, above.

99. Defendant Forwarding Companies have used a method, act, and/or practice in violation of Regulation of Collection Practices Act.

100. Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act.

101. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they requests this court enter a judgment for treble damages and statutory attorneys fees.

**XUEREB SNOW PC**

By:______________________________

Joseph M. Xuereb (P40124)
XUEREB SNOW PC
Attorneys for Plaintiffs
7752 N. Canton Center Rd., Suite 110
Canton, MI 48187-1328
(734) 455-2000

Dated: September 7, 2010

XUEREB SNOW
ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

10-004053-CZ
2nd Amended Complaint & Jury Demand

17

**JURY DEMAND**

Plaintiffs, GEORGE R. BADEEN and MIDWEST RECOVERY AND ADJUSTMENT, INC., through their attorneys, XUEREB SNOW PC, by Joseph M. Xuereb, demand a jury trial in this action.

Respectfully submitted,

**XUEREB SNOW PC**

By__________________________
Joseph M. Xuereb (P40124)
Attorney for Plaintiffs
7752 Canton Center Rd.
Suite 110
Canton, MI 48187
(734) 455-2000

Dated: September 7, 2010

ATTORNEYS AT LAW
7752 N. Canton Center Rd.
Suite 110
Canton, MI 48187
P: (734) 455-2000
F: (734) 455-2013

**STATE OF MICHIGAN**

**IN THE THIRD JUDICIAL CIRCUIT FOR THE COUNTY OF WAYNE**

GEORGE BADEEN, an individual and on behalf of a proposed class, and MIDWEST RCOVERY AND ADJUSTMENT, INC., a Michigan for profit corporation, individually and on behalf of a proposed class,

Plaintiffs,

v.

Case No. 10-004053-CZ
Hon. Michael F. Sapala

PAR, INC., d/b/a PAR NORTH AMERICA, an Indiana corporation; REMARKETING SOLUTIONS, a Delaware limited liability company, for itself and as successor in interest; CENTERONE FINANCIAL SERVICES LLC, a Delaware limited liability company; FIRST NATIONAL REPOSSESSORS, INC, a Minnesota corporation; MILLENNIOUM CAPITAL AND RECOVERY CORPORATION, an Ohio corporation; MV CONNECT, LLC d/b/a IIA, LLC, an Illinois limited liability company; RONOVO SERVICES, LLC, a Delaware limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; ASR NATIONWIDE, LLC, a Florida limited liability corporation; THE M. DAVIS COMPANY, INC. d/b/a USA RECOVERY SOLUTIONS, a California corporation; REPOSSESSORS, INC., a Minnesota corporation; DIVERSIFIED VEHICLE SERVICES, INC., an Indiana corporation; NATIONAL ASSET RECOVERY CORP., a Florida corporation; CONSUMER FINANCIAL SERVICES, LLC, a Connecticut limited liability company; CHRYSLER LLC., a Connecticut limited liability company; CHRYSLER FINANCIAL SERVICES AMERICAS, LLC, a Michigan limited liability company; TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA, INC., an Illinois corporation; PNC BANK, N.C., an Ohio corporation; BANK OF AMERICA, N.A., a North Carolina company; FIFTH THIRD BANK, an Ohio company; GE MONEY BANK, a foreign corporation; THE HUNTINGTON NATIONAL BANK, an Ohio corporation, jointly and severally,

Defendants.

_______________________________________/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY DISPOSITION**

At a session of said Court held in the Coleman Young Municipal Center,
City of Detroit, Wayne County, Michigan, on this:

**February 14, 2011**

PRESENT: HON. MICHAEL F. SAPALA
CIRCUIT JUDGE

This matter is before the court on four motions for summary disposition. Plaintiff George Badeen is the owner of Plaintiff Midwest Recovery and Adjustments, Inc, (hereinafter "Midwest Recovery") and is a licensed collection agency manager. Plaintiff Badeen has brought the present suit on behalf of himself and Midwest Recovery as well as a proposed class.

PAR, Inc. d/b/a a Par North America; Remarketing Solutions, Center One Finical Services LLC, Millennium Capital and Recovery Corportaion, LLC d/b/a IIA, LLC, ASR Nationwide, LLC, Repossessors, Inc., and Diversified Vehicle Services, Inc., are repossession forwarding servicers (hereinafter "Forwarder Defendants") that are hired by lenders to provide repossession services. They do not collect debts themselves; rather, they hire collection agencies to collect debts. Defendants Chrysler Financial, PNC Bank, N.A., Bank of America, Toyota Motor Credit Corporation, Fifth Third Bank, the Huntington National Bank, Nissan Motor Acceptance and Santander Consumer USA (hereinafter "Lender Defendants") are lenders who hired the Forwarder Defendants.

Plaintiffs have alleged that in previous years, financial institutions contracted with repossession agents when collecting debts. However, a trend has begun wherein lenders hire forwarding companies to hire collection agencies; rather than contracting directly with the collection agencies. Plaintiffs maintain that this system has caused Plaintiffs to lose profits and has caused substantial harm to their business. Plaintiffs filed the present suit and allege that the Forwarder Defendants are debt collection agencies pursuant to MCL 339.901(b) and have failed to follow licensing requirements.

In response, Defendants maintain that the Forwarder Defendants do not collect debts, but instead hire licensed collection agencies to collect collateral. Moreover, the law does not prohibit lenders from hiring debt collection agencies. Accordingly, the Lender and Forwarder Defendants bring the present motions for summary disposition pursuant to MCR 2.116(C)(8) and maintain that because Michigan law does not prohibit lenders from hiring forwarding companies who in turn hire debt collection agencies, Plaintiffs' case should be dismissed.

In addition to the Lender and Forwarder motions, Defendants Renovo Services, LLC (hereinafter "Renovo") and Diversified Vehicle Services, Inc. (hereinafter "Diversified") have filed motions for summary disposition pursuant to MCR 2.116(C)(8). The M Davis Company has filed a concurrence with the Forwarder Defendants' Motion and concurs with the relief requested. After a review of the pleadings in this matter along with consideration of the oral argument presented on January 28, 2011, the court finds that the Forwarder and Lender Defendants' motions are granted. The requested relief is also granted with regard to Renovo, Diversified and M Davis Company.

As noted above, the present motions have been brought pursuant to MCR 2.116(C)(8). A motion based on MCR 2.116(C)(8) tests the legal sufficiency of a complaint. *Dolan v. Continental Airlines/Continental Express*, 454 Mich 373, 380 (1997). All well-pleaded allegations should be accepted as true and construed in a light most favorable to the non-moving party. *Wade v Dep't of Corr*, 439 Mich 158, 162-163 (1992). Pursuant to MCR 2.116 (G)(5), the court shall only consider the parties' pleading when deciding a motion brought under this rule. Moreover, this type of motion should be granted only where the allegations are so clearly unenforceable that no factual development could justify recovery. *Wade, supra* at 163.

Plaintiffs' allegations rest on the argument that Defendant Forwarders have violated the Occupational Code and Regulation of Collection Practices Act (hereinafter "RCPA") as they are collection agencies which are required to be licensed. MCL 339.601(1) provides in part that a person shall not engage in the practice of an occupation regulated by the act, unless the person possesses a license. Plaintiffs maintain that it is illegal for the Lenders to hire an unlicensed collection agency and that the Forwarders are unlicensed contrary to the Occupational Code. *See* MCL 445.252.

MCL 339.901(b) defines the term "collection agency" in part as follows:

> "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement.

Plaintiffs have not alleged that the Forwarder Defendants communicate or have contact with consumer debtors. Instead, Plaintiffs argue that statutory interpretation favors a licensing requirement as it pertains to forwarders who "solicit" or request work from lending institutions. Plaintiffs further argue that the Forwarders are indirectly involved in the collection process.

Defendants, on the other hand, maintain that the Occupational Code and RCPA protect consumer debtors, not debt collectors. Moreover, Forwarder Defendants need not be licensed when hiring licensed debt collectors and do not become debt collection agencies when they contract with financial institutions.

Furthermore, Defendants maintain that the phrase "soliciting a claim for collection" is intended to protect consumer debtors. Defendants argue that Plaintiffs' focus on "soliciting" is misplaced as the use of "soliciting" does not apply to a forwarder seeking accounts from a lender or creditor, but instead refers to communicating or contacting a debtor. According to Defendants, MCL 339.901(b) uses the phrase "directly or indirectly" to refer to false, misleading or abusive collection practices. Defendants further argue that the phrase "engaged in soliciting a claim for collection" clearly refers to those who actually attempt to collect a debt.

The Michigan Court of Appeals has noted that when engaging in statutory construction the primary task "is to discern and give effect to the intent of the Legislature." *People v Tombs*,

472 Mich 446, 451 (2005) (opinion by Kelly, J.); *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549 (2004). In determining legislative intent, the court should give effect to every word in the statute and must consider the plain meaning of words and phrases. *Id.* The statutes at issue in this case are unambiguous. The court agrees with Defendants that the Forwarder Defendants are not collection agencies as defined by MCL 339.901(b). The phrase "engaged in soliciting a claim for collection" does not refer to forwarders seeking work from lenders, but instead refers to the actions taken in the actual collection of a debt. The court disagrees with Plaintiffs that the legislative history supports their argument and instead finds that Plaintiffs have failed to state a claim on which relief can be granted.

Defendants have presented several other arguments in support of their motions for summary disposition, including a lack of a causal connection between the alleged violation of licensing requirements and damages as well as potential issues with regard to the regulation of interstate commerce. Although the court notes that relief may be justified based on these arguments as well, the court finds it unnecessary to address these arguments as summary disposition is appropriate based on the findings described above.

Based on the above, the court finds that all Defendants remaining in this case are entitled to summary disposition in their favor.

Therefore, IT IS HEREBY ORDERED that Defendants' Motions for Summary Disposition are GRANTED and Plaintiffs' claims are dismissed in their entirety.

Pursuant to MCR 2.602(A)(3), this Order resolves the last pending claim and closes the case.

**MICHAEL F. SAPALA**

Hon. Michael F. Sapala
Circuit Court Judge

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY C. Patterson
DEPUTY CLERK

 **Service of Process Transmittal**
09/16/2010
CT Log Number 517284455

**TO:** Jessica MaClean
Renovo Services, LLC
980 N. Michigan Avenue, Suite 1900
Chicago, IL 60611

**RE:** **Process Served in Delaware**

**FOR:** Remarketing Solutions, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | George Badeen, etc., and on behalf of a proposed class, and Midwest Recovery and Adjustment, Inc., etc., and on behalf of a proposed class, Pltfs. vs. Par, Inc., etc., et al. including Remarketing Solutions, etc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons (2 sets), Proof of Service Form (2 sets), Second Amended Complaint, Jury Demand, Reply Envelope |
| **COURT/AGENCY:** | Wayne County Third Judicial Circuit Court, MI<br>Case # 10-004053 |
| **NATURE OF ACTION:** | Class Action - Defendant is a Forwarding Company engaging in the practice of collections by soliciting collection business without a license in violation of the Occupational Code - Seeking injunctive relief and damages |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/16/2010 postmarked on 09/13/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Joseph M. Xuereb<br>Xuereb Snow PC<br>7752 N. Canton Center Road<br>Suite 110<br>Canton, MI 48187<br>734-455-2000 |
| **ACTION ITEMS:** | Telephone, Jessica MaClean , 312-456-7284<br>SOP Papers with Transmittal, via Fed Ex 2 Day , 790358088915 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street<br>Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



JOSEPH M. XUEREB
jxuereb@xuerebsnow.com
MARTHA M. SNOW
msnow@xuerebsnow.com
JOHN R. BADEEN, Of Counsel
jbadeen@xuerebsnow.com

Xuereb Snow PC
Attorneys and Counselors
7752 N. Canton Center Rd., Suite 110
Canton, Michigan 48187
P: (734) 455-2000
F: (734) 455-2013

September 13, 2010

***VIA REGISTERED MAIL/***
***RETURN RECEIPT REQUESTED***

Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Re: **GEORGE BADEEN *v* PAR, INC., et al.**
***3rd Judicial Circuit Court, Case No. 10-004053-CZ***
**(Remarketing Solutions)**

To Whom It May Concern:

I enclose the ***SUMMONS*** and ***SECOND AMENDED COMPLAINT AND JURY DEMAND*** filed in the above-referenced matter. Please complete the Acknowledgement of Service at bottom of Return of Service and then return it to our office in the enclosed self-addressed stamped envelope.

Please contact me with any questions.

Very truly yours,

**XUEREB SNOW PC**

Joseph M. Xuereb

JMW/amw
Enclosures

cc: Michigan Corporations and Securities Bureau

Approved, SCAO

Original - Court
1st copy - Defendant

BADEEN, GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010

10-004053-CZ

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>3rd JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT |
|---|---|

Court address: Two Woodward Avenue, Detroit, MI 48226

Court telephone no.: (313) 224-5510

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| George Badeen and Midwest Recovery and Adjustments, Inc.<br>14666 Telegraph Rd.<br>Redford, MI 48239 | | Remarketing Solutions, LLC, c/o<br>Corporation Trust Center 1209 Orange Street<br>Wilmington, DE 19801 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Joseph M. Xuereb (P40124)<br>XUEREB SNOW PC<br>7752 N. Canton Center Road, Suite 110<br>Canton, MI 48187<br>(734) 455-2000 | | |

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| Sept 8 2010 | 12-8-2010 | [signature] |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** ***Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.***

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the 3rd Circuit Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 10-004053-CZ | Hon. Michael F. Sapala | P19891 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Northville, MI and Redford, MI | Wilmington, DE |
| Place where action arose or business conducted<br>Wayne County, Redford Township, Michigan | |

Date ____________ Signature of attorney/plaintiff ____________

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Approved, SCAO

Original - Court
1st copy - Defendant

BADE GEORGE v PAR INC , et al.
Hon. Michael F. Sapala 04/05/2010
10-004053-CZ

STATE OF MICHIGAN
JUDICIAL DISTRICT
3rd JUDICIAL CIRCUIT
COUNTY PROBATE

## SUMMONS AND COMPLAINT

Court address
Two Woodward Avenue, Detroit, MI 48226

Court telephone no.
(313) 224-5510

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| George Badeen and Midwest Recovery and Adjustments, Inc.<br>14666 Telegraph Rd.<br>Redford, MI 48239 | | Remarketing Solutions, LLC c/o<br>Corporation Trust Center 1209 Orange Street<br>Wilmington, DE 19801 |

Plaintiff's attorney, bar no., address, and telephone no.
Joseph M. Xuereb (P40124)
XUEREB SNOW PC
7752 N. Canton Center Road, Suite 110
Canton, MI 48187
(734) 455-2000

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| Sept 8 2010 | 12-8-2010 | [signature] |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** ***Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.***

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ____________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the 3rd Circuit Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 10-004053-CZ | Hon. Michael F. Sapala | P19891 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Northville, MI and Redford, MI | Wilmington, DE |

Place where action arose or business conducted
Wayne County, Redford Township, Michigan

Date ____________ Signature of attorney/plaintiff ____________

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**PROOF OF SERVICE**

**SUMMONS AND COMPLAINT**
Case No.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with ______________________________
List all documents served with the Summons and Complaint

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Remarketing Solutions, LLC c/o Corporation Trust Center | 1209 Orange St Wilmington, DE 19801 | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______________________________
Signature

______________________________
Name (type or print)

______________________________
Title

Subscribed and sworn to before me on ______________ , ______________ County, Michigan.
Date

My commission expires: ______________ Signature: ______________________________
Date | Deputy court clerk/Notary public

Notary public, State of Michigan, County of ______________

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with ______________
Attachments

______________________________ on ______________________________
Day, date, time

______________________________ on behalf of ______________________________.
Signature

**SUMMONS AND COMPLAINT**
Case No.

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ______
List all documents served with the Summons and Complaint

______ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Remarketing Solutions, LLC c/o Corporation Trust Center | 1209 Orange St Wilmington, DE 19801 | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______
Signature

______
Name (type or print)

______
Title

Subscribed and sworn to before me on ______ (Date), ______ County, Michigan.

My commission expires: ______ (Date) Signature: ______ Deputy court clerk/Notary public

Notary public, State of Michigan, County of ______

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with ______ (Attachments)

______ on ______ (Day, date, time)

______ on behalf of ______.
Signature

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:59 PM Linda Woods

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**GEORGE BADEEN, an individual and on behalf of a proposed class, and MIDWEST RECOVERY AND ADJUSTMENT, INC., a Michigan for profit corp., individually and on behalf of a proposed class,**

**Plaintiffs,**

**Case No. 10-004053-CZ**
**Hon. Edward Ewell, Jr.**

-v-

**PAR, INC, d/b/a, PAR NORTH AMERICA, an Indiana Corporation, et al,**

**Defendants.**

---

**ORDER**

At a session of said Court held in the Coleman A. Young Municipal Center, Detroit, Wayne County, Michigan, on this: 5/3/2018

**PRESENT:** Edward Ewell
Circuit Judge

**IT IS ORDERED** that Defendant CenterOne Financial Services, LLC's motion for summary disposition is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant CenterOne Financial Services, LLC in the second amended complaint are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Millennium Capital and Recovery Corporation's motion for summary disposition is **GRANTED**.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:59 PM Linda Woods

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Millennium Capital and Recovery Corporation in the second amended complaint are **DISMISSED WITH PREJUDICE**

**IT IS FURTHER ORDERED** that the Forwarding Defendants' joint motion for summary disposition and the Lender Defendants' motion for summary disposition are **GRANTED** only as to Plaintiffs' claims for negligence *per se* (Count VI) and injunctive relief (Count II) against the Forwarding Defendants and the Lender Defendants in the second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for negligence *per se* (Count VI) and injunctive relief (Count II) against the Forwarding Defendants and the Lender Defendants in the second amended complaint are **DISMISSED WITH PREJUDICE**.

