# EXHIBIT B

## THIRD AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs, GEORGE R. BADEEN and MIDWEST RECOVERY AND ADJUSTMENT, INC., proposed representatives of a class, through their attorneys, XUEREB LAW GROUP PC, by Joseph M. Xuereb, for their complaint in this action, state:

1. Plaintiff, George R. Badeen, is the owner of Midwest Recovery and Adjustment, Inc., and is a Michigan licensed collection agency manager, with his principal place of business located in Redford Township, Wayne County.

2. Repossession forwarding servicers are companies who seek out and are hired by Lending Institutions to provide repossession services. Forwarding companies hire smaller, local, contractors to complete the act of repossessing a vehicle.

3. Defendant, PAR, Inc. doing business as PAR North America ("PAR"), is an Indiana corporation, engaged in the business of repossession forwarding services in Michigan.

4. Defendant, Remarketing Solutions, LLC ("Remarketing"), is a Delaware limited liability company engaged in the business of providing repossession forwarding services in Michigan.

5. Defendant, First National Repossessors, Inc. ("First National"), is a Minnesota corporation engaged in the business of providing repossession forwarding services in Michigan.

6. Defendant, MV Connect, LLC doing business as IIA, LLC ("IIA"), is an Illinois limited liability company engaged in business of providing repossession forwarding services in Michigan.

7. Defendant, ASR Nationwide, LLC ("ASR"), is a Florida limited liability company engaged in the business of providing repossession forwarding services in Michigan.

10-004053-CZ  FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  2/6/2019 1:36 PM  Susan Dixson

8. Defendant, TD Auto Finance LLC ("TD"), formerly known as Chrysler Financial Services Americas, LLC, is a Delaware corporation engaged in the business of automobile lending in Michigan.

9. Defendant, Toyota Financial Services doing business as Toyota Motor Credit Corporation ("Toyota Credit"), is a California corporation engaged in the business of automobile lending. in Michigan

10. Defendant, Nissan Motor Acceptance Corporation ("Nissan Acceptance"), is a California corporation engaged in the business of automobile lending in Michigan.

11. Defendant, Santander Consumer USA Inc. ("Santander"), is an Illinois corporation engaged in the business of automobile lending in Michigan.

12. Defendant, PNC Bank, formerly known as National City Bank, ("PNC"), is an Pennsylvania corporation engaged in the business of automobile lending.

13. Defendant, Bank Of America ("Bank of America"), formerly known as Michigan National Bank, Standard Federal Bank, and Lasalle Bank, is a North Carolina company engaged in the business of automobile lending in Michigan.

14. Defendant, Fifth Third Bank ("Fifth Third"), formerly known as Old Kent Financial, is an Ohio company engaged in the business of automobile lending in Michigan.

15. Defendant, Huntington Bancshares Inc. doing business as Huntington Bank ("Huntington"), is an Ohio corporation engaged in the business automobile lending in Michigan.

16. Defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), defendant, American Recovery Service, Inc. ("American"), and defendant, Repossessors, Inc., have previously been defaulted in this action.

17. PAR, Remarketing, First National, IIA, ASR, Renaissance, American, and Repossessors Inc., shall collectively be referred to as the "Forwarding Companies."

18. TD, Toyota Credit, Nissan Acceptance, Santander, PNC, Bank Of America, Fifth Third, and Huntington shall collectively be referred to as the "Lending Institutions."

19. Upon information and belief, all of these repossession forwarding services transact business within the State of Michigan.

20. Therefore, jurisdiction and venue are proper before this court.

## GENERAL ALLEGATIONS

21. Defendant Lending Institutions make secured loans to consumers and businesses, or purchase the secured notes of other lenders ("secured loans").

22. Motor vehicles are the collateral for the secured loans.

23. Historically, defendant Lending Institutions would themselves hire Michigan licensed debt collectors to seize collateral within the state of Michigan in the event of default, on an account by account basis.

