UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE BADEEN, et al.,

    Plaintiffs,

v.

PAR, INC., d/b/a PAR North
America, et al.,

    Defendants.

_____/

Case No. 19-10532
Honorable Victoria A. Roberts

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION BUT GRANTING MOTION FOR STAY PENDING APPEAL [ECF No. 56]**

**I.   INTRODUCTION**

On March 31, 2020, the Court entered an order remanding this case to state court.

Defendants filed a motion for reconsideration or stay of the Court's remand order. The motion is fully briefed.

Defendants' motion is GRANTED IN PART and DENIED IN PART. The Court **DENIES** the motion for reconsideration but **GRANTS** their motion for stay pending appeal.

## II.     DISCUSSION

### A.     Jurisdiction

Normally, a remand order based on the absence of subject matter jurisdiction is not reviewable. *See* 28 U.S.C. § 1447(d). However, Congress expressly authorized federal appellate courts to accept an appeal from a remand order under the Class Action Fairness Act ("CAFA") "notwithstanding section 1447(d)." 28 U.S.C. § 1453(c).

Courts interpret "the CAFA exception to provide continuing jurisdiction to reopen a previously remanded case." *Perez-Reyes v. Nat'l Distribution Centers, LLC*, 2018 WL 7077183, at *2 (C.D. Cal. Feb. 8, 2018) (exercising jurisdiction to decide a motion to reconsider a remand order); *Wingo v. State Farm Fire & Cas. Co.*, 2013 WL 3872199, at *2 (W.D. Mo. July 25, 2013) (exercising jurisdiction over a motion to reconsider a remand order); *see also Zielinski v. First Nat'l Ins. Co. of Am.*, 2020 WL 2507993, at *1 (W.D. Wash. May 15, 2020) (exercising jurisdiction over a motion to stay); *Manier v. Medtech Prods., Inc.*, 2014 WL 2919204, at *1 (S.D. Cal. June 26, 2014) (same).

The Court concludes it has jurisdiction to consider Defendants' motion for reconsideration or stay.

**B.  Motion for Reconsideration**

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." In pertinent part, Local Rule 7.1(h)(3) provides that:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010).

"[A] motion for reconsideration is not an appropriate vehicle for raising new facts or arguments." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). Indeed, motions for reconsideration do not permit

"the losing party to attempt to supplement the record with previously available evidence" or "raise new legal theories that should have been raised earlier." *Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010). *See also Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 Fed. Appx. 473, 476 (6th Cir. 2014) ("It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.' Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." (citation omitted)); *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) (motions for reconsideration "are aimed at *re* consideration, not initial consideration" (citation omitted)).

Defendants make several arguments in support of their motion for reconsideration. However, none of Defendants' arguments demonstrates a palpable defect by which the Court and the parties have been misled. Nor do they demonstrate any correction would result in a different disposition of the case.

Although it is unnecessary to address all arguments Defendants raise in their motion for reconsideration, the Court does address two arguments not addressed in the Court's order remanding the case.

The first argument is that Plaintiffs' open letter is insufficient evidence of removability under the applicable standards as of July 2014. Defendants did not raise this argument in their briefing before the Court remanded the case; thus, it is improper. *See Bank of Ann Arbor*, 563 Fed. Appx. at 476.

Defendants' other argument that the Court addresses is that the Court failed to address their argument that Plaintiffs' motion for remand was untimely. Defendants are correct that the Court did not address this argument; the Court believes it to be meritless. Due to a stay order and a subsequent order entered by the Court, Plaintiffs were prevented from filing a remand order earlier. Once the Court lifted the stay order and settlement attempts failed, Plaintiffs filed their motion for remand in a timely manner and in compliance with Court orders.

The Court DENIES Defendants' motion for reconsideration.

**C.    Motion for Stay Pending Appeal**

In deciding a motion to stay pending appeal, the Court considers four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party

5

> will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*SEIU Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam) (citation omitted). The factors are "interrelated considerations that must be balanced together." *Id.*

Although the Court finds that Defendants do not have a strong likelihood to prevail on the merits of the appeal, it finds that balancing the factors weighs in favor of a stay.

Section 1453(c) encourages federal appellate courts to adjudicate reviews of CAFA remand orders in an expedited manner – typically within 60 days of the date the appeal was filed. *See* 28 U.S.C. § 1453(c)(2) ("If the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3).").

This case has been pending for over ten years. In the scheme of things, staying the litigation for two months for the outcome of this appeal will cause minimal – if any – harm to Plaintiffs. On the other hand, requiring the parties to continue to litigate in state court could cause irreparable harm to all the parties if the Court of Appeals finds this Court

has jurisdiction. The parties would incur unnecessary expenses and have no way to recover them. Moreover, a stay advances the public interest by avoiding the risk that judicial resources of the state courts be wasted.

Because balancing the factors weighs in favor of a stay, the Court GRANTS Defendants' motion for stay pending appeal.

## III. CONCLUSION

The Court **DENIES** Defendants' motion for reconsideration and **GRANTS** Defendants' motion for stay pending appeal.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: May 21, 2020