Edward Ewell Jr.
Circuit Judge

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**GEORGE BADEEN, an individual and on behalf of a proposed class, and MIDWEST RECOVERY AND ADJUSTMENT, INC., a Michigan for profit corp., individually and on behalf of a proposed class,**

**Plaintiffs,**

**Case No. 10-004053-CZ**
**Hon. Edward Ewell, Jr.**

-v-

**PAR, INC, d/b/a, PAR NORTH AMERICA, an Indiana Corporation, et al,**

**Defendants.**

---

**OPINION**

**I. Introduction**

This action is before the Court on four motions: (1) a motion for summary disposition brought by Defendant CenterOne Financial Services, LLC ("CenterOne") pursuant to MCR 2.116(C)(7) and (8); (2) a motion for summary disposition filed by Defendant Millennium Capital and Recovery Corporation ("Millennium") under MCR 2.116(C)(7) and (8); (3) a joint motion for summary disposition brought by Defendants PAR, Inc d/b/a PAR North America ("PAR"), Remarketing Solutions, LLC, Renovo Services, LLC, CenterOne and Millennium ("Forwarding Defendants")[1] pursuant to MCR 2.116(C)(8); and (4) a motion for summary disposition filed by Defendants TD Auto Finance, LLC, Toyota Motor Credit Corporation, Nissan Motor Acceptance Corporation, Santander Consumer USA, Inc, PNC Bank, N.A., Bank of America, Fifth Third Bank, and The Huntington National Bank ( "Lender Defendants") under

[1] After the complaint was filed, Remarketing Solutions, LLC and Renovo Services, LLC were acquired by Primeritus Financial Services, Inc ("Primeritus"), the successor in interest.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

MCR 2.116(C)(8). For the reasons more fully set forth below, the Court will: (1) grant CenterOne and Millennium's motions for summary disposition; (2) grant in part and deny in part the Forwarding Defendants' joint motion for summary disposition; (3) grant in part and deny in part the Lender Defendants' motion for summary disposition; and (4) dismiss all the allegations in the second amend complaint against CenterOne and Millennium with prejudice; (5) dismiss Count II of the second amended complaint with prejudice; and (6) dismiss Count VI of the second amended complaint with prejudice.

## II. Facts and Procedural History

Plaintiff George Badeen is a licensed collection agency manager who owns Plaintiff Midwest Recovery and Adjustment, Inc (collectively referred to as "Plaintiffs"), a licensed collection agency primarily engaged in repossessing financed vehicles when it is assigned delinquent accounts by financing companies. Collection practices in Michigan are regulated under Article 9 of the Occupational Code, MCL 339.101 *et seq*. In the past, these practices dictated that when a creditor needed a debt collected or a vehicle repossessed, the creditor would contact and retain a collection agent wherever the debtor happened to be located. Over time, however, the collection industry changed with the advent of nationwide middlemen known as forwarders or forwarding companies that operate as intermediaries between creditors and local collection agents. Significantly, creditors in need of collections now contract with forwarding companies, which, in turn, allocate the collections to local collection agents. The forwarding companies do not contact debtors themselves but rather, maintain networks of collection agents and are able to negotiate favorable rates that save creditors money while allowing the forwarding companies to make a profit. According to Plaintiffs, the new business model negatively affects

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

licensed local collection agents apparently because they receive less money if forwarding companies engage their services than when they were hired directly by lending institutions.

On April 5, 2010, Badeen, on behalf of himself and other licensed collection agents and collection agencies in Michigan, filed the instant case as a class action against lenders and forwarding companies doing business in Michigan, alleging that the forwarding companies were acting as collection agencies under Michigan law without a license contrary to Article 9, Section 904(1) of the Occupational Code, MCL 339.904(1),[2] and the lenders that hired the forwarding companies were violating Michigan law by hiring unlicensed collection agencies in contravention of Section 252(s) of the Michigan Regulation of Collection Practices Act ("MRCPA"),[3] MCL 445.252(s).[4] Badeen further alleged that the defendants injured members of the putative class by impeding their businesses while not in compliance with Michigan law and that the statutory definition of collection agencies was satisfied thereby requiring licensure when the forwarding companies contacted creditors for unpaid accounts to allocate to local collection agents.

Specifically, in Count I of the complaint, Plaintiffs sought certification of a class action, in which Badeen would represent the interests of all automobile repossession agencies and their owners who held a license to collect debts in Michigan in the preceding six years. In Count II of the complaint, Plaintiffs requested an injunction prohibiting the forwarder defendants from violating the Occupational Code by soliciting or performing collection activities in Michigan

---

[2] MCL 339.904(1) provides in pertinent part that a person shall not operate a collection agency or commence in the business of a collection agency without first applying for and obtaining a license from the department for each place of business.

[3] MCL 445. 251 *et seq.*

[4] MCL 445.252(s) states in relevant part that [a] regulated person shall not commit 1 or more of the following acts: [e]mploying a person required to be licensed under [the Occupational Code] to collect a claim unless that person is licensed under [the Occupational Code].

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

without a license. Plaintiffs raised a claim of civil conspiracy in Count III of the complaint, stating that the forwarder defendants and lender defendants "acted in concert to violate the Occupational Code." In Count IV of the complaint, Plaintiffs claimed that the forwarder defendants intentionally interfered with Plaintiffs' business relations with the lender defendants. Count V of the complaint was based on the ostensible intentional interference with Plaintiffs' contracts with the lender defendants by the forwarder defendants. In Count VI of the complaint, Plaintiffs asserted a claim of negligence per se against the forwarder defendants for breach of their statutory duty under the Occupational Code.

Plaintiffs filed an amended complaint and a second amended complaint which differs only in the renaming of a defendant, and in several substantive ways. In Count II of the second amended complaint, Plaintiffs seek to enjoin the lender defendants from hiring unlicensed debt collectors. Plaintiffs allege in Count III of the second amended complaint that the forwarder defendants and the lender defendants acted in concert to violate both the Occupational Code and the MRCPA. In Count VI of the second amended complaint, Plaintiffs claim that the lender defendants also violated their statutory duties under the MRCPA. Plaintiffs allege violations of the Occupational Code and the MRCPA in two additional counts.

PAR subsequently filed a notice of Badeen's failure to file a timely motion to certify a class whereupon Badeen filed a motion for class certification, PAR moved to strike Badeen's motion for class certification, and Badeen filed a motion to strike the notice of failure to file a motion for class certification, or, in the alternative to reinstate the class action allegations. Predecessor Judge Michael Sapala entered an order granting PAR's motion to strike Badeen's motion for class certification and denying Badeen's motion to strike the notice of failure to file for class certification or to reinstate the class action allegations.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

Defendants PAR, Primeritus, CenterOne, Millennium, ASR Nationwide, LLC, Repossessors, Inc, Diversified Vehicle Services, Inc, Chrysler Financial Services Americas, LLC, PNC Bank, N.A., Bank of America, Toyota Motor Credit Corporation, Fifth Third Bank, The Huntington National Bank, Nissan Motor Acceptance Corporation, Santander Consumer USA, Inc, Diversified Vehicle Services, Inc, and the M Davis Company, Inc d/b/a USA Recovery Solutions all moved for summary disposition on the ground that the statutory definition was not met because the forwarding companies were not "soliciting a claim for collection" by asking the debtor to pay his or her debt. Judge Sapala granted the motions after finding that the forwarder defendants "are not collection agencies as defined by MCL 339.901(b),"[5] and that "[t]he phrase 'engaged in soliciting a claim for collection' does not refer to forwarders seeking work from lenders, but instead refers to the actions taken in the actual collection of a debt." (Sapala Opinion and Order, February 14, 2011, p 4). Plaintiffs appealed.

On appeal, Plaintiffs argued that Judge Sapala erred by holding that the defendants were not collection agencies within the meaning of the Occupational Code and granting summary

---

[5] At that time, MCL 339.901(b) defined the term "collection agency" as follows:

> "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement.

In 2014, the Michigan legislature amended the definition of "collection agency" by deleting the phrase "soliciting a claim for collection." As a result of the amendment which took effect on January 10, 2015, forwarders are not required to obtain licenses. MCL 339.901(b) was amended again in 2016 (effective September 8, 2016) to expressly exclude forwarders and remarketers from licensing under the Occupational Code.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

disposition in favor of the defendants on that basis.[6] The Court of Appeals affirmed, holding that Judge Sapala properly determined the forwarder defendants and lender defendants did not violate either the MRCPA or the Occupational Code because the forwarder defendants were not "collection agencies" under the Occupational Code as they did not "solicit a claim for collection" when they hired collection agencies, and thus they were not required to be licensed. *Id.* at 444.

Badeen appealed. The Michigan Supreme Court asked the parties to address "whether the defendant forwarding companies engage in 'soliciting a claim for collection' and therefore are 'collection agenc[ies]' as defined by MCL 339.901(b)." *Badeen v PAR, Inc*, 496 Mich 75, 81; 853 NW2d 303 (2014). When determining whether the forwarding companies fall within the statutory definition of collection agencies, the Michigan Supreme Court held that the statutory definition of a "collection agency" includes "a person directly or indirectly engaged in soliciting a claim for collection," after explaining that [i]n the context of this statute, soliciting a claim for collection refers to the act of asking a creditor for any unpaid accounts on which the collection agency may pursue payment," and that "[t]he forwarding companies satisfy the definition of 'collection agency' in MCL 339.901(b) because they solicit claims for collection when they contact creditors seeking unpaid debts to allocate to local collection agents." *Id.* at 79, 89. Accordingly, the Michigan Supreme Court vacated Part III(B) of the judgment of the Court of Appeals (collection agencies under the MRCPA and the Occupational Code) and remanded the case to this Court for further proceedings, stating:

> Ordinarily, a collection agency---like defendant forwarding companies---is subject to the Occupational Code's licensing

[6] Plaintiffs also claimed Judge Sapala erred by determining their motion to certify the action as a class action was untimely. The Court of Appeals agreed but found Plaintiffs were not entitled to any relief on appeal. *Badeen v PAR, Inc*, 300 Mich App 430, 433-434, 439-442; 834 NW2d 85 (2013).

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

> requirements. Because the circuit court found its interpretation of the definition of "collection agency" dispositive, it expressly disclaimed any decision regarding defendants' other arguments in their motions for summary disposition, including an argument pertaining to the applicability of MCL 339.904(2). Specifically, the circuit court stated: "Defendants have presented several other arguments … including … potential issues with regard to the regulation of interstate commerce. Although the court notes that relief may be justified based on these arguments as well, the court finds it unnecessary to address these arguments. …" Because the circuit court has not considered defendants' other arguments, we remand this case to the circuit court for further proceedings not inconsistent with this opinion.
>
> *Badeen*, 496 Mich at 88-89. (Footnotes omitted).

On remand, the Department of Licensing and Regulatory Affairs ("LARA") filed a motion to intervene as a party defendant. The motion was granted. LARA then filed a motion for summary disposition in which it argued, among other things, that it had primary jurisdiction to determine which forwarder defendants must be licensed as "collection agencies" under the Occupational Code. In an Opinion and Order issued on February 6, 2015, predecessor Judge Maria Oxholm granted summary disposition in part under the primary jurisdiction doctrine[7] and suspended the action pending declaratory rulings by LARA on this issue, explaining:

> The question of whether the named forwarding companies are required to be licensed under the Code is a narrow issue that is clearly within LARA's specialized knowledge and expertise. The Code gives LARA, among other things, the authority to determine whether a person meets the legislature's requirements under

[7] Judge Oxholm, quoting *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 187; 631 NW2d 733 (2001), stated that "the doctrine of primary jurisdiction is 'a prudential doctrine of judicial deference and discretion' … [t]he question of primary jurisdiction arises when concurrent original subject-matter jurisdiction exists between the courts and the administrative agency, 'but initial resolution of issues within the special competence of an administrative agency is required' … [t]he doctrine, which is grounded in the principle of separation of powers, 'reinforces the expertise of the agency to which the courts are deferring the matter, and avoids the expenditure of judicial resources for issues that can be better resolved by the agency.' " (Oxholm Opinion and Order, February 6, 2015, p 4).

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

> Article 9 of the Code. Thus, LARA is in the best position to interpret and apply the licensing provisions of the Code.

On February 10, 2015, LARA received a declaratory ruling request from Millennium, asking for a determination on whether Millennium is required to be licensed as a Michigan collection agency under Article 9 of the Occupational Code. CenterOne requested a declaratory ruling from LARA on March 4, 2015 as to the issue of whether CenterOne is required to be licensed as a Michigan collection agency under Article 9 of the Occupational Code.[8]

On May 29, 2015, LARA issued Declaratory Ruling 2015/003, ruling that CenterOne is not subject to the licensing requirements of Article 9 of the Occupational Code. LARA's determination was based on two undisputed facts, notably that CenterOne "does not currently provide repossession services for any Michigan based clients," and that "CenterOne's repossession/collection activity is limited to interstate communications and therefore meets the exemption in Section 904(2) of the [Occupational] Code [,] MCL 339.904(2)." (LARA Declaratory Ruling 2015/003, p 3).

LARA issued Declaratory Ruling 2015/004 on July 30, 2015, determining that Millennium is required to hold a Michigan collection agency license since its repossession services fall directly under the definition of a "collection agency" for purposes of the Occupational Code. In addition, LARA found that Millennium's repossession practice does not meet the interstate communications exception delineated in MCL 339.904(2) insofar as

---

[8] PAR and Primeritus requested similar rulings and appealed LARA's determinations (Declaratory Ruling 2015/001; Declaratory Ruling 2015/002) that licenses were required to the Ingham County Circuit Court. Primeritus' appeal was denied by the Ingham County Circuit Court as untimely. Primeritus appealed to the Court of Appeals which refused to hear the appeal. The Ingham County Circuit Court affirmed LARA's ruling that PAR must be licensed. PAR's appeal to the Court of Appeals was dismissed as moot given the statutory amendments to the Occupational Code pursuant to which forwarders have been expressly exempted from the Occupational Code's licensing requirements. See n 6 *supra*.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

Millennium has a Michigan based client who has contracted with Millennium for repossession services. (LARA Declaratory Ruling 2015/004, pp 2-3). Millennium appealed to the Ingham County Circuit Court.

On April 19, 2016, the Ingham County Circuit Court issued an opinion and order affirming, in part, with respect to LARA's application of the term "collection agency" under MCL 339.901(b), and reversing, in part, for LARA's failure to apply the interstate-communication exemption under MCL 339.904(2).[9] *Millennium Capital and Recovery Corporation v State of Michigan, et al*, Opinion and Order issued April 19, 2016 (Docket No. 15-761-AA). In particular, the Ingham County Circuit Court found that "Director Schefke's ruling that Millennium is a collection agency because it 'indirectly' engages in the activities outlined in Section 901(b) is supported by competent, material and substantial evidence on the whole record, was not made in violation of law, and is not otherwise affected by a substantial and material error of law," and that since "the agency record clearly demonstrates that Millennium's activities in Michigan are conducted solely through interstate communications; *to wit*, communication via the internet, telephone, email, facsimile, and United States mail … Director Schefke's decision not to apply the interstate communications exemption … is not supported by competent, material and substantial evidence on the whole record." *Id.* at 20-22. (Emphasis in original).[10]

## III. Standard of Review

When reviewing a motion for summary disposition under MCR 2.116(C)(7), the nonmoving party's well-pleaded allegations are accepted as true and the allegations are construed

---

[9] MCL 339.904(2) specifically exempts from its licensing requirement a person whose "collection activities in this state are limited to interstate communications" by providing in pertinent part that "[a] person is not subject to the licensing requirement of subsection (1) if the person's collection activities in this state are limited to interstate communications."

[10] LARA did not appeal the decision of the Ingham County Circuit Court.

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

in the nonmovant's favor to determine whether any factual development could provide a basis for recovery. *Amburgey v Sauder,* 238 Mich App 228, 231, 605 NW2d 84 (1999). All pleadings, affidavits, depositions, admissions, or other documentary evidence that have been furnished by the parties must be considered. *Maiden v Rozwood,* 461 Mich 109, 119, 597 NW2d 817 (1999).

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint. *Dolan v Continental Airlines*, 454 Mich 373, 380; 563 NW2d 23 (1997). A movant is entitled to summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted. *Admiral Ins Co v Columbia Cas Ins Co*, 194 Mich App 300, 312; 486 NW2d 351 (1992). All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. *Wade v Dep't of Corrections*, 439 Mich 158, 162-163; 483 NW2d 26 (1992).

The factual sufficiency of a claim is tested by a motion for summary disposition brought under MCR 2.116(C)(10). *Downey v Charlevoix Co Bd of Rd Comm'rs,* 227 Mich App 621, 625, 576 NW2d 712 (1998). Any affidavits, depositions, admissions, and other documentary evidence submitted by the parties in addition to the pleadings must be considered in the light most favorable to the nonmoving party. *Id.* at 626; MCR 2.116(G)(5). The motion is properly granted only if the evidence shows that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co,* 451 Mich 358, 362, 547 NW2d 314 (1996).

## IV. Analysis

### A. CenterOne and Millennium's Motions for Summary Disposition

At the outset, CenterOne and Millennium challenge Plaintiffs' claims against them in the second amended complaint on the ground that these particular claims should be dismissed given

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

LARA's ruling regarding CenterOne and the decision reached by the Ingham County Circuit Court relative to Millennium. Notwithstanding Plaintiffs' contentions to the contrary, the Court agrees with CenterOne and Millennium.

The crux of Plaintiffs' claims with respect to CenterOne and Millennium is that CenterOne and Millennium must be licensed under the Occupational Code. However, after Judge Oxholm deferred to LARA to resolve this issue,[11] LARA concluded that CenterOne does not require a collection agency license. As for Millennium, although LARA determined that Millennium is required to hold a collection agency license, the Ingham County Circuit Court reversed in part for LARA's failure to apply the interstate-communication exemption under MCL 339.904(2). Significantly, as a result of the administrative proceedings, CenterOne and Millennium have been found to be exempt from any licensing requirements for collection agencies because their contacts with Michigan are limited to interstate communications.

Under the particular facts and circumstances of the instant case, the Court will decline Plaintiffs' invitation to undertake an independent determination or to make its own findings of fact regarding whether CenterOne and Millennium require a license under the Occupational Code since to do so would be to ignore Judge Oxholm's decision to defer to LARA on the licensing requirements for CenterOne and Millennium and to render the administrative proceedings essentially meaningless. While not bound by the conclusions of LARA as to CenterOne, and the findings of the Ingham County Circuit Court reversing LARA with respect to Millennium, the Court is persuaded by, and will adopt them as its own. The motions for

[11] The Court notes that Plaintiffs assert they should not be bound by an administrative decision when they were prohibited from participating in the proceedings before LARA. In the absence of any supporting legal authority, however, the Court will reject Plaintiffs' bald assertion since parties may not merely announce their position and leave it to the reviewing court to discover and rationalize the basis for their claim. See e.g., *In re Petition by Wayne Co Treasurer for Foreclosure*, 265 Mich App 285, 299-300; 698 NW2d 879 (2005).

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

summary disposition filed by CenterOne and Millennium are consequently granted and Plaintiffs' claims against them in the second amended complaint are dismissed with prejudice.