24. Defendant Forwarding Companies are large scale organizations doing business on a national level.

25. Defendant Forwarding Companies routinely advertise and approach Lending Institutions to solicit the accounts historically given to Michigan licensed debt collectors.

26. Defendant Lending Institutions now hire defendant Forwarding Companies to collect on and seize motor vehicle collateral.

27. Defendant Forwarding Companies are not and/or have not been licensed by the State of Michigan to collect on debts.

28. Defendant forwarding companies receive orders from defendant Lending Institutions on a consistent basis.

29. Defendant Forwarding Companies then hire local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized. Michigan licensed debt collectors are paid less money than they would pay when directly hired by defendant Lending Institutions when they are hired by defendant Forwarding Companies.

30. Pursuant to the Occupational Code Article on debt collection, at the time of inception of this case a collection agency was defined as "[a] person ***directly or indirectly engaged in soliciting a claim for collection*** or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement." (Emphasis added.) MCL 339.901(b).

31. Pursuant to the Occupational Code Article on practicing a regulated occupation, "[a] person ***shall not engage in or attempt to engage in*** the practice of an occupation regulated under this act…" (Emphasis added.) MCL 339.601(1).

32. Pursuant to the Regulation of Collection Practices Act, a "'Regulated person' means a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including the following:

   i. A regular employee when collecting accounts for 1 employer if the collection efforts are carried on in the name of the employer
   ii. A state or federally chartered bank when collecting its own claim.
   iii. A trust company when collecting its own claim.
   iv. A state or federally chartered savings and loan association when collecting its own claim.
   v. A state or federally chartered credit union when collecting its own claim.
   vi. A licensee under Act No. 21 of the Public Acts of 1939, as amended, being sections 493.1 to 493.26 of the Michigan Compiled Laws.

      vii.    A business licensed by the state under a regulatory act by which collection activity is regulated.
     viii.    An abstract company doing an escrow business.
      ix.    A licensed real estate broker or salesperson if the claim being handled by the broker or salesperson is related to or in connection with the broker or salesperson's real estate business.
      x.    A public officer or a person acting under court order.
      xi.    An attorney handling claims and collections on behalf of a client and in the attorney's own name.

MCL 445.251.

33. Pursuant to the Regulation of Collection Practices Act, ""A regulated person shall not…(s) [employ] a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan compiled laws, to collect a claim unless that person is licensed…" MCL 445.252(s).

## COUNT I – CLASS ACTION

34. Plaintiff realleges the allegations contained in paragraphs 1 through 33, above.

35. George Badeen and Midwest Recovery and Adjustment, Inc., are the proposed representative of a class ("Badeen").

36. Badeen, through this class, would represent the rights and interests of every automobile repossession agency or owner who held a license as a debt collector in the State of Michigan during the last 6 years.

37. Upon information and belief, this class would represent approximately 180 agencies and owners.

38. Each member of the class has claims or defenses similar to Badeen's against the repossession Forwarding Companies and Lending Institutions that used them.

39. Badeen is able to fairly and adequately assert and protect the interests of the class because, in his capacity as a license holder, he is both a member of the Collection

Practices Board of Michigan and nationally recognized as an advocate for repossessors through his work on the boards of several national repossessor trade organizations.

40. Each member of the class has been damaged similar to Badeen in that their business has suffered damages by repossession Forwarding Companies and Lending Institutions that contracted them.

41. A class action would be the superior method of adjudicating the claims of all of the potential plaintiffs proposed in this class due to the costs and judicial burden of so many individual claims.

THEREFORE, plaintiff requests this court enter an order certifying this action as a class action on behalf of the proposed class.

## COUNT II – CIVIL CONSPIRACY

42. Plaintiff realleges the allegations contained in 1 through 41, above.

43. Defendant Forwarding Companies and defendant Lending Institutions acted in concert to violate the Occupational Code.

44. In the alternative, defendant Forwarding Companies and defendant Lending Institutions have acted in concert to repossess motor vehicles in violation of the Occupational Code.