**B Forwarding Defendants' Joint Motion for Summary Disposition**

Next, the Forwarding Defendants move for summary disposition with respect to all eight of Plaintiffs' claims against them in the second amended complaint.[12] As such, the Court will address the arguments of the parties in the order in which they have been presented.

**1. (Counts III-VIII)**

Plaintiffs allege six class action claims against the Forwarding Defendants in Counts III, IV, V, VI, VII and VIII of the second amend complaint based upon purported violations of the Occupational Code and the MRCPA. As indicated above, Counts III, IV, V, and VI are common law claims for civil conspiracy, tortious interference with a business relation, tortious interference with an existing contract, and negligence per se while Counts VII and VIII allege private causes of action under the Occupational Code and the MRCPA. The Forwarding Defendants contest these claims and causes of action on the ground that they are barred by MCR 3.501(A)(5) since Plaintiffs seek a penalty under both the Occupational Code[13] as well as the MRCPA[14] and neither statute explicitly authorizes recovery in a class action.

---

[12] Given the Court's resolution of CenterOne and Millennium's motions for summary disposition, "Forwarding Defendants" will refer only to PAR and Primeritus for the remainder of this Opinion.

[13] Section 916 of the Occupational Code states that "[i]f the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act or practice was a willful violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater. …" MCL 339.916(2).

[14] The MRCPA provides that "[i]f the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a willful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater. …" MCL 445.257(2).

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

The court rule invoked by the Forwarding Defendants places a limitation on the underlying claim on which a class action may be based. Specifically, it provides that "[a]n action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by statute may not be maintained as a class action unless the statute specifically authorizes its recovery in a class action." MCR 3.501(A)(5). In other words, the court rule restricts class actions seeking a penalty or minimum recovery for each member of the class regardless of the actual damage suffered by that member. Where, as here, Plaintiffs have not requested statutory damages but rather, "a judgment in favor of the class in the amount not less than $25,000.00,"[15] Plaintiffs are not seeking a penalty or minimum recovery otherwise contemplated by the court rule. Thus, MCR 3.501(A)(5) does not prohibit the claims and causes of action in question from being maintained as a class action.

As against this result, the Forwarding Defendants rely on two federal cases that are readily distinguishable. The first case, *American Copper & Brass v Lake City Industrial Products, Inc*, 757 F3d 540 (CA 6, 2014), involved a putative class action filed pursuant to the Telephone Consumer Protection Act ("TCPA"), which prohibits certain automated telephone calls and faxes. The court in that case found that "[b]ecause the TCPA contains a damages provision that provides for a minimum amount of recovery ($500 per violation) *without regard to actual damages*[16] … TCPA suits cannot be maintained as class actions in Michigan state court." *Id.* at 545, citing *Jackson's Five Star Catering, Inc* v *Beason*, 2102 WL 3205526 at *4 (ED Mich, July 26, 2012), the second case the Forwarding Defendants reference, which merely set forth MCR 3.501(A)(5) in conjunction with an argument made by the defendants that it

---

[15] Second Amended Complaint, pp 14-17.

[16] Emphasis added.

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

prohibited the maintenance of the TCPA claim as a class action without ever reaching the issue. By contrast, the Occupational Code and the MRCPA contain the identical damages provision which provides for the recovery of actual damages, namely that "[i]f the court finds for the petitioner, *recovery shall be in the amount of actual damages*." MCL 339.916(2); MCL 445.257(2). (Emphasis added). Therefore, the federal cases are unavailing.

**2. Tortious Interference with a Business Relation/an Existing Contract (Counts IV-V)**

In Count IV of the second amended complaint (tortious interference with a business relation), Plaintiffs allege in pertinent part:

> 73. Plaintiffs reallege the allegations contained in paragraphs 1 through 72, above.
>
> 74. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.
>
> 75. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.
>
> 76. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.
>
> 77. Defendant Forwarding Companies['] actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.
>
> 78. Defendant Forwarding Companies['] actions in soliciting debt collections and asset repossession work were wrongful because it violated the Occupational Code.
>
> 79. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.
>
> (Second Amended Complaint, p 14).

Plaintiffs allege in Count V of the second amended complaint (tortious interference with an existing contract) as follows:

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

> 80. Plaintiffs reallege the allegations contained in paragraphs 1 through 79, above.
>
> 81. Plaintiffs had valid contracts with defendant Lending Institutions.
>
> 82. Plaintiffs' customers terminated and/or breached their contracts with George [Badeen].
>
> 83. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.
>
> (Second Amended Complaint, pp 14-15).

The Forwarding Defendants argue that Plaintiffs have failed to state claims for tortious interference with a business relation and tortious interference with an existing contract because the allegations in Counts IV and V of the second amended complaint are conclusory, devoid of any facts, and as to Count V, deficient to the extent that Plaintiffs have omitted the second element of a tortious interference with an existing contract claim, namely the element of knowledge. The Court is unpersuaded by these arguments.

It is well-settled that a complaint generally need only be specific enough to reasonably inform an adverse party of the nature of the claims the adverse party is called on to defend. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997), but "[c]onclusory statements, unsupported by factual allegations, are insufficient to state a cause of action." MCR 2.111(B); *Churella v Pioneer State Mut Ins Co*, 258 Mich App 260, 272; 671 NW2d 125 (2003). Here, after a careful review of the allegations at issue, the Court is satisfied that they are specific enough to adequately advise the Forwarding Defendants of the nature of the claims against them so as to enable the forwarding Defendants to prepare their defenses, and are not conclusory but rather, are supported by the facts set forth in Counts IV and V of the second amended complaint

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

as well as the paragraphs preceding these counts in the second amended complaint and incorporated therein.[17]

The Forwarding Defendants also complain that Plaintiffs have not attached the written instruments allegedly breached or terminated by the Forwarding Defendants contrary to MCR 2.113(F) which requires attachment of an instrument or its pertinent parts if a claim or defense is based on the written instrument. However, the failure by Plaintiffs to attach any written instruments is a correctable deficiency in the pleadings, not a deficiency in the merits of the claim in that at best, failing to attach written instruments to the complaint necessitates dismissal without prejudice. See *English Gardens Condo, LLC v Howell Twp*, 273 Mich App 69, 72; 9 NW2d 250 (2007) *reversed in part on other grounds*, 480 Mich 962; 741 NW2d 511 (2007). Where, as here, more particularized information in the written instruments referenced by the Forwarding Defendants is obtainable through discovery, the dismissal of the second amended complaint without prejudice and the filing of a third amended complaint is not warranted especially given the lengthy history of this case. See *Major v Schmidt Trucking*, 15 Mich App 75, 81-82; 166 NW2d 517 (1968).

**3. MCL 339.916/MCL 445,252 (Counts VII-VIII)**

The Forwarding Defendants assert that Plaintiffs have failed to state statutory violation claims against them because the allegations in Counts VII and VIII of the second amended complaint are conclusory insofar as Plaintiffs do not allege that they are debtors, or identify which "method, act and/or practice" constitutes a violation of the Occupational Code or the

[17] In this regard, the Court notes and rejects the Forwarding Defendants' claim that Michigan law does not permit what the Forwarding Defendants characterize as Plaintiffs' "vague group" allegations in the second amended complaint. When viewed as a whole, the allegations are sufficient to reasonably inform the Forwarding Defendants of the nature of the claims against them as required by MCR 2.111(B).

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

MRCPA nor do Plaintiffs assert how they have standing to raise such a claim or the manner in which they would have avoided the damages alleged had the Forwarding Defendants been licensed during the 2004 to 2010 putative class period.[18] It necessarily follows, per the Forwarding Defendants, that Plaintiffs have failed to state a claim under the Occupational Code inasmuch as they have not alleged they were debtors subject to abusive collection practices, which the Forwarding Defendants insist is the purpose of the Occupational Code, nor have Plaintiffs alleged that the Forwarding Defendants engaged in any of the acts prohibited by the Occupational Code. Further, the Forwarding Defendants contend that Plaintiffs have failed to state a claim under the MRCPA because the alleged lack of licenses by the Forwarding Defendants does not constitute an automatic violation of the MRCPA in that during the class period suggested by the Forwarding Defendants, 2004 to 2010, the Forwarding Defendants were not required to be licensed as collection agencies.

For the same reasoning applied in conjunction with Plaintiffs' tortious interference claims, the Court is satisfied that the statutory claims have been properly pled by Plaintiffs. In this regard, the Forwarding Defendants have not shown, nor can they, that the Occupational Code requires allegations that "a debtor" has suffered injuries. On the contrary, the Occupational Code affords standing to "[a] person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article," by permitting such person to "bring an action for damages or other equitable relief." MCL 339.916(1). "Person" is defined by the Occupational Code to include an individual (Badeen) as well as a corporation (Midwest Recovery and Adjustment, Inc, a Michigan for profit corporation). MCL 339.105(5). Significantly, the Occupational Code does

[18] Plaintiffs claim that the class period is not limited to 2004 to 2010, but is simply from 2004 forward.

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

not limit causes of action under its provisions to debtors. As to whether it was necessary for the Forwarding Defendants to be licensed as collection agencies relative to the alleged class period, the Forwarding Defendants have failed to show for purposes of the instant motion that based on their respective business operations they were not subject to the licensing requirements of the Occupational Code or the MRCPA.

**4. Due Process (Counts III-VIII)**

According to the Forwarding Defendants, any finding that they had to be licensed during the class period would violate the Due Process clause of the Michigan Constitution. This contention is predicated upon the proposition that the Forwarding Defendants were not subject to the licensure requirement of the Occupational Code from 2004 to 2010 and that there is no "relevant" authority which indicated to the contrary. Again, the issue of licensure has not been resolved in favor of the Forwarding Defendants at least at the present time in spite of the conclusory statement by the Forwarding Defendants that they were not required to be licensed as collection agencies without regard to the specifics of the services they provided during the class period. Further, the Occupational Code itself gave the Forwarding Defendants notice that conducting their businesses without licenses potentially ran afoul of the statute.

**5. Negligence *Per Se* (Count VI)**

Plaintiffs have failed to state a claim for negligence *per se* according to the Forwarding Defendants, who have raised several contentions in support of their position, the dispositive one of which is that economic losses are not recoverable for negligence in Michigan. In this regard, the Forwarding Defendants correctly assert that Plaintiffs' claim of negligence *per se* based on the Forwarding Defendants' alleged failure to comply with the Occupational Code is not viable since under Michigan law, a claim of negligence cannot be sustained for economic loss standing

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

alone. See *Henry v Dow Chem Co*, 473 Mich 63, 75-76; 701 NW2d 684 (2005)(to sustain a claim for negligence, a plaintiff must show "a present physical injury to person or property in addition to economic losses that result from that injury). Since Plaintiffs' negligence *per se* claim is for economic losses, which Michigan courts have made clear cannot be sustained under Michigan law, the claim must be dismissed. The Forwarding Defendants' joint motion for summary disposition as to Plaintiffs' claim for negligence *per se* against the Forwarding Defendants is accordingly granted.

**6. Civil Conspiracy (Count III)**

The Forwarding Defendants assert that Plaintiffs have failed to state a claim for civil conspiracy in Count III of the second amended complaint, which provides as follows:

> 68. Defendant Forwarding Companies and defendant Lending Institutions entered into agreements through the Lending Institutions['] hiring of defendant Forwarding Companies that violate the Occupational Code and the Regulation of Collection Practices Act.
>
> 69. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code and the Regulation of Collection Practices Act.
>
> 70. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code and the Regulation of Collection Practices Act.
>
> 71. Violation of the Occupational Code and the Regulation of Collection Practices Act is a criminal and/or unlawful act, and/or unlawful means.
>
> 72. Defendant's civil conspiracy has caused Badeen and other class members damages.
>
> (Second Amended Complaint, p 13).

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

These allegations are contested by the Forwarding Defendants on the ground that they are conclusory, and no agreements are specified or attached, nor is there any explanation for the omission. The Forwarding Defendants also complain that no factual allegations are made about: damages proximately caused by the alleged activities; the identities of the parties who ostensibly acted in concert with each other; the manner in which the parties acted with each other; or which provisions of the statutes at issue were violated. In addition, the Forwarding Defendants maintain that Plaintiffs have not adequately pled any intent to accomplish a criminal or unlawful purpose or to accomplish a criminal or unlawful purpose by unlawful means. According to the Forwarding Defendants, the record facts demonstrate the opposite, i.e., that the Forwarding Defendants did not need to be licensed as debt collectors. The Court is unpersuaded by the Forwarding Defendants' contentions for the same reasoning set forth earlier as to the sufficiency of the pleadings and the licensure requirement.

**7. Class Action (Count I)/Injunctive Relief (Count II)**

Count I of the second amended complaint is titled "class action." In Count II of the second amended complaint, Plaintiffs request "an order enjoining Forwarding Companies from *continuing to* solicit or performing collection business in Michigan without a license." (Second Amended Complaint, p 13) (Emphasis added). The Forwarding Defendants claim that these counts are tantamount to requests for relief, not causes of action, and thus, should be dismissed. In addition, the Forwarding Defendants contend that the injunctive relief count is moot because the Occupational Code now exempts forwarders, many of whom have obtained licenses nevertheless, including PAR.

It is apparent that Count I of the second amended complaint has been pled as part of the class action allegations. Therefore, the Forwarding Defendants have not shown that dismissal is

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

warranted at the present time at least on the first asserted basis for summary disposition. As for Count II of the second amended complaint, though, the Court finds that because on its face it is predicated on a request for relief that is now moot given the underlying facts and circumstances, the count is properly dismissed. The Forwarding Defendants' joint motion for summary disposition as to Plaintiffs' claim for injunctive relief against the Forwarding Defendants is consequently granted.

**8. Public Policy (Counts III-VIII)**

Lastly, the Forwarding Defendants argue that all of Plaintiffs' claims against them in the second amended complaint are moot and violative of public policy in view of the amendments to the Occupational Code, which, according the Forwarding Defendants, show that they were never intended to fall within the purview of the Occupational Code or the MRCPA, i.e., be required to obtain collection agency licenses. In support, the Forwarding Defendants point out that PAR is now licensed and that LARA indicated its declaratory ruling as to PAR was moot in view of these amendments. These arguments are unpersuasive, however, for the same reasons above regarding the licensure requirement. Additionally, the relevant amendments are to be applied prospectively as opposed to retroactively in the absence of any legislative intent manifested to the contrary. See *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155; 725 NW2d 56 (2006).

**C. Lender Defendants' Motion for Summary Disposition**

Finally, the Lender Defendants seek dismissal of Plaintiffs' claims against them in the second amended complaint. As a preliminary matter, the Lender Defendants assert that to the extent the arguments set forth in the Forwarding Defendants' motion are applicable to these claims, they are adopted and incorporated. The Court will consequently grant the Lender

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/1/2018 2:56 PM Cathy M. Garrett Linda Woods

Defendants' motion for summary disposition with regard to Plaintiffs' claims against the Lender Defendants for negligence *per se* (Count VI) and injunctive relief (Count II). The Court will next turn to an examination of the parties' arguments in conjunction with the civil conspiracy claim contested by the Lender Defendants in their motion for summary disposition.[19]

**1. Civil Conspiracy (Count III)**

In Count III of the second amended complaint, Plaintiffs allege civil conspiracy,[20] the essential elements of which are: (1) a concerted action; (2) by a combination of two or more persons; (3) to accomplish an unlawful purpose; (4) or a lawful purpose by unlawful means. *Admiral Ins Co v Columbia Casualty Ins Co*, 194 Mich App 300, 313; 486 NW2d 351 (1992); *Mays v Three Rivers Rubber Corp*, 135 Mich App 42, 48; 352 NW2d 339 (1984). Significantly, a civil conspiracy claim standing alone is not actionable; it is necessary to prove a separate actionable tort underlying the conspiracy. *Advocacy Organization for Patients & Providers v Auto Club Ins Ass'n*, 257 Mich App 365, 384; 670 NW2d 569 (2003). Thus, a civil conspiracy claim fails as a matter of law in the absence of a viable underlying tort. *Id.*

Here, the Lender Defendants maintain that Plaintiffs have failed to allege how or when each of the Lender Defendants acted in concert with any of the Forwarding Defendants to violate the law or that all Lender Defendants and Forwarding Defendants entered into an agreement or agreements with the intention of violating any law but rather, allege that the Lender Defendants contracted with "unlicensed" Forwarding Defendants. The Lender Defendants also claim that

---

[19] Although the Lender Defendants move for summary disposition "on each and every claim" in the second amended complaint, and conclude by requesting dismissal of Counts I, II, III, and VI of the second amended complaint (Lender Defendants' Motion for Summary Disposition, pp 1, 18), the argument section of the brief in support of their motion only sets forth contentions relative to the negligence *per se* and civil conspiracy claims.

[20] Plaintiffs' civil conspiracy allegations have been set forth above.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/1/2018 2:56 PM Linda Woods

even if the otherwise lawful use of the Forwarding Defendants technically violated the Occupational Code or the MRCPA, the violation would not arise to the level of tortious or wrongful conduct. In support, the Lender Defendants principally rely on *Martell v Turcheck*, Case No 2:07-cv-14068 (ED Mich, July 7, 2008). However, as discussed above, the pleadings are sufficient at least for purposes of the instant motions. Moreover, the civil conspiracy claim is predicated on the putative violation of the Occupational Code and the MRCPA which are viable underlying legal claims remaining in this case. The *Martell* case is therefore distinguishable where there was no separate, actionable tort to support the plaintiffs' claim of conspiracy.

**D. Conclusion**

In conclusion, CenterOne and Millennium's motions for summary disposition are granted. The Forwarding Defendants' joint motion for summary disposition and the Lender Defendants' motion for summary disposition are granted only as to Plaintiffs' claims against the Forwarding Defendants and the Lender Defendants in the second amended complaint for negligence *per se* (Count VI) and injunctive relief (Count II). The Court will dismiss with prejudice all the claims in the second amend complaint against CenterOne and Millennium in addition to Counts II and VI of the second amended complaint against the Forwarding Defendants and the Lender Defendants.

Circuit Judge

Dated: 5/3/2018

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GEORGE BADEEN, an individual and on behalf of a proposed class, and MIDWEST RECOVERY AND ADJUSTMENT, INC., a Michigan for profit corp. and on behalf of a proposed class,

Plaintiffs,

v.