45. Violation of the Occupational Code is a criminal and/or unlawful act, and/or unlawful means.

46. Defendant's civil conspiracy has caused Badeen and other class members damages.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

### COUNT III – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION

47. Plaintiff realleges the allegations contained in paragraphs 1 through 46, above.

48. Badeen and other class members had valid business relationships or expectancies with defendant Lending Institutions.

49. Defendant Forwarding Companies had actual knowledge of those business relations or expectancies.

50. Defendant Forwarding Companies intentionally interfered with plaintiffs' business relations and expectancies with their customers.

51. Defendant Forwarding Companies actions have resulted in plaintiffs' customers terminating and/or breaching their business relationship or expectancy with them.

52. Defendant Forwarding Companies actions in soliciting debt collection and asset repossession work were wrongful because it violated the Occupational Code.

53. As a result, plaintiffs have been damaged because their contracts were terminated or were not renewed.

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment in favor of the class in an amount not less than $25,000.00, plus interest, costs and attorney fees.

### COUNT IV - INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT

54. Plaintiff realleges the allegations contained in paragraphs 1 through 53, above.

55. Plaintiffs had valid contracts with defendant Lending Institutions.

56. Plaintiffs' customers terminated and/or breached their contracts with George.

57. Defendant Forwarding Companies induced and/or influenced plaintiffs' customers to breach and/or terminate their contracts with them without justification.

58. Plaintiffs have been damaged by the defendants' wrongful actions.

THEREFORE, plaintiff, on behalf of himself and the class, request this court enter a judgment in their favor in an amount not less than $25,000.00, plus interest, costs and attorney fees.

### COUNT V – MCL 339.901 *et seq.*

59. Plaintiffs reallege the allegations contained in paragraphs 1 through 58, above.

60. Defendant Forwarding Companies have used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

61. Defendant Forwarding Companies have willfully used a method, act, and/or practice in violation of the Occupational Code and the rules promulgated pursuant to it.

62. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they request this court enter a judgment for treble damages and statutory attorneys fees.

### COUNT VI – MCL 445.251 *et seq.*

63. Plaintiffs reallege the allegations contained in paragraphs 1 through 62, above.

64. Defendant Lending Institutions have used a method, act, and/or practice in violation of Regulation of Collection Practices Act.

10-004053-CZ  FILED  IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  2/6/2019 1:36 PM  Susan Dixson

65. Defendant Lending Institutions have willfully used a method, act, and/or practice in violation of the Regulation of Collection Practices Act.

66. Plaintiffs have suffered injury, loss, and/or damages as a result of the Forwarding Company's methods, acts, and/or violations.

THEREFORE, plaintiffs, on behalf of themselves and the class, request this court enter a judgment in their favor against the defendants in an amount not less than $25,000.00, plus interest, costs, and attorney's fees, and if this court finds defendant's actions willful, they requests this court enter a judgment for treble damages and statutory attorneys fees.

**[SPACE INTENTIONALLY LEFT BLANK]**

THEREFORE, plaintiff, on behalf of himself and the class, requests this court enter a judgment against the defendant Forwarding Companies in an amount not less than $25,000.00, plus interest, costs and attorneys' fees.

**XUEREB LAW GROUP PC**

By:_____
Joseph M. Xuereb (P40124)
XUEREB LAW GROUP PC
Attorneys for Plaintiffs
7752 N. Canton Center Rd., Suite 110
Canton, MI  48187-1328
(734) 455-2000

Dated:  January 31, 2019

## RELIANCE UPON JURY DEMAND

Plaintiff, GEORGE R. BADEEN, through his attorneys, XUEREB LAW GROUP PC, by Joseph M. Xuereb, relies upon his previous jury demand in this action.

Respectfully submitted,

**XUEREB LAW GROUP PC**

By_____
Joseph M. Xuereb (P40124)
XUEREB LAW GROUP PC
Attorneys for Plaintiffs
7752 Canton Center Rd.
Suite 110
Canton, MI 48187
(734) 455-2000

Dated: January 31, 2019