PAR, INC., d/b/a, PAR NORTH AMERICA, an Indiana corporation; REMARKETING SOLUTIONS, a Delaware limited liability company, for itself and as successor in interest; FIRST NATIONAL REPOSSESSORS, INC., a Minnesota corporation; MV CONNECT, LLC d/b/a/ IIA, LLC, an Illinois limited liability company; RENOVO SERVICES, LLC, a Delaware limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; THE M. DAVIS COMPANY, INC. d/b/a USA RECOVERY SOLUTIONS, a California Corporation; REPOSSESSORS, INC., a Minnesota corporation; AMERICAN RECOVERY SERVICES, INC., a California corporation; DIVERSIFIED VEHICLE SERVICES, INC., an Indiana corporation; CONSUMER FINANCIAL SERVICES, LLC, a Connecticut limited liability company; TD AUTO FINANCE LLC, a Michigan limited liability company; TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA INC., an Illinois corporation; PNC BANK, an Ohio corporation; BANK OF AMERICA, a North Carolina company; FIFTH THIRD BANK, an Ohio company; THE HUNTINGTON NATIONAL BANK, an Ohio corporation, jointly and severally,

Defendants.

No. 10-004053-CZ

Hon. Edward Ewell, Jr.

**PAR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Document received by the MI Wayne 3rd Circuit Court.

Joseph M. Xuereb (P40l24)
XUEREB SNOW, PC
Attorneys for Plaintiffs
7752 Canton Center Road, Suite 110
Canton, MI 48187
(734) 455-2000
jxuereb@xuerebsnow.com

Patrick G. Seyferth (P47575)
Jessica V. Currie (P74213)
BUSH SEYFERTH & PAIGE PLLC
Attorneys for PAR, Inc.,
d/b/a PAR NORTH AMERICA,
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
currie@bsplaw.com

Blaine C. Kimrey
Jeanah Park
VEDDER PRICE P.C.
Attorneys for PAR, Inc.,
d/b/a PAR NORTH AMERICA,
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7865
bkimrey@vedderprice.com
jpark@vedderprice.com

Leslie C. Morant (P68061)
BRITT MORANT PC
Attorneys for Remarketing Solutions, LLC,
Renovo Services, LLC, DVS, Inc. and Toyota
Motor Credit Corporation
146 Monroe Center, NW
Grand Rapids, MI 49503
(616) 647-5426
les@brittmorant.com

Matthew J. Lund (P48632)
PEPPER HAMILTON LLP
Attorneys for TD Auto Finance LLC, f/k/a
Chrysler Financial Services Americas LLC
4000 Town Center, Suite 1800
Southfield, MI 48075-1505
(248) 359-7300
lundm@pepperlaw.com

Anne S. McLean
SHEPPARD MULLIN
Attorneys for Toyota Motor Credit Corporation
Four Embarcadero Center, Seventeenth Floor
San Francisco, CA 94111
(415) 774-3154
amclean@sheppardmullin.com

Amy Sabbota Gottlieb (P67020)
DICKINSON WRIGHT PLLC
Attorneys for Bank of America, N.A.
2600 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7286
agottlieb@dickinsonwright.com

Michael G. Brady (P57331)
Laura N. You (P76416)
WARNER NORCROSS & JUDD LLP
Attorneys for Fifth Third Bank
2000 Town Center, Suite 2700
Southfield, MI 48075
mbrady@wnj.com
lyou@wnj.com

Document received by the MI Wayne 3rd Circuit Court.

Matthew J. Boettcher (P40929)
PLUNKETT & COONEY, P.C.
Attorneys for The Huntington National Bank and PNC Bank, N.A.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
mboettcher@plunkettcooney.com

James R. Bruinsma (P48531)
MCSHANE & BOWIE, PLC
Attorneys for Nissan Motor Acceptance Corp.
99 Monroe Ave., N.W., Suite 1100
Grand Rapids, MI 49503
(616) 732-5000
jrb@msblaw.com

Evan Burkholder (P67986)
LeCLAIR RYAN, P.C.
Attorneys for Santander Consumer USA, Inc.
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, Michigan 48126
(313) 583-5955
Evan.Burkholder@leclairryan.com

Mary J. Hackett
Jarrod D. Shaw
Karla L. Johnson
MCGUIREWOODS LLP
Attorneys for Bank of America, N.A.
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
mhackett@mcguirewoods.com

Document received by the MI Wayne 3rd Circuit Court.

NOW COMES defendant PAR, Inc. d/b/a PAR North America (hereafter "PAR"), through its undersigned counsel, and for its Answer and Affirmative Defenses to plaintiffs George Badeen ("Badeen") and Midwest Recovery and Adjustment, Inc.'s Second Amended Complaint and Jury Demand, states as follows:

**ALLEGATION NO. 1:**

Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustment, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 2:**

Plaintiff, Midwest Recovery and Adjustment, Inc. (Midwest), which has a principal place of business located in Redford Township, Wayne County.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 3:**

Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services.  Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

**ANSWER:**

PAR admits that it is a forwarding company that hires local repossession agents to perform repossessions on behalf of lending institutions.  PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 4:**

Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

**ANSWER:**

PAR admits that it is an Indiana corporation doing business as PAR North America.

PAR further admits that it is engaged in forwarding activities related to repossessions by licensed

repossession agents in the state of Michigan.  PAR denies as untrue the remaining allegations in

this Paragraph.

**ALLEGATION NO. 5:**

Defendant, Remarketing Solutions, LLC ("Remarketing"), a Delaware limited liability company, for itself and as successor 111 interest to Manheim Recovery Solutions/Manheim Remarketing Solutions, is engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the

allegations in this Paragraph.

**ALLEGATION NO. 6:**

Defendant, CenterOne Financial Services, LLC ("CenterOne"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the

allegations in this Paragraph.

**ALLEGATION NO. 7:**

Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 8:**

Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 9:**

Defendant, MV Connect, LLC doing business as IIA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 10:**

Defendant, Renovo Services, LLC ("Renovo"), a Delaware limited liability company, for itself and as successor in interest to Remarketing Solutions, Manheim Recovery Solutions/Manheim Remarketing Solutions, and/or Renaissance Recovery Solutions, is engaged in the business of repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 11:**

Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 12:**

Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 13:**

Defendant, The M. Davis Company, Inc., doing business as USA Recovery Solutions (USA Recovery), is a California corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 14:**

Defendant, Repossessors, Inc., 1s a Minnesota corporation engaged m the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 15:**

Defendant, American Recovery Service, Inc. ("American"), 1s a California corporation engaged in the business of providing repossession forwarding services in Michigan.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 16:**

Defendant, Diversified Vehicle Services, Inc. ("Diversified"), is an Indiana corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 17:**

Defendant, National Asset Recovery Corp. ("National"), is a Florida corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 18:**

Defendant, Consumer Financial Services, LLC, ("Consumer") is a Connecticut limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 19:**

Defendant, Chrysler Financial Services Americas, LLC, ("Chrysler Financial"), is a Michigan limited liability company engaged in the business of automobile lending in Michigan.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 20:**

Defendant, Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 21:**

Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 22:**

Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 23:**

Defendant, PNC Bank, N.A.  ("PNC"), is an Ohio corporation engaged in the business of automobile lending.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 24:**

Defendant, Bank Of America, N.A., ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 25:**

Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 26:**

Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 27:**

Defendant, The Huntington National Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 28:**

PAR, Remarketing, CenterOne, First National, Millennium, IIA, Renovo, Renaissance, ASR, USA Recovery, Repossessors, Inc., American, Diversified, National, and Consumer shall collectively be referred to as the "Forwarding Companies."

**ANSWER:**

This paragraph does not contain a factual allegation to which a response is required.

**ALLEGATION NO. 29:**

Chrysler Financial, Toyota Credit, Nissan Acceptance, Santander, PNC, Bank Of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

**ANSWER:**

This paragraph does not contain a factual allegation to which a response is required.

**ALLEGATION NO. 30:**

Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

**ANSWER:**

PAR admits that it is engaged in forwarding activities related to repossessions by licensed repossession agents in the state of Michigan.  PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 31:**

Therefore, jurisdiction and venue are proper before this court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

Document received by the MI Wayne 3rd Circuit Court.

## GENERAL ALLEGATIONS

**ALLEGATION NO. 32:**

Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 33:**

Motor vehicles are the collateral for the secured loans.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 34:**

Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 35:**

Defendant Forwarding Companies are large scale organizations doing business on a national level.

**ANSWER:**

PAR admits that engages in forwarding activities related to repossessions by licensed repossession agents throughout the country. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 36:**

Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph as alleged against PAR. PAR

lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in this Paragraph.

**ALLEGATION NO. 37:**

Defendant Lending Institutions have entered into agreements with defendant Forwarding Companies whereby defendant Lending Institutions hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

**ANSWER:**

PAR denies as untrue the allegations in this paragraph as to PAR. PAR lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in this

Paragraph.

**ALLEGATION NO. 38:**

Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

**ANSWER:**

PAR denies as untrue that it is not and has not been licensed by the State of Michigan to

collect on debts and, answering further, states that it is licensed under MCL 339.901. PAR lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations

in this Paragraph.

**ALLEGATION NO. 39:**

Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis, as a result of the agreements between them.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR admits that it has received orders from certain Lending Institutions. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 40:**

Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized. Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

**ANSWER:**

PAR admits that it hires local, licensed, Michigan-based debt collection agencies to repossess certain collateral. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 41:**

Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or clue another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.90l(b).

**ANSWER:**

PAR denies as untrue that the language in this Paragraph accurately quotes the current version of MCL 339.901(1)(b).

**ALLEGATION NO. 42:**

Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a person shall not engage in or attempt to engage in the practice of an occupation regulated under this act..." (Emphasis added.) MCL 339.601(1).

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR denies as untrue that the language in this Paragraph is a complete and accurate quotation of MCL 339.601(1).

**ALLEGATION NO. 43:**

Pursuant to the Regulation of Collection Practices Act, a "'Regulated person' means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including the following:

(i) A regular employee when collecting accounts for 1 employer if the collection efforts are carried on in the name of the employer.

(ii) A state or federally chartered bank when collecting its own claim.

(iii) A trust company when collecting its own claim.

(iv) A state or federally chartered savings and loan association when collecting its own claim.

(v) A state or federally chartered credit union when collecting its own claim.

(vi) A licensee under Act No. 21 of the Public Acts of 1939, as amended.- being sections 493.1 to 493.26 of the Michigan Compiled Laws.

(vii) A business licensed by the state under a regulatory act by which collection activity is regulated.

(viii) An abstract company doing an escrow business.

(ix) A licensed real estate broker or salesperson if the claim being handled by the broker or salesperson is related to or in connection with the broker or salesperson's real estate business.

(x) A public officer or a person acting under court order.

(xi) An attorney handling claims and collections on behalf of a client and in the attorney's own name.

MCL 445.251.

**ANSWER:**

PAR denies as untrue that the language in this Paragraph accurately quotes the current version of MCL 445.251(g).

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 44:**

Pursuant to the Regulation of Collection Practices Act, ""'A regulated person shall not... (s) [employ] a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan compiled laws, to collect a claim unless that person is licensed..." MCL 445.252.

**ANSWER:**

PAR denies as untrue that the language in this Paragraph is a complete and accurate quotation of MCL 445.252(s).

**COUNT I-CLASS ACTION**

**ALLEGATION NO. 45:**

Plaintiffs reallege the allegations contained in paragraphs 1 through 44, above.

**ANSWER:**

PAR incorporates by reference its Answers to Paragraph 1 through 44, above, as though fully set forth herein.

**ALLEGATION NO. 46:**

George Badeen ("Badeen") is the proposed representative of a class.

**ANSWER:**

PAR admits that Plaintiffs seek to appoint George Badeen as the class representative for their proposed class. PAR denies as untrue that a class exists, denies as untrue that Badeen would be an appropriate class representative, and denies as untrue the remaining allegations in this Paragraph.

**ALLEGATION NO. 47:**

In the alternative, Midwest Recovery and Adjustment, Inc., is the proposed representative of a class.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR admits that Plaintiffs seek to appoint Midwest Recovery and Adjustment, Inc. as an alternative class representative for their proposed class. PAR denies as untrue that a class exists, denies as untrue that Midwest Recovery and Adjustment, Inc. would be an appropriate class representative, and denies as untrue the remaining allegations in this Paragraph.

**ALLEGATION NO. 48:**

Badeen and/or Midwest, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 49:**

Upon information and belief, this class would represent approximately 150 agencies and owners.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 50:**

Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 51:**

Badeen, individually or as owner of Midwest, is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 52:**

Each member of the class has been damaged similar to Badeen and Midwest in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 53:**

A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

THEREFORE, plaintiffs request this court enter an order certifying this action as a class action on behalf of the proposed class. [This cause of action has been stricken by the court pursuant to MCR 3.501 (13)(2)].

**ANSWER:**

WHEREFORE, PAR respectfully requests that this Court enter a judgment of no cause of action in its favor and against Plaintiffs, dismissing Count I of the Second Amended Complaint with prejudice, and awarding PAR its costs.

**COUNT II - INJUNCTIVE RELIEF**

**ALLEGATION NO. 54:**

Plaintiffs reallege the allegations contained in paragraphs 1 through 53, above.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order. No response to this Paragraph is necessary.

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 55:**

Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 56:**

Pursuant to the Occupational Code article on regulated occupations, "[an] 'affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes...  a licensee. . ."

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 57:**

Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 58:**

Midwest is a collection agency licensed pursuant to the Occupational Code.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 59:**

Pursuant to the Regulation of Collection Practices Act, a "person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief." MCL 445.257(1).

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 60:**

Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 61:**

The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 62:**

Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 63:**

Therefore, Defendant Forwarding Companies are engaging or attempting to engage 111 the practice of collections by soliciting collection business without a license 111 violation of the Occupational Code.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 64:**

Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 65:**

Defendant Lending Institutions hire defendant Forwarding Company's in violation of the Regulation of Collection Practices Act.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 66:**

If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, and enjoin defendant Lending Institutions from continuing to violate the Regulation of Collection Practices Act, Badeen, Midwest, and other class members will continue to suffer damages.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

THEREFORE, plaintiffs, for themselves and on behalf of the class, request this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, and enjoining defendant Lending Institutions from continuing to hire non-licensed debt collectors, along with statutory costs and attorney's fees.

**ANSWER:**

The Court dismissed Count II of the Second Amended Complaint with prejudice and granted summary disposition on Count II in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

Document received by the MI Wayne 3rd Circuit Court.

**COUNT III - CIVIL CONSPIRACY**

**ALLEGATION NO. 67:**

Plaintiffs reallege the allegations contained in 1 through 66, above.

**ANSWER:**

PAR incorporates by reference its Answers to Paragraph 1 through 66, above, as though fully set forth herein.

**ALLEGATION NO. 68:**

Defendant Forwarding Companies and defendant Lending Institutions entered into agreements through the Lending Institutions hiring of defendant Forwarding Companies that violate the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 69:**

Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 70:**

In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 71:**

Violation of the Occupational Code and the Regulation of Collection Practices Act is a criminal and/or unlawful act, and/or unlawful means.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

**ALLEGATION NO. 72:**

Defendant's civil conspiracy has caused Badeen and other class members damages.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER:**

WHEREFORE, PAR respectfully requests that this Court enter a judgment of no cause of action in its favor and against Plaintiffs, dismissing Count III of the Second Amended Complaint with prejudice, and awarding PAR its costs.

**COUNT IV - INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION**

**ALLEGATION NO. 73:**

Plaintiffs reallege the allegations contained in paragraphs l through 72, above.

**ANSWER:**

PAR incorporates by reference its Answers to Paragraph 1 through 72, above, as though fully set forth herein.

**ALLEGATION NO. 74:**

Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 75:**

Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

**ANSWER:**

PAR denies as untrue that it had actual knowledge of any valid business relationships or expectances between Badeen and other class members and defendant Lending Institutions. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 76:**

Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

**ANSWER:**

PAR denies as untrue that it intentionally interfered with plaintiffs' business relations and expectancies with their customers. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 77:**

Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

**ANSWER:**

PAR denies as untrue that its actions resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 78:**

Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

**ANSWER:**

PAR denies as untrue that it wrongfully solicited debt collection and asset repossession work and denies as untrue that it violated the Occupational Code.  PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 79:**

As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER:**

WHEREFORE, PAR respectfully requests that this Court enter a judgment of no cause of action in its favor and against Plaintiffs, dismissing Count IV of the Second Amended Complaint with prejudice, and awarding PAR its costs.

**COUNT V - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT**

**ALLEGATION NO. 80:**

Plaintiffs reallege the allegations contained in paragraphs 1 through 79, above.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR incorporates by reference its Answers to Paragraph 1 through 79, above, as though fully set forth herein.

**ALLEGATION NO. 81:**

Plaintiffs had valid contracts with defendant Lending Institutions.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 82:**

Plaintiffs' customers terminated and/or breached their contracts with George.

**ANSWER:**

PAR lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

**ALLEGATION NO. 83:**

Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

**ANSWER:**

PAR denies as untrue that it induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with the defendant Lending Institutions, if any such contracts exist. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 84:**

Plaintiffs have been damaged by the defendants' wrongful actions.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

Document received by the MI Wayne 3rd Circuit Court.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER:**

WHEREFORE, PAR respectfully requests that this Court enter a judgment of no cause of action in its favor and against Plaintiffs, dismissing Count V of the Second Amended Complaint with prejudice, and awarding PAR its costs.

**COUNT VI - NEGLIGENCE PER SE**

**ALLEGATION NO. 85:**

Plaintiffs reallege the allegations contained in paragraphs 1 through 84, above.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order. No response to this Paragraph is necessary.

**ALLEGATION NO. 86:**

Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or clue, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order. No response to this Paragraph is necessary.

**ALLEGATION NO. 87:**

Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or

Document received by the MI Wayne 3rd Circuit Court.

attempting to repossess a thing of value owed or clue, or asserted to be owed or due, another arising from an expressed or implied agreement.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 88:**

Plaintiffs are licensees under the Occupational Code, and therefore are "affected persons" of defendant Forwarding Company's unlawful actions.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 89:**

Defendant Lending Institutions had a duty under the Regulation of Collection Practices Act to not hire unlicensed debt collectors for debt collection services.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 90:**

Defendant Lending Institutions breached that duty by hiring defendant Forwarding Companies.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 91:**

Plaintiff is a person who has "suffer[ed] injury, loss, or damage... by the use of a method, act or practice.. " in violation of the Regulation of Collection Practices Act.  MCL 445.257(1).

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 92:**

Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiffs damages.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

**ALLEGATION NO. 93:**

Defendant Lending Institutions violations of the Regulation of Collection Practices Act proximately caused plaintiffs' damages.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order.  No response to this Paragraph is necessary.

Document received by the MI Wayne 3rd Circuit Court.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs and attorneys' fees.

**ANSWER:**

The Court dismissed Count VI of the Second Amended Complaint with prejudice and granted summary disposition on Count VI in favor of PAR and against Plaintiffs in its May 3, 2018 Order. No response to this Paragraph is necessary.

**COUNT VII - MCL 339.916**

**ALLEGATION NO. 94:**

Plaintiffs reallege the allegations contained in paragraphs 1 through 93, above.

**ANSWER:**

PAR incorporates by reference its Answers to Paragraph 1 through 93, above, as though fully set forth herein.

**ALLEGATION NO. 95:**

Defendant Forwarding Companies have used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

**ANSWER:**

PAR denies as untrue that it used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 96:**

Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

PAR denies as untrue that it willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it. PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 97:**

Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they request this court enter a judgment for treble damages and statutory attorneys fees.

**ANSWER:**

WHEREFORE, PAR respectfully requests that this Court enter a judgment of no cause of action in its favor and against Plaintiffs, dismissing Count VII of the Second Amended Complaint with prejudice, and awarding PAR its costs.

**COUNT VIII - MCL 445.252**

**ALLEGATION NO. 98:**

Plaintiffs reallege the allegations contained in paragraphs l through 97, above.

**ANSWER:**

PAR incorporates by reference its Answers to Paragraph 1 through 97, above, as though fully set forth herein.

Document received by the MI Wayne 3rd Circuit Court.

**ALLEGATION NO. 99:**

Defendant Forwarding Companies have used a method, act, and/or practice in violation of Regulation of Collection Practices Act.

**ANSWER:**

PAR denies as untrue that it used a method, act, and/or practice in violation of the Regulation of Collection Practices Act.  PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 100:**

Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act.

**ANSWER:**

PAR denies as untrue that it willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act.  PAR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph.

**ALLEGATION NO. 101:**

Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

**ANSWER:**

PAR denies as untrue the allegations in this Paragraph.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they requests this court enter a judgment for treble damages and statutory attorneys fees.

Document received by the MI Wayne 3rd Circuit Court.

**ANSWER:**

WHEREFORE, PAR respectfully requests that this Court enter a judgment of no cause of action in its favor and against Plaintiffs, dismissing Count VIII of the Second Amended Complaint with prejudice, and awarding PAR its costs.

**AFFIRMATIVE DEFENSES**

Defendant, PAR, Inc. d/b/a PAR North America ("PAR"), through its attorneys, states that it may rely on one or all of the following affirmative defenses prior to or at the time of trial. PAR does not concede that each of defenses listed below are affirmative defenses and does not necessarily assume the burden of proof or persuasion as to each. Each of PAR's affirmative defenses below are supported by Defendants' numerous summary disposition motion arguments, which are incorporated herein by reference as if fully restated:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims fail for lack of subject matter jurisdiction.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or the applicable repose or limitations periods.

4. Plaintiffs' claims are barred, in whole or in part, by PAR's good faith and fair dealing.

5. Plaintiffs' claims are barred by the doctrine of laches.

6. Plaintiffs' claims are barred, in whole or in part, by a valid release, waiver, modification, or discharge by the parties to the relevant agreements.

7. Plaintiffs' claims are subject to mandatory arbitration, mediation, or other compulsory alternative dispute resolution provisions in the agreements that were allegedly breached by Defendants.

Document received by the MI Wayne 3rd Circuit Court.

8.      Plaintiffs' claims are barred because they failed to mitigate their alleged damages.

9.      Plaintiffs' class action claims are barred by the class waiver provisions in their relevant agreements.

10.     Plaintiffs' class action claims are barred by the doctrine of superiority as its proposed class is inherently unmanageable.

11.     Plaintiffs' class action claims are barred because they are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

12.     Plaintiffs' class action claims are barred because the putative class is not so numerous that joinder of all members is impracticable.

13.     Plaintiffs' class action claims are barred because there are no questions of law or fact common to the putative class.  Rather, individualized questions of law and fact predominate over any common question.

14.     Plaintiffs' class action claims are barred because their claims or defenses are not typical of the claims or defenses of the putative class.

15.     Plaintiffs' class action claims are barred because Plaintiffs cannot fairly and adequately assert and protect the interests of the putative class.

16.     Plaintiffs' class action claims are barred by MCR 3.501(A)(5) and under the doctrine of election of remedies because Plaintiffs lack standing to assert class damages after demanding statutory civil remedies under statutes that do not expressly provide for class relief.

17.     Plaintiffs' claims are barred by their bad faith and unclean hands.

18.     Plaintiffs' claims are barred for failure to name and/or to serve indispensable parties.

Document received by the MI Wayne 3rd Circuit Court.

19.     Plaintiffs' claims are barred because Plaintiffs failed to name and/or to serve necessary third parties that allegedly share the fault for the alleged acts.

20.     Plaintiffs' claims fail because they are impermissibly vague, conclusory, and do not allege the requisite specificity.

21.     Plaintiffs' claims fail under MCR 2.113(F) because Plaintiffs failed to attach or identify any of the alleged agreements or contracts that form the basis for their claims.

22.     Plaintiffs' damage claims are barred for lack of causation in fact and proximate causation. Plaintiffs' alleged losses, if any, were caused by lawful industry innovations and not by improper acts. Further, Plaintiffs' alleged losses, if any, would have occurred regardless of whether PAR was licensed in the state of Michigan because other forwarders that were licensed were operating in the state of Michigan.

23.     Plaintiffs' claims are barred because PAR is exempt or excused from licensure under MCL 339.904(2). PAR's activities in the state of Michigan were limited to interstate communications.

24.     Plaintiffs' claims against PAR are barred, in whole or in part, by the doctrines of law of the case and/or comity as LARA, the reviewing court on appeal, and this Court have all held that only lenders based inside the state of Michigan were required to hire forwarders licensed in the state of Michigan.

25.     Plaintiffs' claims fail as a matter of law because this Court, the reviewing court of appeals, and LARA each held that the practice of forwarding was not subject to Occupational Code licensure during the alleged class period of 2004-2010. It was not until 2015, five years after the class period ended, that the Supreme Court reversed all prior precedent to find that forwarding might, under certain circumstances, require licensing. The Michigan legislature then

Document received by the MI Wayne 3rd Circuit Court.

superseded that opinion by amending the Occupational Code to remove the provision relied upon by the Supreme Court in its analysis.   Accordingly, any alleged failure to obtain a relevant license by PAR was done in good faith and not done improperly, tortiously, wrongfully, willfully, illegally, or unlawfully.

26.    Plaintiffs' claims are barred as moot because the Michigan legislature twice amended the Occupational Code and the MRCPA to expressly exclude the practice of forwarding from any collections licensing requirements.

27.    Plaintiffs' claims are barred for lack of case or controversy because the Michigan legislature twice amended the Occupational Code and the MRCPA to expressly exclude the practice of forwarding from any collections licensing requirements and thereby divested this Court of any remaining case or controversy to adjudicate.

28.    Plaintiffs' claims are barred under public policy given the Michigan Legislature's clear expression of its intent.   This Court must divine, interpret, and fulfill the intent of the Legislature, consistent with the Constitution and with public policy.   The Legislature stated its intent that forwarding not be subject to licensure, and further countenance of Plaintiffs' claims would violate public policy as expressed through the intent of the legislative amendments.

29.    Plaintiffs' claims are barred for violating both the substantive and procedural Due Process clauses of the United States Constitution.   Plaintiffs cannot prevail on their licensing claims as all court decisions and administrative opinions during the class period found that the forwarders were not required to be licensed.   PAR was entitled to rely on those decisions and opinions and not obtain licenses. Retroactively finding malicious intent or intentional misconduct would thus violate PAR's Due Process protections guaranteed under the United States Constitution.

Document received by the MI Wayne 3rd Circuit Court.

30.     Plaintiffs' claims are barred by the Dormant Commerce Clause of the United States Constitution, which prohibits States from unduly burdening interstate commerce. Requiring out of state forwarders to obtain Michigan licenses when their work is performed via interstate communications violates the Dormant Commerce Clause's prohibition on such unlawful restraints on interstate commerce.

31.     Plaintiffs' claims are barred because the Occupational Code and the MCL do not apply extraterritorially, and Plaintiffs cannot establish a violation within Michigan.

32.     Plaintiffs lack standing to prosecute claims under the Occupational Code or the MCR because those are debtor/consumer protection statutes designed to protect debtors/consumers from debt collectors and were never intended as a tool for debt collectors to bring claims against their competition.

33.     George Badeen lacks individual standing to bring any claims based in contract or intentional tort.

34.     Plaintiffs' claims are barred because Plaintiffs are not the real party in interest for alleged violations of the Occupational Code or the MCR because those are debtor/consumer protection statutes designed to protect debtors/consumers from debt collectors and were never intended as a tool for debt collectors to bring claims against their competition.

35.     Plaintiffs' claims for attorneys' fees are barred by Plaintiffs' own misconduct, PAR's good faith, and applicable court rules and rules of ethics.

36.     Plaintiffs' claims are barred because Plaintiff is seeking to recover damages that are entirely speculative in nature.

37.     By their conduct, Plaintiffs have waived any right to recover under any cause of action.

Document received by the MI Wayne 3rd Circuit Court.

38.     PAR adopts and incorporates by reference all affirmative defenses applicable to PAR asserted by the other defendants in this matter.

PAR reserves the right to amend or supplement these affirmative defenses throughout the case.

DATED: May 24, 2018

Respectfully submitted,

Bush Seyferth & Paige PLLC

By:    /s/ Jessica V.  Currie
       Patrick Seyferth (P47575)
       Jessica V.  Currie (P74213)
       3001 W.  Big Beaver Road, Suite 600
       Troy, MI 48084
       (248) 822-7800
       seyferth@bsplaw.com
       currie@bsplaw.com

       Vedder Price P.C.
       Blaine C.  Kimrey (admitted pro hac vice)
       Jeanah Park (admitted pro hac vice)
       222 N.  LaSalle Street
       Chicago, IL 60601
       (312) 609-7500

       Attorneys for defendant PAR, Inc., d/b/a PAR North America, Inc.

Document received by the MI Wayne 3rd Circuit Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2018, my assistant, Michele Hill, electronically filed the foregoing Par, Inc.'s Answer and Affirmative Defenses to Second Amended Complaint with the Clerk of the Court, by selecting E-File and Serve (EFS) through the MiFile TrueFiling system, which will send notification of such filing to the interested parties.

Respectfully submitted,

By: /s/Jessica V. Currie

Patrick G. Seyferth (P47575)
Jessica V. Currie (P74213)
BUSH SEYFERTH & PAIGE PLLC
Attorneys for PAR, Inc.,
d/b/a PAR NORTH AMERICA,
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
currie@bsplaw.com

Dated: May 24, 2018

Document received by the MI Wayne 3rd Circuit Court.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GEORGE BADEEN, individually and on behalf of a proposed class; and MIDWEST RECOVERY AND ADJUSTMENT, INC., a Michigan for profit corp. , for itself and on behalf of a proposed class;

Plaintiffs,

v.

PAR, INC., d/b/a, PAR NORTH AMERICA, an Indiana corporation; REMARKETING SOLUTIONS, a Delaware limited liability company, for itself and as successor in interest; CENTERONE FINANCIAL SERVICES LLC, a Delaware corporation; FIRST NATIONAL REPOSSESSORS, INC., a Minnesota corporation; MILLENNIUM CAPITAL AND RECOVERY CORPORATION, an Ohio corporation; MV CONNECT, LLC d/b/a/ IIA, LLC, an Illinois limited liability company; RONOVO SERVICES, LLC, a Delaware limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; THE M. DAVIS COMPANY, INC. d/b/a USA RECOVERY SOLUTIONS, a California Corporation; REPOSSESSORS, INC., a Minnesota corporation; AMERICAN RECOVERY SERVICES, INC., a California corporation; DIVERSIFIED VEHICLE SERVICES, INC., an Indiana corporation; CONSUMER FINANCIAL SERVICES, LLC, a Connecticut limited liability company; TD AUTO FINANCE LLC, a Michigan limited liability company; TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA INC., an Illinois corporation; PNC BANK, an Ohio corporation; BANK OF AMERICA, a North Carolina company; FIFTH THIRD BANK, an Ohio company; THE HUNTINGTON NATIONAL BANK, an Ohio corporation, jointly and severally,

Defendants.

No. 10-004053-CZ

Hon. Edward Ewell, Jr.

**DEFENDANT, REMARKETING SOLUTIONS, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

Joseph M. Xuereb (P40124)
XUEREB SNOW, PC
Attorneys for Plaintiffs
7752 Canton Center Road, Suite 110
Canton, MI 48187
(734) 455-2000
jxuereb@xuerebsnow.com

Patrick G. Seyferth (P47575)
Jessica V. Currie (P74213)
BUSH SEYFERTH & PAIGE PLLC
Attorneys for PAR, Inc.,
d/b/a PAR NORTH AMERICA,
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
currie@bsplaw.com

Blaine C. Kimrey
Jeanah Park
VEDDER PRICE P.C.
Attorneys for PAR, Inc.,
d/b/a PAR NORTH AMERICA,
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7865
bkimrey@vedderprice.com
jpark@vedderprice.com

S. Thomas Wienner (P29233)
Seth D. Gould (P45465)
WIENNER & GOULD
Attorneys for CenterOne Financial Services LLC
950 West University Drive, Suite 350
Rochester, MI 48307
(248) 841-9400
sgould@wiennergould.com

Matthew J. Lund (P48632)
PEPPER HAMILTON LLP
Attorneys for TD Auto Finance LLC, f/k/a Chrysler Financial Services Americas LLC
4000 Town Center, Suite 1800
Southfield, MI 48075-1505
(248) 359-7300
lundm@pepperlaw.com

Leslie C. Morant (P68061)
MORANT LAW PLLC
Attorneys for Remarketing Solutions, LLC, Renovo Services, LLC and Toyota Motor Credit Corporation
146 Monroe Center, NW
Grand Rapids, MI 49503
(616) 647-5426
les@morantlawpllc.com

Amy Sabbota Gottlieb (P67020)
DICKINSON WRIGHT PLLC
Attorneys for Bank or America, N.A.
2600 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7286
agottlieb@dickinsonwright.com

Michael G. Brady (P57331)
Laura N. You (P76416)
WARNER NORCROSS & JUDD LLP
Attorneys for Fifth Third Bank
2000 Town Center, Suite 2700
Southfield, MI 48075
mbrady@wnj.com
lyou@wnj.com

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/24/2018 4:24 PM Cathy M. Garrett Inga Robertson

Matthew J. Boettcher (P40929)
PLUNKETT & COONEY, P.C.
Attorneys for The Huntington National Bank and PNC Bank, N.A.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
mboettcher@plunkettcooney.com

James R. Bruinsma (P48531)
MCSHANE & BOWIE, PLC
Attorneys for Nissan Motor Acceptance Corp.
99 Monroe Ave., N.W., Suite 1100
Grand Rapids, MI 49503
(616) 732-5000
jrb@msblaw.com

Evan Burkholder (P67986)
LeCLAIR RYAN, P.C.
Attorneys for Santander Consumer USA, Inc.
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, Michigan 48126
(313) 583-5955
Evan.Burkholder@leclairryan.com

Deborah Hebert (P34964)
Kevin P. Moloughney (P49039)
COLLINS EINHORN FARRELL PC
Attorney for Millennium Capital and Recovery Corporation
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 351-5446
deborah.hebert@ceflawyers.com

Mary J. Hackett
Jarrod D. Shaw
Karla L. Johnson
MCGUIREWOODS LLP
Attorneys for Bank of America, N.A.
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
mhackett@mcguirewoods.com

Anne S. McLean
SHEPPARD MULLIN
Attorneys for Toyota Motor Credit Corporation
Four Embarcadero Center, Seventeenth Floor
San Francisco, CA 94111
(415) 774-3154
amclean@sheppardmullin.com

---

NOW COMES Defendant, ***REMARKETING SOLUTIONS, LLC***, (hereafter "***Remarketing***") through its undersigned counsel, and states the following in *Answer to Plaintiffs' Second Amended Complaint*:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustment, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

2. Plaintiff, Midwest Recovery and Adjustment, Inc. (Midwest), which has a principal place of business located in Redford Township, Wayne County.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

3. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

**ANSWER**: Remarketing denies as untrue the allegation that it "provides repossession services" in the sense intended by Plaintiffs in this Paragraph. Answering further, Remarketing admits that "Repossession forwarding servicers" are generally retained by automobile loan "lending institutions" to assist their collateral recovery efforts by contracting on their behalf with licensed repossession providers who perform all of the actual "repossession" work.

4. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which are directed at other defendants.

5. Defendant, Remarketing Solutions, LLC ("Remarketing"), a Delaware limited liability company, for itself and as successor in interest to Manheim Recovery Solutions/Manheim Remarketing Solutions, is engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing admits that it is a Delaware limited liability company who once provided repossession forwarding services in Michigan, denies as untrue the allegation that it still does so. Answering further, Remarketing denies as untrue the allegation that it is a "successor in interest" to Manheim Recovery Solutions or Manheim Remarketing Solutions and denies as untrue any allegation or inference that it would be liable for any of those Manheim entities' alleged actions.

6. Defendant, CenterOne Financial Services, LLC ("CenterOne"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants. Answering further, all claims against CenterOne were dismissed by order of the Court dated May 3, 2018.

7. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

8. Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants. Answering further, all claims against Millennium were dismissed by order of the Court dated May 3, 2018.

9. Defendant, MV Connect, LLC doing business as HA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

10. Defendant, Renovo Services, LLC ("Renovo"), a Delaware limited liability company, for itself and as successor in interest to Remarketing Solutions, Manheim Recovery Solutions/Manheim Remarketing Solutions, and/or Renaissance Recovery Solutions, is engaged in the business of repossession forwarding services in Michigan.

**ANSWER**: Remarketing admits that Renovo Services, LLC is a Delaware limited liability company who once provided repossession forwarding services in Michigan, denies as untrue the allegation that it still does so. Answering further, Remarketing denies as untrue the allegations that Renovo is a "successor in interest" to Manheim Recovery Solutions/Manheim Remarketing Solutions (hereafter "Manheim") or Renaissance Recovery Solutions, Inc. and denies as untrue any inference or allegation that Renovo would be liable for any of Manheim's or RRSI's alleged actions.

11. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

12. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants but, upon information and belief, ASR is no longer involved in the business of repossession forwarding.

13. Defendant, The M. Davis Company, Inc., doing business as USA Recovery Solutions (USA Recovery), is a California corporation engaged in the business of providing repossession forwarding services in Michigan.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants but, upon information and belief, The M. Davis Company, Inc. is no longer involved in the business of repossession forwarding.

14. Defendant, Repossessors, Inc., is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

15. Defendant, American Recovery Service, Inc. ("American"), is a California corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

16. Defendant, Diversified Vehicle Services, Inc. ("Diversified"), is an Indiana corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

17. Defendant, National Asset Recovery Corp. ("National"), is a Florida corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

18. Defendant, Consumer Financial Services, LLC, ("Consumer") is a Connecticut limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

19. Defendant, Chrysler Financial Services Americas, LLC, ("Chrysler Financial"), is a Michigan limited liability company engaged in the business of automobile lending in Michigan.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

20. Defendant, Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending in Michigan.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

21. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

22. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

23. Defendant, PNC Bank, N.A. ("PNC"), is an Ohio corporation engaged in the business of automobile lending.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

24. Defendant, Bank of America, N.A., ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

25. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

26. Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

27. Defendant, The Huntington National Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

28. PAR, Remarketing, CenterOne, First National, Millennium, IIA, Renovo, Renaissance, ASR, USA Recovery, Repossessors, Inc., American, Diversified, National, and Consumer shall collectively be referred to as the "Forwarding Companies."

**ANSWER:** Remarketing makes no response to this Paragraph as it alleges no facts to be admitted or denied.

29. Chrysler Financial, Toyota Credit, Nissan Acceptance, Santander, PNC, Bank of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

**ANSWER:** Remarketing makes no response to this Paragraph as it alleges no facts to be admitted or denied.

30. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

**ANSWER:** Remarketing admits that it performed forwarding services in the state of Michigan for some time, but no longer transacts business in the State of Michigan. Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, which are directed at other defendants.

31. Therefore, jurisdiction and venue are proper before this court.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, there are questions as to the personal and subject matter jurisdiction of this Court which have been raised in Defendants' summary disposition briefs and affirmative defenses, and Remarketing incorporates those objections by reference as though fully set forth herein.

## GENERAL ALLEGATIONS

32. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

**ANSWER:** Remarketing admits that lending institutions in general do make secured loans to consumers and businesses, or purchase the secured notes of other lenders, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph as directed against the specific Lending Institutions named in this complaint.

33. Motor vehicles are the collateral for the secured loans.

**ANSWER:** Remarketing admits that lending institutions in general do often accept motor vehicles as collateral for some of their secured loans, but lacks sufficient knowledge or information to form a belief as

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

to the truth or falsity of the allegations in this Paragraph as directed against the specific Lending Institutions named in this complaint.

34. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

35. Defendant Forwarding Companies are large scale organizations doing business on a national level.

**ANSWER**: Remarketing admits that, at one time, it provided repossession forwarding services on a nationwide basis, denies that it does so today. Remarketing makes no response as to the remaining allegations in this Paragraph which are directed at other defendants.

36. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

**ANSWER**: Because this Paragraph fails to identify which of the "Defendant forwarders" and "Defendant Lending Institutions" are alleged to be working together, Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

37. Defendant Lending Institutions have entered into agreements with defendant Forwarding Companies whereby defendant Lending Institutions hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

**ANSWER**: Because this Paragraph fails to identify which of the "Defendant forwarders" and "Defendant Lending Institutions" are alleged to have entered into agreements, Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

38. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

**ANSWER**: Denied as untrue, upon information and belief.

39. Remarketing forwarding companies receive orders from defendant Lending Institutions on a consistent basis, as a result of the agreements between them.

**ANSWER**: Because this Paragraph fails to identify which of the "Defendant forwarders" and "Defendant Lending Institutions" are alleged to be working together, Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations. Answering further, Remarketing admits that it has received orders from certain lenders to service accounts in Michigan in the past, denies that it continues to do so.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

40. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized, Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

**ANSWER**: Remarketing admits that it always used licensed debt collectors to perform its lender clients' collateral recovery work in Michigan, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of any of the remaining allegations in this Paragraph.

41. Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Remarketing denies that the language in this Paragraph accurately quotes the current version of MCL 339.901(1)(b).

42. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act..." (Emphasis added.) MCL 339.601(1).

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Remarketing denies that the language in this Paragraph accurately quotes the current version of MCL 339.601(1).

43. Pursuant to the Regulation of Collection Practices Act, a "'Regulated person' means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including the following:

i A regular employee when collecting accounts for 1 employer if the collection efforts are carried on in the name of the employer;
ii. A state or federally chartered bank when collecting its own claim;
i. A trust company when collecting its own claim;
ii. A state or federally chartered savings and loan association when collecting its own claim;
iii. A state or federally chartered credit union when collecting its own claim;
iv. A licensee under Act No. 21 of the Public Acts of 1939, as amended, being sections 493.1 to 493.26 of the Michigan Compiled Laws;
vii. A business licensed by the state under a regulatory act by which collection activity is regulated;
v. An abstract company doing an escrow business;

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

vi. A licensed real estate broker or salesperson if the claim being handled by the broker or salesperson is related to or in connection with the broker or salesperson's real estate business;

vii. A public officer or a person acting under court order;

viii. An attorney handling claims and collections on behalf of a client and in the attorney's own name.

MCL 445.251.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Remarketing denies that the language in this Paragraph accurately quotes the current version of MCL 445.251(g).

44. Pursuant to the Regulation of Collection Practices Act, 'A regulated person shall not...(s) [employ] a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan compiled laws, to collect a claim unless that person is licensed..." MCL 445.252.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Remarketing denies that the language in this Paragraph accurately quotes the current version of MCL 445.252(s).

## COUNT I — CLASS ACTION

45. Plaintiffs re-allege the allegations contained in paragraphs 1 through 44, above.

**ANSWER**: Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

46. George Badeen ("Badeen") is the proposed representative of a class.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Remarketing denies that a class exists and denies that Badeen would be an appropriate class representative.

47. In the alternative, Midwest Recovery and Adjustment, Inc., is the proposed representative of a class.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Remarketing denies that a class exists and denies that Midwest would be an appropriate class representative.

48. Badeen and/or Midwest, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**ANSWER**: Denied as untrue.

49. Upon information and belief, this class would represent approximately 150 agencies and owners.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

50. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

**ANSWER**: Denied as untrue.

51. Badeen, individually or as owner of Midwest, is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

**ANSWER**: Denied as untrue.

52. Each member of the class has been damaged similar to Badeen and Midwest in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

**ANSWER**: Denied as untrue.

53. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

**ANSWER**: Denied as untrue.

THEREFORE, plaintiffs request this court enter an order certifying this action as a class action on behalf of the proposed class. [This cause of action has been stricken by the court pursuant to MCR 3.501(B)(2)].

**ANSWER**: WHEREFORE, Remarketing respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Remarketing its fees and costs.

**COUNT II — INJUNCTIVE RELIEF**

54. Plaintiffs re-allege the allegations contained in paragraphs 1 through 53, above.

**ANSWER**: Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

55. Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain, injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

56. Pursuant to the Occupational Code article on regulated occupations, "[a]n `affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes...a licensee..."

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

57. Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

58. Midwest is a collection agency licensed pursuant to the Occupational Code.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

59. Pursuant to the Regulation of Collection Practices Act, a "person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief" MCL 445.2570).

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

60. Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

61. The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

62. Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

63. Therefore, Defendant Forwarding Companies are engaging or attempting to engage in the practice of collections by soliciting collection business without a license in violation of the Occupational Code.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

64. Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

65. Defendant Lending Institutions hire defendant Forwarding Company's in violation of the Regulation of Collection Practices Act.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

66. If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, and enjoin defendant Lending Institutions from continuing to violate the Regulation of Collection Practices Act, Badeen, Midwest, and other class members will continue to suffer damages.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

THEREFORE, plaintiffs, for themselves and on behalf of the class, request this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, and enjoining defendant Lending Institutions from continuing to hire non-licensed debt collectors, along with statutory costs and attorney's fees.

**ANSWER**: Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/24/2018 4:24 PM Cathy M. Garrett Inga Robertson

**COUNT III — CIVIL CONSPIRACY**

67. Plaintiffs re-allege the allegations contained in 1 through 66, above.

**ANSWER:** Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

68. Defendant Forwarding Companies and defendant Lending Institutions entered into agreements through the Lending Institutions hiring of defendant Forwarding Companies that violate the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER:** Denied as untrue.

69. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER:** Denied as untrue.

70. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER:** Denied as untrue.

71. Violation of the Occupational Code and the Regulation of Collection Practices Act is a criminal and/or unlawful act, and/or unlawful means.

**ANSWER:** Denied as untrue.

72. Defendant's civil conspiracy has caused Badeen and other class members damages.

**ANSWER:** Denied as untrue.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER:** WHEREFORE, Remarketing respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Remarketing its fees and costs. Remarketing further denies as untrue that there is any amount legitimately in controversy.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

## COUNT IV — INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION

73. Plaintiffs re-allege the allegations contained in paragraphs 1 through 72, above.

**ANSWER:** Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

74. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

**ANSWER:** Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

75. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

**ANSWER:** Remarketing denies as untrue the allegation that it had actual knowledge of Plaintiffs' or other putative class members' valid business relationships or expectancies with the Lending Institutions. Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

76. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

**ANSWER:** Denied as untrue.

77. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

**ANSWER:** Denied as untrue.

78. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

**ANSWER:** Remarketing denies as untrue the allegations that it "solicited" "debt collection and asset repossession work", that it did anything "wrongfully" or that it violated the Occupational code. Answering further, Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, which relate to other Defendants.

79. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

**ANSWER:** Remarketing denies the allegations in this Paragraph as untrue, denies that Plaintiffs were damaged at all, denies that Plaintiffs were damaged by any action of Remarketing, and denies that any alleged act by Remarketing proximately caused any alleged injury to Plaintiffs.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER**: WHEREFORE, Remarketing respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Remarketing its fees and costs. Remarketing further denies as untrue that there is any amount legitimately in controversy.

## COUNT V - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT

80. Plaintiffs re-allege the allegations contained in paragraphs 1 through 79, above.

**ANSWER**: Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

81. Plaintiffs had valid contracts with defendant Lending Institutions.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which relate to other Defendants. Answering further, Remarketing denies upon information and belief, that Plaintiffs had valid contracts with many (if any) of the Lending Institution Defendants named in this action during the relevant class, limitations or repose periods.

82. Plaintiffs' customers terminated and/or breached their contracts with George.

**ANSWER**: Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

83. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

**ANSWER**: Denied as untrue.

84. Plaintiffs have been damaged by the defendants' wrongful actions.

**ANSWER**: Denied as untrue.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER**: WHEREFORE, Remarketing respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Remarketing its fees and costs. Remarketing further denies as untrue that there is any amount legitimately in controversy.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

COUNT VI - NEGLIGENCE PER SE

85. Plaintiffs re-allege the allegations contained in paragraphs 1 through 84, above.

**ANSWER:** Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

86. Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

87. Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

88. Plaintiffs are licensees under the Occupational Code, and therefore are "affected persons" of defendant Forwarding Company's unlawful actions.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

89. Defendant Lending Institutions had a duty under the Regulation of Collection Practices Act to not hire unlicensed debt collectors for debt collection services.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

90. Defendant Lending Institutions breached that duty by hiring defendant Forwarding Companies.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

91. Plaintiff is a person who has "suffer[ed] injury, loss, or damage...by the use of a method, act or practice..." in violation of the Regulation of Collection Practices Act. MCL 445.257(1).

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

92. Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiff's damages.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

93. Defendant Lending Institutions violations of the Regulation of Collection Practices Act proximately caused plaintiffs' damages.

**ANSWER:** Remarketing makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00; plus interest, costs and attorneys' fees.

**ANSWER:** WHEREFORE, Remarketing respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Remarketing its fees and costs. Remarketing further denies as untrue that there is any amount legitimately in controversy.

## COUNT VII — MCL 339.916

94. Plaintiffs re-allege the allegations contained in paragraphs I through 93, above.

**ANSWER:** Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

95. Defendant Forwarding Companies have used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

**ANSWER:** Remarketing denies that it used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it. Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which relate to other defendants.

96. Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

**ANSWER:** Remarketing denies that it willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it. Remarketing lacks sufficient knowledge or

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

information to form a belief as to the truth or falsity of the allegations in this Paragraph, which relate to other defendants.

97. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

**ANSWER:** Denied as untrue.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they request this court enter a judgment for treble damages and statutory attorneys' fees.

**ANSWER:** WHEREFORE, Remarketing respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Remarketing its fees and costs. Remarketing further denies as untrue that there is any amount legitimately in controversy.

## COUNT VIII — MCL 445.252

98. Plaintiffs re-allege the allegations contained in paragraphs 1 through 97, above.

**ANSWER:** Remarketing incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

99. Defendant Forwarding Companies have used a method, act, and/or practice in violation of Regulation of Collection Practices Act.

**ANSWER:** Remarketing denies that it used a method, act, and/or practice in violation of the Regulation of Collection Practices Act. Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which relate to other defendants.

100. Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act.

**ANSWER:** Remarketing denies that it willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act. Remarketing lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which relate to other defendants.

101. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

**ANSWER:** Denied as untrue.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they requests this court enter a judgment for treble damages and statutory attorneys' fees.

**ANSWER**: WHEREFORE, Remarketing respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Remarketing its fees and costs for Plaintiffs acts in bringing and maintaining this frivolous and vexatious action. Remarketing further denies as untrue that there is any amount legitimately in controversy.

Respectfully submitted,

MORANT LAW, PLLC

Dated: May 24, 2018

By: /s/ ***Leslie C. Morant***

Leslie C. Morant (P68061)

Attorneys for Defendant
Remarketing Solutions, LLC

146 Monroe Center Avenue NW
Suite 418, McKay Tower
Grand Rapids, Michigan 49503
(616) 647-5426

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**AFFIRMATIVE DEFENSES**

Defendant, *Remarketing Solutions, LLC*, through its attorneys, ***Morant Law PLLC***, state that it may rely on one or all of the following affirmative defenses prior to or at the time of trial. Remarketing does not concede that each of the defenses listed below are pure affirmative defenses and does not necessarily assume the burdens of proof and persuasion as to each. Each of Defendant's Affirmative Defenses below are supported by Defendants' numerous summary disposition motion arguments, which are incorporated herein by reference as if fully restated:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims fail for lack of personal and/or subject matter jurisdiction, or due to mandatory CAFA removal.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel or the applicable repose or limitations periods.

4. Plaintiffs' claims are barred, in whole or in part, by Defendant's good faith and fair dealing.

5. Plaintiffs' claims are barred by the doctrine of laches, given that these claims are now 14 years old, key witnesses have died or will be unable to be located, several companies at issue have been sold, resold or gone insolvent, and corporate records, despite proper hold notices, are likely to have been lost, destroyed or are no longer in accessible formats due solely to the passage of time. It would be unfair to force Defendants to defend against such stale claims.

6. Plaintiffs' claims are barred, in whole or in part, by a valid release, waiver, modification or discharge by the parties to its agreements.

7. Plaintiffs' claims are barred, in whole or in part, by arbitration, mandatory mediation or other compulsory ADR provisions in the agreements they allege were breached by Defendants.

8. Plaintiffs' claims are barred because they have failed to mitigate their alleged damages.

9. Plaintiffs' class action claims are barred by class waiver provisions in their contracts.

10. Plaintiffs' class action claims are barred by the doctrine of superiority as its proposed class is inherently unmanageable.

11. Plaintiffs' class action claims are barred because they are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

12. Plaintiffs' class action claims are barred because the putative class is not so numerous that joinder of all members is impractical.

13. Plaintiffs' class claims are barred because their claims or defenses are not typical of the claims or defenses of the putative class.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

14. Plaintiffs' class claims are barred because there are no questions of fact or law common to the putative class. Rather, individualized questions or law or fact predominate over any common question.

15. Plaintiffs' class claims are barred because Plaintiffs cannot fairly and adequately assert and protect the interests of the putative class.

16. Plaintiffs' class action claims are barred pursuant to MCR 3.501(A)(5) and under the doctrine of election of remedies, because Plaintiffs lack standing to assert class damages after demanding statutory civil remedy damages in statutes that do not expressly provide for class relief.

17. Plaintiffs' claims are barred by his own unclean hands and bad faith.

18. Plaintiffs' claims are barred for failure to name and/or to serve indispensable parties.

19. Plaintiffs' claims are barred for failure to name or to serve necessary third parties that allegedly share the fault for the alleged acts.

20. Plaintiffs' claims must be dismissed as impermissibly vague, conclusory and fail to plead with requisite specificity.

21. Plaintiffs' claims fail as a matter of law under MCR 2.113(F) and must be dismissed for failure to attach or to identify any of the alleged agreements or contracts which form the basis of their claims.

22. Plaintiffs' damage claims are barred for lack of causation in fact and proximate causation. Plaintiffs' alleged losses were caused by industry innovation, not by the acts of the named forwarding defendants, and – if any losses ever did occur – they would have occurred regardless of whether *these* named forwarders were licensed or not, as other forwarders had licenses and were still operating in the State of Michigan.

23. Plaintiffs' claims are barred because the forwarding defendants were exempt or excused from licensure under MCR. 339.904(2) as they are all based out of State and all of their forwarding business was done via interstate communications.

24. Plaintiffs' claims against the lending defendants are barred, in whole or in part, by the doctrines of law of the case and/or comity as LARA, the reviewing court on appeal, and this Court have all held that only lenders based inside the State of Michigan ("Michigan based clients") were required to hire forwarders licensed in the State of Michigan.

25. Plaintiffs' claims fail as a matter of law, and must be dismissed, because the practice of forwarding was expressly held by this Court, the Court of Appeals and LARA, to not be subject to Occupational Code licensure during the alleged class period of 2004-2010. It was only in 2015 that the Supreme Court reversed all prior precedent to find that forwarding might, under certain circumstances, require licensing, and that was *five years after* the class period ended. The Michigan Legislature then immediately superseded that opinion by amending the Occupational Code to remove the provision relied upon by the Court in its analysis. Thus, any failure to obtain collections licensing by Defendants was done in good faith and without bad faith or malicious intent, and was not done improperly, tortiously, wrongfully, willfully, illegally or unlawfully.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

26. Plaintiffs' claims are barred as moot given that the State Legislature has now amended the Occupational Code and the MRCPA twice to expressly exclude the practice of forwarding from any collections licensing requirements. In doing so, the Legislature has clarified its original intent and mooted Plaintiffs' claims to the contrary.

27. Plaintiffs' claims are barred for lack of case or controversy given that the State Legislature has now amended the Occupational Code and the MRCPA twice to expressly exclude the practice of forwarding from any collections licensing requirements. In doing so, the Legislature has clarified its original intent and divested this Court of any remaining case or controversy to adjudicate.

28. Plaintiffs' claims are barred under public policy given the Michigan State Legislature's clear expression of its intent. This Court must divine, interpret and fulfill the intent of the Legislature, consistent with the Constitution and with public policy. Here it is clear that the Legislature has clarified its intent that forwarding not be subject to licensure, and further countenance of Plaintiffs' claims would violate public policy as expressed through the intent of the legislative amendments.

29. Plaintiffs' claims are barred for violating both substantive and procedural Due Process clauses of the U.S. Constitution. Plaintiffs cannot prevail on their licensing claims as all court decisions and administrative opinions during the class period had found that the forwarders were not required to be licensed. Defendants were entitled to rely on those decisions and opinions and not obtain licenses. Retroactively finding malicious intent or intentional misconduct would thus violate Defendants' Due Process protections guaranteed under the US Constitution.

30. Plaintiffs' claims are barred for violating the Dormant Commerce Clause of the U.S. Constitution which prohibits States from unduly burdening interstate commerce. Requiring out of State forwarders to obtain licenses in Michigan when their work is performed via interstate communications clearly violates the Dormant Commerce Clause's prohibition on such unlawful restraints on interstate commerce.

31. Plaintiffs' claims are barred because the Occupational Code and the MCRPA do not apply extraterritorially, and Plaintiffs cannot establish a violation within Michigan.

32. Plaintiffs lack standing to prosecute claims under the Occupational Code or the MCRPA, as those are debtor/consumer protection statutes designed to protect debtors/consumers from debt collectors, and were never intended as a tool for debt collectors to harass their competition. As such, Plaintiffs' claims must be dismissed.

33. Mr. Badeen similarly lacks standing, individually, to bring any of the contract or intentional tort claims in his complaint, and those claims must be dismissed as to him.

34. Plaintiffs' claims are barred because Plaintiffs are not the real party in interest for alleged violations of the Occupational Code or MCRPA because those are consumer/debtor protection statutes which were never intended as a tool for debt collectors to bring claims against their competitors.

35. Plaintiffs' claims are barred because his damages are entirely speculative in nature.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

36. Plaintiffs' attorney fee claims are not permissible and are barred by their own misconduct, Defendants' good faith, and by applicable court rules and rules of ethics.

37. Plaintiffs have waived their right to recover under any theory of recovery, by their own conduct.

38. Plaintiffs' claims are barred, in whole or in part, by the fact that certain Defendants were not in existence during all or part of the class period.

39. Plaintiffs' claims against Remarketing Solutions, LLC are barred, in whole or in part, by the fact that the current entity is not legally responsible for any losses, damages or claims which arose or accrued from acts that took place during the class period.

40. Remarketing relies upon the affirmative defenses pled and proven by any other Defendant in this case, and incorporates those affirmative defenses herein by reference.

Defendant reserves the right to amend these affirmative defenses throughout the case.

Respectfully Submitted,

Dated: May 24, 2018

*MORANT LAW PLLC*

/s/Leslie C. Morant

Leslie C. Morant
Counsel for Defendant,
Remarketing Solutions, LLC
146 Monroe Center Ave, NW
Suite 418, McKay Tower
Grand Rapids, MI 49503
616-747-5426
les@morantlawpllc.com

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:24 PM Inga Robertson

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2018, I electronically filed the foregoing *Remarketing Solutions, LLC's Answer to Second Amended Complaint with Affirmative Defenses*, with the Clerk of the Court, by selecting E-File and Serve (EFS) through TrueFiling System, which will send notification of such filing to the interested parties.

Respectfully Submitted,

Dated: May 24, 2018

***MORANT LAW PLLC***

/s/Leslie C. Morant

Leslie C. Morant
Counsel for Defendant,
Remarketing Solutions, LLC
146 Monroe Center Ave, NW
Suite 418, McKay Tower
Grand Rapids, MI 49503
616-647-5426
les@morantlawpllc.com

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/24/2018 4:26 PM Cathy M. Garrett Inga Robertson

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GEORGE BADEEN, individually and on behalf of a proposed class; and MIDWEST RECOVERY AND ADJUSTMENT, INC., a Michigan for profit corp. , for itself and on behalf of a proposed class;

Plaintiffs,

v.

PAR, INC., d/b/a, PAR NORTH AMERICA, an Indiana corporation; REMARKETING SOLUTIONS, a Delaware limited liability company, for itself and as successor in interest; CENTERONE FINANCIAL SERVICES LLC, a Delaware corporation; FIRST NATIONAL REPOSSESSORS, INC., a Minnesota corporation; MILLENNIUM CAPITAL AND RECOVERY CORPORATION, an Ohio corporation; MV CONNECT, LLC d/b/a/ IIA, LLC, an Illinois limited liability company; RONOVO SERVICES, LLC, a Delaware limited liability company; RENAISSANCE RECOVERY SOLUTIONS, INC., a Nevada corporation; THE M. DAVIS COMPANY, INC. d/b/a USA RECOVERY SOLUTIONS, a California Corporation; REPOSSESSORS, INC., a Minnesota corporation; AMERICAN RECOVERY SERVICES, INC., a California corporation; DIVERSIFIED VEHICLE SERVICES, INC., an Indiana corporation; CONSUMER FINANCIAL SERVICES, LLC, a Connecticut limited liability company; TD AUTO FINANCE LLC, a Michigan limited liability company; TOYOTA MOTOR CREDIT CORPORATION, a California corporation; NISSAN MOTOR ACCEPTANCE CORPORATION, a California corporation; SANTANDER CONSUMER USA INC., an Illinois corporation; PNC BANK, an Ohio corporation; BANK OF AMERICA, a North Carolina company; FIFTH THIRD BANK, an Ohio company; THE HUNTINGTON NATIONAL BANK, an Ohio corporation, jointly and severally,

Defendants.

No. 10-004053-CZ

Hon. Edward Ewell, Jr.

**DEFENDANT, RENOVO SERVICES, LLC'S, ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

Joseph M. Xuereb (P40124)
XUEREB SNOW, PC
Attorneys for Plaintiffs
7752 Canton Center Road, Suite 110
Canton, MI 48187
(734) 455-2000
jxuereb@xuerebsnow.com

Patrick G. Seyferth (P47575)
Jessica V. Currie (P74213)
BUSH SEYFERTH & PAIGE PLLC
Attorneys for PAR, Inc.,
d/b/a PAR NORTH AMERICA,
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
currie@bsplaw.com

Blaine C. Kimrey
Jeanah Park
VEDDER PRICE P.C.
Attorneys for PAR, Inc.,
d/b/a PAR NORTH AMERICA,
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7865
bkimrey@vedderprice.com
jpark@vedderprice.com

S. Thomas Wienner (P29233)
Seth D. Gould (P45465)
WIENNER & GOULD
Attorneys for CenterOne Financial Services LLC
950 West University Drive, Suite 350
Rochester, MI 48307
(248) 841-9400
sgould@wiennergould.com

Matthew J. Lund (P48632)
PEPPER HAMILTON LLP
Attorneys for TD Auto Finance LLC, f/k/a Chrysler Financial Services Americas LLC
4000 Town Center, Suite 1800
Southfield, MI 48075-1505
(248) 359-7300
lundm@pepperlaw.com

Leslie C. Morant (P68061)
MORANT LAW PLLC
Attorneys for Remarketing Solutions, LLC, Renovo Services, LLC and Toyota Motor Credit Corporation
146 Monroe Center, NW
Grand Rapids, MI 49503
(616) 647-5426
les@morantlawpllc.com

Amy Sabbota Gottlieb (P67020)
DICKINSON WRIGHT PLLC
Attorneys for Bank or America, N.A.
2600 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7286
agottlieb@dickinsonwright.com

Michael G. Brady (P57331)
Laura N. You (P76416)
WARNER NORCROSS & JUDD LLP
Attorneys for Fifth Third Bank
2000 Town Center, Suite 2700
Southfield, MI 48075
mbrady@wnj.com
lyou@wnj.com

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

Matthew J. Boettcher (P40929)
PLUNKETT & COONEY, P.C.
Attorneys for The Huntington National Bank and PNC Bank, N.A.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
mboettcher@plunkettcooney.com

James R. Bruinsma (P48531)
MCSHANE & BOWIE, PLC
Attorneys for Nissan Motor Acceptance Corp.
99 Monroe Ave., N.W., Suite 1100
Grand Rapids, MI 49503
(616) 732-5000
jrb@msblaw.com

Evan Burkholder (P67986)
LeCLAIR RYAN, P.C.
Attorneys for Santander Consumer USA, Inc.
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, Michigan 48126
(313) 583-5955
Evan.Burkholder@leclairryan.com

Deborah Hebert (P34964)
Kevin P. Moloughney (P49039)
COLLINS EINHORN FARRELL PC
Attorney for Millennium Capital and Recovery Corporation
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 351-5446
deborah.hebert@ceflawyers.com

Mary J. Hackett
Jarrod D. Shaw
Karla L. Johnson
MCGUIREWOODS LLP
Attorneys for Bank of America, N.A.
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
mhackett@mcguirewoods.com

Anne S. McLean
SHEPPARD MULLIN
Attorneys for Toyota Motor Credit Corporation
Four Embarcadero Center, Seventeenth Floor
San Francisco, CA 94111
(415) 774-3154
amclean@sheppardmullin.com

---

NOW COMES Defendant, ***RENOVO SERVICES, LLC***, (hereafter "***Renovo***") through its undersigned counsel, and states the following in *Answer to Plaintiffs' Second Amended Complaint*:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustment, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

2. Plaintiff, Midwest Recovery and Adjustment, Inc. (Midwest), which has a principal place of business located in Redford Township, Wayne County.

10-004053-CZ FILED IN MY OFFICE WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson Cathy M. Garrett

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

3. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

**ANSWER**: Renovo denies as untrue the allegation that it "provides repossession services" in the sense intended by Plaintiffs in this Paragraph. Answering further, Renovo admits that "Repossession forwarding servicers" are generally retained by automobile loan "lending institutions" to assist their collateral recovery efforts by contracting on their behalf with licensed repossession providers who perform all of the actual "repossession" work.

4. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which are directed at other defendants.

5. Defendant, Remarketing Solutions, LLC ("Remarketing"), a Delaware limited liability company, for itself and as successor in interest to Manheim Recovery Solutions/Manheim Remarketing Solutions, is engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo admits that Remarketing Solutions, LLC is a Delaware limited liability company who once provided repossession forwarding services in Michigan, denies as untrue the allegation that it still does so. Answering further, Renovo denies as untrue the allegation that Remarketing is a "successor in interest" to Manheim Recovery Solutions or Manheim Remarketing Solutions and denies as untrue any allegation or inference that it would be liable for any of the above-named Manheim entities' alleged actions.

6. Defendant, CenterOne Financial Services, LLC ("CenterOne"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants. Answering further, all claims against CenterOne were dismissed by order of the Court dated May 3, 2018.

7. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

8. Defendant, Millennium Capital and Recovery Corporation ("Millennium"), is an Ohio corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants. Answering further, all claims against Millennium were dismissed by order of the Court dated May 3, 2018.

9. Defendant, MV Connect, LLC doing business as HA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

10. Defendant, Renovo Services, LLC ("Renovo"), a Delaware limited liability company, for itself and as successor in interest to Remarketing Solutions, Manheim Recovery Solutions/Manheim Remarketing Solutions, and/or Renaissance Recovery Solutions, is engaged in the business of repossession forwarding services in Michigan.

**ANSWER**: Renovo admits that it is a Delaware limited liability company who once provided repossession forwarding services in Michigan, denies as untrue the allegation that it still does so. Answering further, Renovo denies as untrue the allegations that Renovo is a "successor in interest" to Manheim Recovery Solutions/Manheim Remarketing Solutions or Renaissance Recovery Solutions, Inc. and denies as untrue any inference or allegation that Renovo would be liable for any of the above-named Manheim entities' or RRSI's alleged actions.

11. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation engaged in the business of repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

12. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants but, upon information and belief, ASR is no longer involved in the business of repossession forwarding.

13. Defendant, The M. Davis Company, Inc., doing business as USA Recovery Solutions (USA Recovery), is a California corporation engaged in the business of providing repossession forwarding services in Michigan.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants but, upon information and belief, The M. Davis Company, Inc. is no longer involved in the business of repossession forwarding.

14. Defendant, Repossessors, Inc., is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

15. Defendant, American Recovery Service, Inc. ("American"), is a California corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

16. Defendant, Diversified Vehicle Services, Inc. ("Diversified"), is an Indiana corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

17. Defendant, National Asset Recovery Corp. ("National"), is a Florida corporation engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

18. Defendant, Consumer Financial Services, LLC, ("Consumer") is a Connecticut limited liability company engaged in the business of providing repossession forwarding services in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

19. Defendant, Chrysler Financial Services Americas, LLC, ("Chrysler Financial"), is a Michigan limited liability company engaged in the business of automobile lending in Michigan.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

20. Defendant, Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending in Michigan.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

21. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

22. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

23. Defendant, PNC Bank, N.A. ("PNC"), is an Ohio corporation engaged in the business of automobile lending.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

24. Defendant, Bank of America, N.A., ("Bank of America"), is a North Carolina company engaged in the business of automobile lending in Michigan.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

25. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio company engaged in the business of automobile lending in Michigan.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

26. Defendant, GE Money Bank ("GEMB"), is a foreign corporation engaged in the business of automobile lending in Michigan.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

27. Defendant, The Huntington National Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph which are directed at other defendants.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

28. PAR, Remarketing, CenterOne, First National, Millennium, IIA, Renovo, Renaissance, ASR, USA Recovery, Repossessors, Inc., American, Diversified, National, and Consumer shall collectively be referred to as the "Forwarding Companies."

**ANSWER:** Renovo makes no response to this Paragraph as it alleges no facts to be admitted or denied.

29. Chrysler Financial, Toyota Credit, Nissan Acceptance, Santander, PNC, Bank of America, Fifth Third, GEMB and Huntington shall collectively be referred to as the "Lending Institutions."

**ANSWER:** Renovo makes no response to this Paragraph as it alleges no facts to be admitted or denied.

30. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

**ANSWER:** Renovo admits that it performed forwarding services in the state of Michigan for some time, but no longer transacts business in the State of Michigan. Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, which are directed at other defendants.

31. Therefore, jurisdiction and venue are proper before this court.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, there are questions as to the personal and subject matter jurisdiction of this Court which have been raised in Defendants' summary disposition briefs and affirmative defenses, and Renovo incorporates those objections by reference as though fully set forth herein.

## GENERAL ALLEGATIONS

32. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

**ANSWER:** Renovo admits that some lending institutions in general do make secured loans to consumers and businesses, or purchase the secured notes of other lenders, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph as directed against the specific Lending Institutions named in this complaint.

33. Motor vehicles are the collateral for the secured loans.

**ANSWER:** Renovo admits that some lending institutions in general do sometimes accept motor vehicles as collateral for some of their secured loans, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph as directed against the specific Lending Institutions named in this complaint.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

34. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

35. Defendant Forwarding Companies are large scale organizations doing business on a national level.

**ANSWER**: Renovo admits that, at one time, it provided repossession forwarding services on a nationwide basis, denies that it does so today. Renovo makes no response as to the remaining allegations in this Paragraph which are directed at other defendants.

36. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

**ANSWER**: Because this Paragraph fails to identify which of the "Defendant forwarders" and "Defendant Lending Institutions" are alleged to be working together, Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

37. Defendant Lending Institutions have entered into agreements with defendant Forwarding Companies whereby defendant Lending Institutions hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

**ANSWER**: Because this Paragraph fails to identify which of the "Defendant forwarders" and "Defendant Lending Institutions" are alleged to have entered into agreements, Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

38. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

**ANSWER**: Denied as untrue, upon information and belief.

39. Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis, as a result of the agreements between them.

**ANSWER**: Because this Paragraph fails to identify which of the "Defendant forwarders" and "Defendant Lending Institutions" are alleged to be working together, Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations. Answering further, Renovo admits that it has received orders from certain lenders to service accounts in Michigan in the past, denies that it continues to do so.

40. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized, Michigan licensed debt collectors are paid less money

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

**ANSWER**: Renovo admits that it always used licensed debt collectors to perform its lender clients' collateral recovery work in Michigan, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of any of the remaining allegations in this Paragraph.

41. Pursuant to the Occupational Code Article on debt collection, a collection agency "[m]eans a person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Renovo denies that the language in this Paragraph accurately quotes the current version of MCL 339.901(1)(b).

42. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act..." (Emphasis added.) MCL 339.601(1).

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Renovo denies that the language in this Paragraph accurately quotes the current version of MCL 339.601(1).

43. Pursuant to the Regulation of Collection Practices Act, a "'Regulated person' means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including the following:

i A regular employee when collecting accounts for 1 employer if the collection efforts are carried on in the name of the employer;

ii. A state or federally chartered bank when collecting its own claim;

i. A trust company when collecting its own claim;

ii. A state or federally chartered savings and loan association when collecting its own claim;

iii. A state or federally chartered credit union when collecting its own claim;

iv. A licensee under Act No. 21 of the Public Acts of 1939, as amended, being sections 493.1 to 493.26 of the Michigan Compiled Laws;

vii. A business licensed by the state under a regulatory act by which collection activity is regulated;

v. An abstract company doing an escrow business;

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

vi. A licensed real estate broker or salesperson if the claim being handled by the broker or salesperson is related to or in connection with the broker or salesperson's real estate business;

vii. A public officer or a person acting under court order;

viii. An attorney handling claims and collections on behalf of a client and in the attorney's own name.

MCL 445.251.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Renovo denies that the language in this Paragraph accurately quotes the current version of MCL 445.251(g).

44. Pursuant to the Regulation of Collection Practices Act, 'A regulated person shall not...(s) [employ] a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan compiled laws, to collect a claim unless that person is licensed..." MCL 445.252.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as they state legal conclusions to which no response is necessary. Answering further, Renovo denies that the language in this Paragraph accurately quotes the current version of MCL 445.252(s).

**COUNT I — CLASS ACTION**

45. Plaintiffs re-allege the allegations contained in paragraphs 1 through 44, above.

**ANSWER:** Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

46. George Badeen ("Badeen") is the proposed representative of a class.

**ANSWER:** Renovo denies that a class exists and denies that Badeen would be an appropriate class representative.

47. In the alternative, Midwest Recovery and Adjustment, Inc., is the proposed representative of a class.

**ANSWER:** Renovo denies that a class exists and denies that Midwest would be an appropriate class representative.

48. Badeen and/or Midwest, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

**ANSWER:** Denied as untrue.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

49. Upon information and belief, this class would represent approximately 150 agencies and owners.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

50. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

**ANSWER**: Denied as untrue.

51. Badeen, individually or as owner of Midwest, is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

**ANSWER**: Denied as untrue.

52. Each member of the class has been damaged similar to Badeen and Midwest in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

**ANSWER**: Denied as untrue.

53. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

**ANSWER**: Denied as untrue.

THEREFORE, plaintiffs request this court enter an order certifying this action as a class action on behalf of the proposed class. [This cause of action has been stricken by the court pursuant to MCR 3.501(B)(2)].

**ANSWER**: WHEREFORE, Renovo respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Renovo its fees and costs.

## COUNT II — INJUNCTIVE RELIEF

54. Plaintiffs re-allege the allegations contained in paragraphs 1 through 53, above.

**ANSWER**: Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

55. Pursuant to the Occupational Code article on regulated occupations, "an affected person may maintain, injunctive action to restrain or prevent a person from violating subsection (1) or (2)."

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

56. Pursuant to the Occupational Code article on regulated occupations, "[a]n `affected person' means a person directly affected by the actions of a person suspected of violating subsection (1) or (2) and includes...a licensee..."

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

57. Badeen is a licensee who has been damaged by the defendant Forwarding Companies because defendant Forwarding Companies are performing collection practices and/or motor vehicle repossession work that the defendant Lending Institutions can legally contract only with licensed collection agents.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

58. Midwest is a collection agency licensed pursuant to the Occupational Code.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

59. Pursuant to the Regulation of Collection Practices Act, a "person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief" MCL 445.2570).

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

60. Defendant Forwarding Companies are not licensed to collect debts in the State of Michigan.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

61. The repossession of motor vehicles to satisfy secured loans constitutes the collection of debts and repossession of things of value as regulated under the Occupational Code, and specifically MCL 339.901.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

62. Defendant Forwarding Companies solicit the business of defendant Lending Institutions within the meaning of the Occupational Code, and specifically MCL 339.901.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

63. Therefore, Defendant Forwarding Companies are engaging or attempting to engage in the practice of collections by soliciting collection business without a license in violation of the Occupational Code.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

64. Defendant repossession Forwarding Company's violation of the Occupational Code is pervasive, systematic, and ongoing.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

65. Defendant Lending Institutions hire defendant Forwarding Company's in violation of the Regulation of Collection Practices Act.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

66. If this court does not enjoin defendant Forwarding Companies from continuing to violate the Occupational Code, and enjoin defendant Lending Institutions from continuing to violate the Regulation of Collection Practices Act, Badeen, Midwest, and other class members will continue to suffer damages.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

THEREFORE, plaintiffs, for themselves and on behalf of the class, request this court enter an order enjoining defendant Forwarding Companies from continuing to solicit or performing collection business in Michigan without a license, and enjoining defendant Lending Institutions from continuing to hire non-licensed debt collectors, along with statutory costs and attorney's fees.

**ANSWER:** Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

## COUNT III — CIVIL CONSPIRACY

67. Plaintiffs re-allege the allegations contained in 1 through 66, above.

**ANSWER**: Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

68. Defendant Forwarding Companies and defendant Lending Institutions entered into agreements through the Lending Institutions hiring of defendant Forwarding Companies that violate the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER**: Denied as untrue.

69. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER**: Denied as untrue.

70. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code and the Regulation of Collection Practices Act.

**ANSWER**: Denied as untrue.

71. Violation of the Occupational Code and the Regulation of Collection Practices Act is a criminal and/or unlawful act, and/or unlawful means.

**ANSWER**: Denied as untrue.

72. Defendant's civil conspiracy has caused Badeen and other class members damages.

**ANSWER**: Denied as untrue.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER**: WHEREFORE, Renovo respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Renovo its fees and costs. Renovo further denies as untrue that there is any amount legitimately in controversy.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

COUNT IV — INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION

73. Plaintiffs re-allege the allegations contained in paragraphs 1 through 72, above.

**ANSWER**: Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

74. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

**ANSWER**: Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

75. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

**ANSWER**: Renovo denies as untrue the allegation that it had actual knowledge of Plaintiffs' or other putative class members' valid business relationships or expectancies with the Lending Institutions. Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

76. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

**ANSWER**: Denied as untrue.

77. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

**ANSWER**: Denied as untrue.

78. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

**ANSWER**: Renovo denies as untrue the allegations that it "solicited" "debt collection and asset repossession work", that it did anything "wrongfully" or that it violated the Occupational code. Answering further, Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, which relate to other Defendants.

79. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

**ANSWER**: Renovo denies the allegations in this Paragraph as untrue, denies that Plaintiffs were damaged at all, denies that Plaintiffs were damaged by any action of Renovo, and denies that any alleged act by Renovo proximately caused any alleged injury to Plaintiffs.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER:** WHEREFORE, Renovo respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Renovo its fees and costs. Renovo further denies as untrue that there is any amount legitimately in controversy.

**COUNT V - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT**

80. Plaintiffs re-allege the allegations contained in paragraphs 1 through 79, above.

**ANSWER:** Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

81. Plaintiffs had valid contracts with defendant Lending Institutions.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which relate to other Defendants. Answering further, Renovo denies upon information and belief, that Plaintiffs had valid contracts with many (if any) of the Lending Institution Defendants named in this action during the relevant class, limitations or repose periods.

82. Plaintiffs' customers terminated and/or breached their contracts with George.

**ANSWER:** Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph.

83. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

**ANSWER:** Denied as untrue.

84. Plaintiffs have been damaged by the defendants' wrongful actions.

**ANSWER:** Denied as untrue.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

**ANSWER:** WHEREFORE, Renovo respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Renovo its fees and costs. Renovo further denies as untrue that there is any amount legitimately in controversy.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

**COUNT VI - NEGLIGENCE PER SE**

85. Plaintiffs re-allege the allegations contained in paragraphs 1 through 84, above.

**ANSWER**: Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

86. Defendant Forwarding Companies had a duty under the Occupational Code to not solicit, directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

87. Defendant Forwarding Companies breached this statutory duty by soliciting directly or indirectly, claims for collection owed or due, or asserted to be owed or due, or repossessing or attempting to repossess a thing of value owed or due, or asserted to be owed or due, another arising from an expressed or implied agreement.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

88. Plaintiffs are licensees under the Occupational Code, and therefore are "affected persons" of defendant Forwarding Company's unlawful actions.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

89. Defendant Lending Institutions had a duty under the Regulation of Collection Practices Act to not hire unlicensed debt collectors for debt collection services.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

90. Defendant Lending Institutions breached that duty by hiring defendant Forwarding Companies.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

91. Plaintiff is a person who has "suffer[ed] injury, loss, or damage...by the use of a method, act or practice..." in violation of the Regulation of Collection Practices Act. MCL 445.257(1).

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

92. Defendant Forwarding Companies violations of the Occupational Code proximately caused plaintiff's damages.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

93. Defendant Lending Institutions violations of the Regulation of Collection Practices Act proximately caused plaintiffs' damages.

**ANSWER**: Renovo makes no response to the allegations in this Paragraph as this Claim was struck and dismissed with prejudice by Order of the Court dated May 3, 2018.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00; plus interest, costs and attorneys' fees.

**ANSWER**: WHEREFORE, Renovo respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Renovo its fees and costs. Renovo further denies as untrue that there is any amount legitimately in controversy.

**<u>COUNT VII — MCL 339.916</u>**

94. Plaintiffs re-allege the allegations contained in paragraphs I through 93, above.

**ANSWER**: Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

95. Defendant Forwarding Companies have used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

**ANSWER**: Renovo denies that it used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it. Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, which relate to other defendants.

96. Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

**ANSWER**: Renovo denies that it willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it. Renovo lacks sufficient knowledge or

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, which relate to other defendants.

97. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

**ANSWER:** Denied as untrue.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they request this court enter a judgment for treble damages and statutory attorneys' fees.

**ANSWER:** WHEREFORE, Renovo respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Renovo its fees and costs. Renovo further denies as untrue that there is any amount legitimately in controversy.

## COUNT VIII — MCL 445.252

98. Plaintiffs re-allege the allegations contained in paragraphs 1 through 97, above.

**ANSWER:** Renovo incorporates by reference its responses to the preceding Paragraphs as though fully set forth herein.

99. Defendant Forwarding Companies have used a method, act, and/or practice in violation of Regulation of Collection Practices Act.

**ANSWER:** Renovo denies that it used a method, act, and/or practice in violation of the Regulation of Collection Practices Act. Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this Paragraph, which relate to other defendants.

100. Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act.

**ANSWER:** Renovo denies that it willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act. Renovo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, which relate to other defendants.

101. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

**ANSWER:** Denied as untrue.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they requests this court enter a judgment for treble damages and statutory attorneys' fees.

**ANSWER**: WHEREFORE, Renovo respectfully requests that this Court enter a judgment of no cause of action in its favor and against the Plaintiffs, dismissing this Count of the Second Amended Complaint with prejudice, and awarding Renovo its fees and costs for Plaintiffs acts in bringing and maintaining this frivolous and vexatious action. Renovo further denies as untrue that there is any amount legitimately in controversy.

Respectfully submitted,

MORANT LAW, PLLC

Dated: May 24, 2018

By: /s/ ***Leslie C. Morant***

Leslie C. Morant (P68061)

Attorneys for Defendant
Renovo Services, LLC

146 Monroe Center Avenue NW
Suite 418, McKay Tower
Grand Rapids, Michigan 49503
(616) 647-5426

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

## AFFIRMATIVE DEFENSES

Defendant, *Renovo Services, LLC*, through its attorneys, ***Morant Law PLLC***, state that it may rely on one or all of the following affirmative defenses prior to or at the time of trial. Renovo does not concede that each of the defenses listed below are pure affirmative defenses and does not necessarily assume the burdens of proof and persuasion as to each. Each of Defendant's Affirmative Defenses below are supported by Defendants' numerous summary disposition motion arguments, which are incorporated herein by reference as if fully restated:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims fail for lack of personal and/or subject matter jurisdiction, or due to mandatory CAFA removal.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel or the applicable repose or limitations periods.

4. Plaintiffs' claims are barred, in whole or in part, by Defendant's good faith and fair dealing.

5. Plaintiffs' claims are barred by the doctrine of laches, given that these claims are now 14 years old, key witnesses have died or will be unable to be located, several companies at issue have been sold, resold or gone insolvent, and corporate records, despite proper hold notices, are likely to have been lost, destroyed or are no longer in accessible formats due solely to the passage of time. It would be unfair to force Defendants to defend against such stale claims.

6. Plaintiffs' claims are barred, in whole or in part, by a valid release, waiver, modification or discharge by the parties to its agreements.

7. Plaintiffs' claims are barred, in whole or in part, by arbitration, mandatory mediation or other compulsory ADR provisions in the agreements they allege were breached by Defendants.

8. Plaintiffs' claims are barred because they have failed to mitigate their alleged damages.

9. Plaintiffs' class action claims are barred by class waiver provisions in their contracts.

10. Plaintiffs' class action claims are barred by the doctrine of superiority as its proposed class is inherently unmanageable.

11. Plaintiffs' class action claims are barred because they are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

12. Plaintiffs' class action claims are barred because the putative class is not so numerous that joinder of all members is impractical.

13. Plaintiffs' class claims are barred because their claims or defenses are not typical of the claims or defenses of the putative class.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

14. Plaintiffs' class claims are barred because there are no questions of fact or law common to the putative class. Rather, individualized questions or law or fact predominate over any common question.

15. Plaintiffs' class claims are barred because Plaintiffs cannot fairly and adequately assert and protect the interests of the putative class.

16. Plaintiffs' class action claims are barred pursuant to MCR 3.501(A)(5) and under the doctrine of election of remedies, because Plaintiffs lack standing to assert class damages after demanding statutory civil remedy damages in statutes that do not expressly provide for class relief.

17. Plaintiffs' claims are barred by his own unclean hands and bad faith.

18. Plaintiffs' claims are barred for failure to name and/or to serve indispensable parties.

19. Plaintiffs' claims are barred for failure to name or to serve necessary third parties that allegedly share the fault for the alleged acts.

20. Plaintiffs' claims must be dismissed as impermissibly vague, conclusory and fail to plead with requisite specificity.

21. Plaintiffs' claims fail as a matter of law under MCR 2.113(F) and must be dismissed for failure to attach or to identify any of the alleged agreements or contracts which form the basis of their claims.

22. Plaintiffs' damage claims are barred for lack of causation in fact and proximate causation. Plaintiffs' alleged losses were caused by industry innovation, not by the acts of the named forwarding defendants, and – if any losses ever did occur – they would have occurred regardless of whether *these* named forwarders were licensed or not, as other forwarders had licenses and were still operating in the State of Michigan.

23. Plaintiffs' claims are barred because the forwarding defendants were exempt or excused from licensure under MCR. 339.904(2) as they are all based out of State and all of their forwarding business was done via interstate communications.

24. Plaintiffs' claims against the lending defendants are barred, in whole or in part, by the doctrines of law of the case and/or comity as LARA, the reviewing court on appeal, and this Court have all held that only lenders based inside the State of Michigan ("Michigan based clients") were required to hire forwarders licensed in the State of Michigan.

25. Plaintiffs' claims fail as a matter of law, and must be dismissed, because the practice of forwarding was expressly held by this Court, the Court of Appeals and LARA, to not be subject to Occupational Code licensure during the alleged class period of 2004-2010. It was only in 2015 that the Supreme Court reversed all prior precedent to find that forwarding might, under certain circumstances, require licensing, and that was *five years after* the class period ended. The Michigan Legislature then immediately superseded that opinion by amending the Occupational Code to remove the provision relied upon by the Court in its analysis. Thus, any failure to obtain collections licensing by Defendants was done in good faith and without bad faith or malicious intent, and was not done improperly, tortiously, wrongfully, willfully, illegally or unlawfully.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

26. Plaintiffs' claims are barred as moot given that the State Legislature has now amended the Occupational Code and the MRCPA twice to expressly exclude the practice of forwarding from any collections licensing requirements. In doing so, the Legislature has clarified its original intent and mooted Plaintiffs' claims to the contrary.

27. Plaintiffs' claims are barred for lack of case or controversy given that the State Legislature has now amended the Occupational Code and the MRCPA twice to expressly exclude the practice of forwarding from any collections licensing requirements. In doing so, the Legislature has clarified its original intent and divested this Court of any remaining case or controversy to adjudicate.

28. Plaintiffs' claims are barred under public policy given the Michigan State Legislature's clear expression of its intent. This Court must divine, interpret and fulfill the intent of the Legislature, consistent with the Constitution and with public policy. Here it is clear that the Legislature has clarified its intent that forwarding not be subject to licensure, and further countenance of Plaintiffs' claims would violate public policy as expressed through the intent of the legislative amendments.

29. Plaintiffs' claims are barred for violating both substantive and procedural Due Process clauses of the U.S. Constitution. Plaintiffs cannot prevail on their licensing claims as all court decisions and administrative opinions during the class period had found that the forwarders were not required to be licensed. Defendants were entitled to rely on those decisions and opinions and not obtain licenses. Retroactively finding malicious intent or intentional misconduct would thus violate Defendants' Due Process protections guaranteed under the US Constitution.

30. Plaintiffs' claims are barred for violating the Dormant Commerce Clause of the U.S. Constitution which prohibits States from unduly burdening interstate commerce. Requiring out of State forwarders to obtain licenses in Michigan when their work is performed via interstate communications clearly violates the Dormant Commerce Clause's prohibition on such unlawful restraints on interstate commerce.

31. Plaintiffs' claims are barred because the Occupational Code and the MCRPA do not apply extraterritorially, and Plaintiffs cannot establish a violation within Michigan.

32. Plaintiffs lack standing to prosecute claims under the Occupational Code or the MCRPA, as those are debtor/consumer protection statutes designed to protect debtors/consumers from debt collectors, and were never intended as a tool for debt collectors to harass their competition. As such, Plaintiffs' claims must be dismissed.

33. Mr. Badeen similarly lacks standing, individually, to bring any of the contract or intentional tort claims in his complaint, and those claims must be dismissed as to him.

34. Plaintiffs' claims are barred because Plaintiffs are not the real party in interest for alleged violations of the Occupational Code or MCRPA because those are consumer/debtor protection statutes which were never intended as a tool for debt collectors to bring claims against their competitors.

35. Plaintiffs' claims are barred because his damages are entirely speculative.

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

36. Plaintiffs' attorney fee claims are not permissible and are barred by their own misconduct, Defendants' good faith, and by applicable court rules and rules of ethics.

37. Plaintiffs conduct bars their right to recover under any theory of recovery.

38. Plaintiffs' claims are barred, in whole or in part, by the fact that certain Defendants were not in existence during all or part of the class period.

39. Plaintiffs' claims against Renovo Services, LLC are barred, in whole or in part, by the fact that the current entity is not legally responsible for any losses, damages or claims which arose or accrued during the class period.

40. Renovo relies upon the affirmative defenses pled and proven by any other Defendant in this case, and incorporates those affirmative defenses herein by reference.

Renovo reserves the right to amend these affirmative defenses throughout the case.

Respectfully Submitted,

Dated: May 24, 2018

*MORANT LAW PLLC*

/s/Leslie C. Morant

Leslie C. Morant
Counsel for Defendant,
Renovo Services, LLC
146 Monroe Center Ave, NW
Suite 418, McKay Tower
Grand Rapids, MI 49503
616-747-5426
les@morantlawpllc.com

10-004053-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 5/24/2018 4:26 PM Inga Robertson

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2018, I electronically filed the foregoing *Renovo Services, LLC's Answer to Second Amended Complaint with Affirmative Defenses*, with the Clerk of the Court, by selecting E-File and Serve (EFS) through TrueFiling System, which will send notification of such filing to the interested parties.

Respectfully Submitted,

Dated: May 24, 2018

***MORANT LAW PLLC***

/s/Leslie C. Morant

Leslie C. Morant
Counsel for Defendant,
Renovo Services, LLC
146 Monroe Center Ave, NW
Suite 418, McKay Tower
Grand Rapids, MI 49503
616-747-5426
les@morantlawpllc.com